## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01828-SEB-MG |
| | ) | |
| BUTLER UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

Comes now Plaintiff John Doe (hereinafter referred to as "Plaintiff" or "John Doe" or "Doe"), by his attorneys Saeed & Little, LLP and Nesenoff & Miltenberg, LLP, and hereby seeks authorization to file a Complaint in the above-captioned matter as a pseudonymous plaintiff. In light of the nature of the allegations contained in the Complaint, Plaintiff is justifiably concerned about the potential irreparable harm that could further prevent him from proceeding with his future endeavors. Plaintiff's identity as described in the Complaint should not be disclosed to the public due to the nature of the allegations in said Complaint against Defendant Butler University. The sensitive nature of the allegations are provided in the Declaration of Andrew T. Miltenberg, Esq. ("Miltenberg Decl.").

In accordance with S.D. Ind. L.R. 10-1, Plaintiff has filed under seal a Notice of Intention to Seek Leave to Proceed Under Pseudonym.

## STATEMENT OF FACTS

The statement of facts pertinent to this motion is provided in the simultaneously filed Complaint and the attached Declaration, which details the miscarriage of justice committed against Plaintiff by the Defendant. The actions or inaction of the Defendant ultimately resulted in Plaintiff suffering months of anguish by allowing a lengthy investigation to proceed despite its knowledge that claims of sexual misconduct, initiated by other students after Plaintiff revealed himself to be gay, were baseless and false. Plaintiff is still a student at Butler University and is in fear of retribution and further bullying by the students, who were not disciplined by the school for filing the false claims, or for subjecting Plaintiff to bullying or harassment. These facts, it is respectfully submitted, satisfy the legal criteria for filing and proceeding under a pseudonym.

## ARGUMENT

**I.      The Legal Standard for Permitting a Party to Proceed Under a Pseudonym.**

Many federal courts have permitted parties to proceed anonymously when special circumstances arise. Generally, in determining whether to permit a party to proceed anonymously, a court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Plaintiffs I Thru XXIII v. Advanced Textile Corp.,* 214 F. 3d 1058, 1068 (9th Cir. 2000).

At the outset, it should be acknowledged that the Seventh Circuit has stated that "[t]he use of fictious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). However, the Court has also recognized that a party may be permitted to proceed anonymously:

> Notwithstanding the powerful presumption in favor of open proceedings where the parties are identified, the federal courts of appeal and a number of district courts have recognized that a district court may have the discretion to permit a party to proceed under a fictitious name. This unusual practice has been permitted in exceptional cases where the party has a privacy right so substantial as to outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *[Doe v.] Frank*, 951 F.2d [320] at 323 [11th Cir. 1992], quoting *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir.1981). See, e.g., *James v. Jacobson,* 6 F.3d 233, 238–39 (4th Cir.1993); *Coe v. United States Dist. Ct. for the Dist. of Colo.,* 676 F.2d 411, 418 (10th Cir.1982); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir.1979); *Doe v. Shakur,* 164 F.R.D. 359, 360 (S.D.N.Y.1996); *Doe v. Bell Atlantic Business Sys. Servs., Inc.,* 162 F.R.D. 418, 420 (D.Mass.1995). The Supreme Court appears not to have ruled specifically on the practice or its compatibility with Fed.R.Civ.P. 10, but it has implicitly permitted the use of fictitious names in a number of cases. E.g., *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), *overruled on other grounds by Dobbs v. Jackson Women's Health Organization*, 142 S.Ct. 2228 (2022) ; *Doe v. Bolton,* 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973). All courts recognize, however, that proceeding under a fictitious name is an unusual measure reserved for exceptional cases.

*Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. 137, 139 (S.D. Ind. 1996). Additionally, the Seventh Circuit articulated that "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party seeking to proceed under a pseudonym]…exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

Courts have carved out limited exceptions supporting a strong interest in proceeding anonymously where the disclosure of matters of a sensitive and highly personal nature (such as homosexuality) poses a risk to a plaintiff's personal safety. *See Doe v. Gray*, 2020 WL 1545887 (N.D. Indiana, April 1, 2020); *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768 at *2 (N.D. Ill. Aug 27, 2012); *Doe v. Neverson*, 820 F. App'x 984 (11th Cir. 2020); *Doe v. Blue Cross & Blue Shield of Rode Island*, 794 F. Supp. 72, 75 (D.R.I. 1992); *Doe v. Rostker*, 89 F.R.D. 158 (N.D.Cal. 1981) (holding that homosexuality presents significant social stigma warranting pseudonymous

status). In evaluating claims of social stigma, the Seventh Circuit holds that a plaintiff must show that the harm from disclosure "exceeds the likely harm from concealment." See, *Doe v. Gray*, 2020 WL 1545887 at *2, *citing*, *Doe v. City of Chicago*, 360 F.3d 667 (7th Cir. 2004).

Recently, the First Circuit reversed the District Court's decision, ultimately permitting the plaintiff to proceed under a pseudonym. *Doe v. Mass. Inst. of Tech.,* -- F.4th --, 2022 WL 3646028 (1st Cir. Aug. 24, 2022). Notably, the First Circuit outlined "four general categories of exceptional cases in which party anonymity ordinarily will be warranted[,]" which include the following: (i) the revelation of the identity of the party seeking pseudonym treatment would cause severe harm; (ii) innocent non-parties would be harmed by the identification of the party seeking anonymity; (iii) the lack of anonymity would have a chilling effect on similarly situated potential future litigants; and (iv) whether an underlying proceeding to the litigation received confidential treatment, notably with school disciplinary proceedings, as the "public has an abiding interest in ensuring that the values underpinning the confidentiality protections imposed by FERPA and Title IX are not subverted by collateral attacks in federal court." *Id.* at 7-10, 12.

## II. The Seventh Circuit Factors for Determining the Applicability of Pseudonym Status.

While the Seventh Circuit has not formulated a test to determine whether pseudonym status should be granted, the Court has articulated several factors to consider whether a "[p]laintiff's interest in privacy is so significant as to outweigh the strong presumption favoring public identification of litigants." *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. At 140. These factors include, but are not limited to:

> "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether

>the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced."

*Id.* (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)); *see also Doe v. City of Indianapolis*, No. 1:12-CV-62, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) (citing *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. at 140). The Court also turned to the Eleventh Circuit, which instructed that:

>"a judge presented with a request to proceed under a fictitious name should carefully review *all* the circumstances of the given case and then decide 'whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.' Against the backdrop of the presumption in favor of public disclosure, therefore, the court will review and then evaluate the nature of plaintiff's claims, his asserted need for privacy, and the defendants' interests in public disclosure of the plaintiff's name."

*Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. at 140 (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)) (emphasis added); *see also Doe v. Purdue Univ.,* 321 F.R.D. 339, 341 (N.D. Ind. 2017). As outlined below, applying this framework to the instant matter, Plaintiff John Doe here should be permitted to proceed under a pseudonym.

**1. Pseudonym Status is not Barred in Suits against Private Entities.**

While Plaintiff is not challenging a governmental agency, Courts in the Seventh Circuit have allowed pseudonym protection in lawsuits against private entities where the subject matter of the suit concerns social stigma.  See, *Doe v. Butler University*, Case 1:16-cv-01266, Document 9 (S.D. Ind. June 29, 2016) (finding pseudonym protection warranted on the basis that "a person's 'sexual history and practices are among the most intimate aspects of a person's life'", *citing to* Adam A. Milani, *Doe v. Roe: An Argument for Defendant Anonymity When a Pseudonymous Plaintiff Alleges a Stigmatizing Intentional Tort*, 41 Wayne L. Rev. 1659, 1712 (1995).  As there is no bar to pseudonym protection in suits against private colleges, this factor should be neutrally weighed.

5

## 2. The Litigation Involves Highly Sensitive Information

The second factor highlighted in *Doe v. Indiana Black Expo, Inc.* weighs in favor of allowing Plaintiff to proceed pseudonymously as the details discussed are of a highly sensitive and personal nature. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. at 140.

As previously noted in section I of this motion, Courts in this jurisdiction and elsewhere have determined homosexuality to be a highly sensitive matter which qualifies for pseudonym protection.  See *Doe v. Gray*, 2020 WL 1545887 (N.D. Indiana, April 1, 2020); *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768 at *2; *Doe v. Neverson*, 820 F. App'x 984; *Doe v. Blue Cross & Blue Shield of Rode Island*, 794 F. Supp. at 75; *Doe v. Rostker*, 89 F.R.D. 158.

Here, Plaintiff suffered extensive bullying and hostility by other students, who he thought were his friends, at Butler University after he "came out" to them as gay.  The facts of this case, particularly those facts concerning Plaintiff's sexual orientation which will be discussed throughout this litigation as the underlying basis for Plaintiff's breach of contract claim against Butler University for failing to protect Plaintiff from harassment and bullying by other students, are highly sensitive and factor in favor of pseudonym protection.

## 3. The Plaintiff Would Suffer Immense Injury from the Disclosure of His Identity

The third factor in *Doe v. Indiana Black Expo, Inc.* to consider in determining whether to grant pseudonym status is whether the plaintiff would risk suffering significant harm if identified. 923 F. Supp. at 140.  Here, the revelation of Plaintiff's identity would result in immense injury, the same kind of injury that Plaintiff endured for months at the hands of other students, and for which he was not given any protection by Butler University.

Plaintiff is still a student at Butler University. Forcing him to identify himself, particularly given the highly sensitive nature that underlies this lawsuit, may result in further bullying, harassment and retaliation by the same or other Butler University students.

Given these facts, particularly the likely harm to Plaintiff if forced to disclose his identity, this factor highly weighs in Plaintiff's favor. Therefore, Plaintiff should be permitted to proceed under a pseudonym.

### 4. The Defendants Would Not Be Prejudiced by the Use of a Pseudonym

The fourth and final factor recognized in *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. at 140, examines whether a defendant would be prejudiced by the use of a pseudonym. Here, Plaintiff should be permitted to proceed pseudonymously as the Defendant would not be prejudiced in any way by the use of a pseudonym.

Defendant is already aware of Plaintiff's true identity. Thus, there is no doubt that Defendant will have an unobstructed opportunity to conduct discovery, present its defenses and litigate this matter, regardless of whether Plaintiff identifies himself in court papers or proceeds under a pseudonym. Accordingly, Plaintiff should be permitted to proceed anonymously in the present action, as revealing his name will be detrimental to Plaintiff's well-being, while proceeding anonymously will not hinder the Defendant in any way.

### III.    Additional Considerations

Plaintiff should also be permitted to proceed anonymously because the public's interest in this matter would not be furthered by disclosing Plaintiff's identity. As one Court observed, "[o]ther than the need to make redactions and take measures not to disclose plaintiff's identity, Defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *See Doe No. 2 v. Kolko,* 242 F.R.D. 193, 195 (E.D.N.Y. 2006). Further, the public's

knowledge will only be minimally restricted because the public will still be well aware of what is alleged to have occurred, including the flawed process offered by the University which failed to provide protections implicitly and expressly promised to its students.

Separately, in the present matter there are numerous individuals that will likely be referred to pseudonymously or not at all by any name due to the fact that they are non-parties to the litigation and to ensure little to no impact upon them as a result of this action. The difficulty in allowing non-parties to remain anonymous while Plaintiff's identity is revealed warrants the continued use of a pseudonym. These non-party individuals include: the students who harassed and bullied Plaintiff and used Butler University to further their goal of harassing Plaintiff. These individuals are referred to pseudonymously or not by any name at all to ensure their identities remain protected during this action. Should Plaintiff's identity be revealed, it would easily lead to discovery of the identities of the individuals noted above. Similarly, it would be impractical, and time consuming, to require Plaintiff here to disclose his identity, while allowing the numerous involved individuals to remain anonymous.

Based on the foregoing and in consideration of the totality of the circumstances supporting anonymity, the Court should allow Plaintiff to employ a pseudonym in this matter. The interests of the Defendant and/or the public will not be harmed if Plaintiff's name is not revealed and there will be little to no impact upon non-parties in this action.

## **CONCLUSION**

For these reasons and such other reasons as may appear just to the Court, Plaintiff requests that his Motion to Proceed Under a Pseudonym be granted in its entirety.

Respectfully submitted,

SAEED & LITTLE, LLP
*Attorneys for Plaintiff John Doe*

s/ *Jonathan Little*
Jonathan Little, No. 27421-49
133 W. Market Street #189
Indianapolis, Indiana 46204
(317) 721-9214
jon@sllawfirm.com

-and-

NESENOFF & MILTENBERG, LLP
*Attorneys for Plaintiff John Doe*

s/ *Andrew T. Miltenberg*
Andrew T. Miltenberg, Esq.
Stuart Bernstein, Esq.
Kristen Mohr, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
kmohr@nmllplaw.com

CERTIFICATE OF SERVICE

I certify that the foregoing was filed using the Court's CM/ECF system on the date electronically stamped in the header. Pursuant to S.D. Ind. L.R. 10-1(c), this document will be served on the opposing party within 7 days of the opposing party's appearance.

s/ *Jonathan Little*
Jonathan Little