UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN DOE,

        Plaintiff,

v.

                                             Case No:  1:22-cv-01828-SEB-MG

BUTLER UNIVERSITY,

        Defendant.

**BRIEF IN SUPPORT OF OBJECTION TO PLAINTIFF'S
MOTION TO PROCEED UNDER PSEUDONYM**

Within the time permitted by Local Rule 10-1[1], Defendant Butler University, by counsel, files its objection to Plaintiff proceeding in this matter under a pseudonym. Under principles of judicial openness, a party may not proceed anonymously in federal court absent exceptional circumstances regarding the Plaintiff's privacy. No such circumstances exist in this case, and as such, Plaintiff's motion should be denied.

Pursuant to Fed. R. Civ. P. 17(a)(1), an action must be prosecuted in the name of the real party in interest. Additionally, the principle of judicial openness requires that information about who is using public tax dollars to access the judicial system is open to the public. Only where exceptional circumstances exist may a party proceed under a pseudonym, and no such exceptional circumstances are present in this matter. Plaintiff had the burden of proof to show that that the particulars of his case "outweigh[] the ordinary presumption of judicial openness" and justify the extraordinary remedy of allowing the party to proceed anonymously. *Doe v. Trustees of Indiana*

---

[1] Local Rule 10-1 provides, "any objection to the motion [to proceed under a pseudonym] must be filed by the opposing party within 21 days of the party's appearance." Counsel for Defendant file their Appearances on September 20. Twenty-one days from September 20 is October 11. This Objection is filed 5 days in advance of the filing deadline.

1

*Univ.,* No. 1:21-CV-02903 JRS-MJD, 2022 WL 36485, at *2–3 (S.D. Ind. Jan. 3, 2022) (quoting *Doe v. Cook County*, 542 F.Supp.3d 779, 2021 WL 2258313, at *3 (N.D. Ill. June 3, 2021)). Plaintiff has not met that burden here. Therefore, Plaintiff is not entitled to proceed in this matter anonymously.

### I. APPLICABLE LAW

Federal Rule of Civil Procedure 17 provides that civil actions must be prosecuted in the name of the real party in interest. *See* Fed. R. Civ. P. 17; *Doe v. Purdue Univ.,* No. 4:18-CV-89-JEM, 2019 WL 1757899, at *1–2 (N.D. Ind. Apr. 18, 2019). While certain privacy interests sometimes justify the use of pseudonyms, this is not true in "most cases." *Coe v. Cnty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998). A departure from this rule is justified only in cases where "exceptional circumstances" exist. *Id.* at *1. The Court has an "independent duty to determine whether exceptional circumstances exist to justify a departure from the typical method of proceeding under a party's real name. *R.N. by & through R.T. v. Franklin Cmty. Sch. Corp.,* No. 1:19-CV-01922 MJD-TWP, 2019 WL 4305748, at *1 (S.D. Ind. Sept. 11, 2019) (internal quotations omitted).

Courts in the Southern District of Indiana consider six factors, first articulated by New York's Eastern District, for determining whether exceptional circumstances justify allowing a party to proceed anonymously. As relevant in this case, these factors include the following:

(1) whether the plaintiff is challenging governmental activity or an individual's actions;

(2) whether the plaintiff's action requires disclosure of information of the utmost intimacy;

(3) whether identification would put the plaintiff at risk of suffering physical or mental injury;

(4) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and

> (5) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Franklin Cmty. Sch. Corp.,* 2019 WL 4305748, at *1–2 (citing *EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)). The factors are neither a strict test nor exhaustive, and discretion when applying them "lies with the district court." *Id.* (citing *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997)). The party seeking to proceed anonymously "bears the burden of proof to show that some combination of [the] factors outweighs the ordinary presumption of judicial openness, justifying the exercise of the Court's discretion." *Doe v. Trustees of Indiana Univ.,* No. 1:21-CV-02903 JRS-MJD, 2022 WL 36485, at *2–3 (S.D. Ind. Jan. 3, 2022) (quoting *Doe v. Cook County*, 542 F.Supp.3d 779, 2021 WL 2258313, at *3 (N.D. Ill. June 3, 2021)).

## II. ARGUMENT

No exceptional circumstances exist to justify allowing Plaintiff to proceed anonymously in this litigation. Plaintiff's allegations do not involve any highly personal or sensitive information. This is a lawsuit premised on a breach of contract and unjust enrichment. The factual basis consists of Plaintiff's claims that Defendant did not comply with its Title IX and disciplinary procedures when investigating an allegation of stalking. Plaintiff's intimate activities are not at issue. There are no exceptional circumstances in this case that outweigh the presumption of judicial openness; as such, Plaintiff is not entitled to proceed under a pseudonym.

**1. Plaintiff is not challenging a governmental entity.**

Factor (1) above weighs against Plaintiff proceeding under a pseudonym, because he is not challenging a governmental entity. When a plaintiff attacks a governmental entity, the first factor will weigh in favor of the plaintiff, "in part because 'the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant.'" *Trustees of Indiana Univ.,* 2022 WL 1266383, at *2. Here, Defendant is a

3

private institution with its own reputation to uphold. Therefore, the first factor does not weigh in favor of the Plaintiff.

2. **Plaintiff's cause of action does not require disclosure of information of the "utmost intimacy."**

Where the issues underlying a case "involve matters of a sensitive and highly personal nature," the Seventh Circuit has permitted "particularly vulnerable" plaintiffs, such as children, to remain anonymous in the proceedings. *Franklin Cmty. Sch. Corp*, 2019 WL 4305748, at *3 (citing *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). "[T]he types of personal intimate information justifying anonymity for litigating parties have typically involved such intimate personal matters as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families, as well as allegations concerning sexual relationships and sexual assault and religious beliefs." *Bd. of Trustees of Indiana Univ.,* 2022 WL 1266383, at *3 (internal citations and quotations omitted).

Plaintiff brings a claim for breach of contract, alleging the Defendant failed to follow its own policies when investigating a stalking complaint against the Plaintiff. Plaintiff's *Motion to Proceed Under Pseudonym* highlights Plaintiff's homosexuality as the primary basis for not using Plaintiff's name in the litigation, but Plaintiff's sexual orientation is neither relevant nor material to this case. Plaintiff's Complaint for Damages mentions Plaintiff's sexual orientation just once in alleging the factual and legal issues of his case. And that reference to his sexuality shows it is not a personal, intimate detail that Plaintiff has kept hidden. In paragraph 28 of his Complaint, Plaintiff asserts that he came out to his friend group as gay in late September 2020, after which he felt uncomfortable at his fraternity and spent more time in a dorm suite occupied by five members of a friend group, including J.F.

4

Despite accounting the events leading to and comprising the University's investigation of J.F.'s stalking complaint in excessive detail, in 100 paragraphs of factual allegations, Plaintiff does not allege any causal relationship between his homosexuality and J.F.'s stalking complaint or the University's alleged breach of contract. Attorney Miltenberg's "Declaration" in support of Plaintiff's *Motion to Proceed Under Pseudonym* is inadequate to support Plaintiff's request; Mr. Miltenberg cannot speak from personal knowledge about Plaintiff's experiences at the University, the University's knowledge of the alleged falsity of J.F.'s allegations, or Plaintiff's purported fears for the future if he is named in this lawsuit.

Moreover, the cases cited by the Plaintiff in support of his Motion to Proceed Under Pseudonym do not support Plaintiff's statement that "Courts in this jurisdiction and elsewhere have determined homosexuality to be a highly sensitive matter which qualifies for pseudonym protection." First, in *Doe v. Gray*, 2020 WL 1545887 (N.D. Indiana, Apr. 1, 2020), which is unreported, the court *denied*, without prejudice, a transgender plaintiff's motion to proceed under a pseudonym. The court determined that the plaintiff's status as transgender, along with only general allegations of possible future harm to the plaintiff and no evidence of past retaliation, was not enough to outweigh the public's interest in all proceedings before the court. *Id.* at *2. The court permitted the plaintiff to file a renewed motion with instructions to "acknowledge the presumption against anonymity and show that the harm to Plaintiff John Doe 'exceeds the likely harm from concealment.'" *Id.* (citing *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)).

In *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768 (N.D. Ill., Aug. 27, 2012), also unreported, the party seeking to proceed anonymously was a defendant, was not homosexual, and was alleged by the plaintiff to have illegally downloaded a pornographic movie. The court determined that because the defendant had *not* purposely availed himself of the court, and because

the plaintiff could use public disclosure of the defendant's identity as leverage to force a settlement, allowing the defendant to proceed under a pseudonym was appropriate. *Id.* at *5-6. Two cases cited by the Plaintiff, *Noe v. Neverson*, 820 Fed. Appx. 984 (11th Cir. 2020), and *Doe v. Rostker*, 89 F.R.D. 158 (N.D. Calif., Feb. 10, 1981), never address the respective plaintiffs' sexual orientations. In fact, the *Rostker* court held that the plaintiff in that case was *not* entitled to proceed anonymously. 89 F.R.D. at 162-63.

Finally, *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F.Supp. 72 (D.R.I., Jul. 6, 1992), was decided more than thirty (30) years ago and involved a transsexual plaintiff's allegations that his insurance company wrongfully refused to cover medical expenses incurred in his sex change. The court relied heavily on public attitudes toward transsexuality and homosexuality, which, at that time, were certain to result in social stigmatization to the plaintiff if his identity were revealed. *Id.* at 73-74. In 2022, public attitude toward homosexuality has changed dramatically, particularly among young people on college campuses.

While Defendant acknowledges that Seventh Circuit courts have quoted or cited cases that include "homosexuality" in a list of sensitive, private information which may justify use of a pseudonym, Plaintiff has cited no authority for the proposition that homosexuality <u>alone</u> suffices as a basis for proceeding anonymously—particularly where the plaintiff's sexual orientation is not relevant to the case, will not aid in determination of any material issues, and need not be disclosed at all in court proceedings to litigate the case. There is no legal support for the position that a Plaintiff's homosexuality alone is sufficient for a plaintiff to proceed anonymously. In fact such a suggestion is contrary to the "presumption against anonymity" *Doe v. Gray*, 2020 WL 1545887 (N.D. Indiana, Apr. 1, 2020) (citing *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)).

None of the cited cases support Plaintiff's position that he should be permitted to proceed under a pseudonym. Plaintiff has not met his burden of proof to overcome the presumption against anonymity.

3. **Plaintiff has not demonstrated that he is at risk of suffering emotional or physical injury if he cannot proceed anonymously.**

There is no evidence that disclosure of Plaintiff's name in this case would place him at risk of suffering emotional or physical injury. "A mere potential for retaliation, without more, is not enough to justify an extraordinary departure from public norms." *In re Boeing 737 MAX Pilots Litig.*, 2020 WL 247404, at *3 (N.D. Ill. Jan. 16, 2020). "To demonstrate retaliatory harm, plaintiffs must generally provide evidence that psychological damage or violent threats are anticipated if a party's identity is disclosed." *Cook County*, 542 F.Supp.3d at 785 (internal quotations omitted); *Doe v. Marvel*, No. 1:10-CV-1316-JMS-DML, 2010 WL 5099346, at *2 (S.D. Ind. Dec. 8, 2010)). Here, Plaintiff has asserted only that revelation of his identity would result in the same type of injury he has already endured at the hands of Butler students—i.e., bullying, harassment, and retaliation. Plaintiff does not provide any basis for this assertion. Plaintiff's own account of his interactions with his former friend group indicate the students in that group "disliked him and found him annoying." Complaint, ¶ 61. Additionally, the students did not like that he was in their suite all the time, came over without asking first, stayed late, and left his personal items. Complaint ¶ 52. There is no evidence that simple disclosure of Plaintiff's name in this lawsuit would subject Plaintiff to the same treatment from the same or other Butler students.

Additionally, with regard to the allegations of stalking levied against the Plaintiff, the investigation underlying Plaintiff's allegations was concluded in Plaintiff's favor. Any individual who would potentially learn about the investigation and Plaintiff's identity through this litigation

would also learn that the complaint against him was unsubstantiated. Although Plaintiff might have concerns of potential embarrassment because of being subject to such an investigation, "courts have generally rejected attempts to proceed under fictitious names based solely on such concerns." *Bd. of Trustees of Indiana Univ.*, 2022 WL 1266383, at *3 (quoting *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 142 (S.D. Ind. 1996)); *see also County of Cook*, 162 F.3d at 498 ("the embarrassment felt by a person who [allegedly] engages in immoral or irresponsible conduct is not a compelling basis for a waiver of the general rule that parties to federal litigation must litigate under their real names").

### 4. Allowing Plaintiff to proceed under a pseudonym would be prejudicial to the Defendant.

The fourth factor, addressing whether prejudice to a defendant would result from allowing a plaintiff to proceed anonymously, also weighs against the Plaintiff. When considering the question of prejudice, courts consider "the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as the fundamental fairness of proceeding in this manner." *Bd. of Trustees of Indiana Univ.*, 2022 WL 1266383, at *3 (quoting *New York Blood Center*, 213 F.R.D. at 111).

The Defendant is a private university that relies primarily on tuition income and donor funds to operate. It would be prejudicial and contrary to the principles of fairness to allow the Plaintiff to make public allegations against the Defendant anonymously when those allegations concern the Defendant's alleged noncompliance with its own policies and could, therefore, have a significant effect on the Defendant's ability to matriculate students and obtain funding. Plaintiff has voluntarily availed himself of the public forum of federal court to demand money damages from the Defendant. Meanwhile, the Defendant has been forced into this proceeding. Fundamental

fairness requires that Plaintiff not be allowed to hide behind a fictional name when making such allegations where Plaintiff has no substantial privacy right at stake.

5. **The public's interest in judicial openness outweighs any privacy interests of the Plaintiff.**

Finally, the fifth factor weighs against allowing Plaintiff to proceed anonymously, because "the public is entitled to openness in federal proceedings." *Bd. of Trustees of Indiana Univ.*, 2022 WL 1266383, at *3. The Seventh Circuit Court of Appeals has expressed concern about the "overuse of pseudonyms in federal litigation." *Cnty. of Cook*, 162 F.3d at 498; *see also Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). As the court stated, "[j]udicial proceedings are supposed to be open . . . in order to enable the proceedings to be monitored by the public." *Cnty. of Cook*, 162 F.3d at 498. "The concealment of a party's name impedes public access to the facts of the case, which include the parties' identity." *City of Chicago*, 360 F.3d at 669. The presumption of judicial openness finds its roots in the First Amendment of the U.S. Constitution. *See Cook Cnty., Illinois*, 542 F. Supp. 3d at 783 (finding the court "has an independent obligation to vet even unopposed motions to proceed pseudonymously as part of its duty to protect the public's First Amendment right to openness in judicial proceedings"). None of the above factors weigh sufficiently in Plaintiff's favor to prevail over this presumption.

6. **The Plaintiff's desired anonymity of non-party Butler students in this action is not a factor for determining whether Plaintiff may proceed anonymously.**

Plaintiff contends that the difficulty in allowing non-parties to remain anonymous while Plaintiff's identity is revealed warrants use of a pseudonym. However, there is no evidence of a need for any non-parties to remain anonymous or protected from any potential discovery of their identities. Arguably, Plaintiff's use of those individuals' initials in conjunction with each other and

detailed description of their residence—including the room number and floor layout—already make them identifiable to anyone familiar with them. There is no evidence that disclosure of Plaintiff's name would make discovery of those students any easier (or harder) than if Plaintiff were to proceed under a pseudonym. Regardless, there is no basis for protecting the identities of those individuals. Plaintiff's voluntary decision to use initials for the non-parties instead of their names cannot provide a basis for allowing Plaintiff to proceed anonymously. If that were true, any plaintiff wishing to proceed anonymously could simply chose to identified non-parties by their initials and then argue that this factor weighs in their favor.

## III.   CONCLUSION

Plaintiff has not met his burden of proving that exceptional circumstances exist to justify proceeding anonymously in this matter. As such, Plaintiff's request to proceed anonymously should be denied.

Respectfully submitted,

*Liberty L. Roberts*
Liberty L. Roberts, Atty. No. 23107-49
Cassie N. Heeke, Atty. No. 36497-49
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060

Attorney for Defendant Butler University

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of September, 2022, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system.  Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system.

Jonathan Little
SAEED & LITTLE, LLP
133 W. Market Street #189
Indianapolis, IN 46204
jon@sllawfirm.com

Andrew T. Miltenberg
Stuart Bernstein
Kristen Mohr
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
kmohr@nmllplaw.com

*Attorneys for Plaintiff John Doe*

                                                *Liberty L. Roberts*
                                                Liberty L. Roberts

CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
T:  (317)773-2190 / F:  (317)773-5320
LRoberts@cchalaw.com
CHeeke@cchalaw.com