UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>            Plaintiff,<br>v.<br><br>BUTLER UNIVERSITY,<br><br>            Defendant. | Case No:  1:22-cv-01828-SEB-MG |

**DEFENDANT'S MOTION TO RECONSIDER ORDER [DKT 15]
GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Defendant, by counsel, asks this Court to reconsider its order granting Plaintiff's Motion to Proceed under Pseudonym, and in support states as follows:

1. On October 4, 2022, this Court granted Plaintiff's *Motion to Proceed under Pseudonym* without allowing the Defendant the time permitted by Local Rule 10-1 to file an objection to the Motion. The Court's order took into consideration that Defendant had not filed an objection to the Motion, even though the ruling was issued seven (7) days before Defendant's objection was due. Defendant respectfully requests that this Court reconsider its order and take into consideration the objection filed by Defendant on October 6, 2022, which was within the time permitted under Local Rule 10-1.

2. This lawsuit was filed on September 15, 2022, and a waiver of summons of service was sent to defendant the following day on September 16, 2022. *See* Dkt. 1 & 8.

3. On September 15, 2022, Plaintiff *filed* his Motion to Proceed Under Pseudonym, but did not serve it on Defendant. *See* Dkt. 4 (Plaintiff's Counsel certified that pursuant to S.D. Ind. L.R. 10-1(c), the Motion would "be served on the opposing party within 7 days of the opposing party's appearance.")

4. The undersigned filed an Appearance for Defendant on September 20, 2022 – only 4 days after Defendant was notified of the lawsuit.

5. In accordance with S.D. Ind. L.R. 10-1(c), Plaintiff's counsel was to serve the undersigned with a copy of the Motion no later than September 27, 2022. Plaintiff's counsel did not do so, but the undersigned was able to obtain the documents from PACER (including the sealed filing) after filing her Appearance on September 20, 2022.

6. Under S.D. Ind. L.R. 10-1(d), Defendant was to be provided "21 days of the party's appearance" to file an objection to the Motion to Proceed Under Pseudonym.

7. Twenty-one days from September 20, 2022, is October 11, 2022.

8. On October 4, 2022, seven (7) days before Defendant's objection to the Motion was due, this Court granted Plaintiff's Motion and in doing so, specifically took into consideration that Defendant had not filed an objection to the motion by the time the Court issued its ruling. *See* Dkt. 15, p. 4 ("Defendants [sic] have not filed a response to Plaintiff's Motion") and p. 7 ("Defendants [sic] have thus far, not presented an argument that they [sic] will be impeded in presenting their [sic] defense in this Court if Plaintiff is permitted to proceed anonymously.")

9. On October 6, 2022, Defendant filed its *Objection to Plaintiff's Motion to Proceed Under Pseudonym*. The objection was filed five (5) days in advance of the L.R. 10-1 deadline for filing the objection.

10. Defendant's objection shows:

   a. Plaintiff has not met his burden of showing he is entitled to the extraordinary remedy of proceeding anonymously.

   b. This breach of contract case does not involve the type of personal intimate information justifying anonymity. Plaintiff refers to his sexual orientation in the Complaint, but only when noting that "he came out to them as gay in the fall of 2020." *See* Complaint ¶ 2. However, that fact is not material to this case. There is no allegation that Plaintiff's sexual orientation was relevant to the Defendant's handling of that J.F.'s stalking complaint. Likewise, Plaintiff does

      not allege that J.F. filed the stalking complaint because Plaintiff was gay. *See* Complaint ¶ 9 (Plaintiff alleges J.F. improperly filed the stalking charge "in retribution for his talking badly about her (to his mother), and [] as an avenue to request and receive academic accommodations.")

   c.  Plaintiff's sexual orientation is not a highly intimate and personal detail that is not publicly known. In his Complaint Plaintiff admits that he had come out as gay in the fall of 2020 and that his boyfriend visited him at Butler. See Complaint ¶ 2 & ¶43.

   d.  Defendant is unfairly harmed and disadvantaged by being identified in the lawsuit without Plaintiff having to likewise be identified.

11.    By issuing its ruling prior to the filing of Defendant's timely objection, this Court prevented Defendant from being heard on this issue as is expressly permitted by L.R. 10-1.

12.    This Court should reconsider its order to take into consideration Defendant's objection and the legal arguments made therein.

13.    This Court should reconsider its order because it is based on the incorrect assertion that Plaintiff's sexuality is an intimate and private matter. Plaintiff has voluntarily disclosed that fact in his Complaint even though it is not material to this case; Plaintiff came out more than two years ago; and Plaintiff does not hide his sexual ordination, but rather visits his boyfriend and has his boyfriend visit him at Butler.

WHEREFORE, Defendant, Butler University, requests that the Court reconsider its order granting Plaintiff's Motion to Proceed Under Pseudonym, take into consideration the facts and legal authority in Defendants Objection (filed October 6, 2022), deny Plaintiff's Motion to Proceed Under Pseudonym, and for all other relief just and proper in the premises.

Respectfully submitted,

*Liberty L. Roberts*
Liberty L. Roberts, Atty. No. 23107-49
Cassie N. Heeke, Atty. No. 36497-49
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060

Attorney for Defendant Butler University

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September 2022, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system.

Jonathan Little
Gabrielle Olshemski
SAEED & LITTLE, LLP
133 W. Market Street #189
Indianapolis, IN 46204
jon@sllawfirm.com
gaby@sllawfirm.com

Stuart Bernstein
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
sbernstein@nmllplaw.com

*Attorneys for Plaintiff John Doe*

*Liberty L. Roberts*
Liberty L. Roberts

CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
T: (317)773-2190 / F: (317)773-5320
LRoberts@cchalaw.com
CHeeke@cchalaw.com