UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

-------------------------------------------------------------------X
JOHN DOE,

          Plaintiff,

          -against-

BUTLER UNIVERSITY,

          Defendant.
-------------------------------------------------------------------X

Civil Action No: 1:22-cv-01828

**MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S OPPOSITION AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM**

Plaintiff John Doe ("Plaintiff" or "Doe"), submits this memorandum of law in response to Defendant Butler University's ("Butler") opposition and in further support of Plaintiff's motion to file a complaint in the above-referenced matter as a pseudonymous Plaintiff and proceed in the litigation under the pseudonym "John Doe."

In Plaintiff's motion, it was argued that the sensitivity of the topic, the risk of harm to the Plaintiff, and the recognized and applicable criteria for determining whether to grant pseudonym status, *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. At 140 (S.D. Ind. 1996), supports the granting of pseudonym treatment for Plaintiff.

Butler now opposes Plaintiff's motion, affirmatively requesting that he be forced to reveal his identity, despite the risk of harm to Plaintiff at Butler. Butler provides a series of misconceived arguments, including its perception that homosexual individuals no longer

1

need pseudonym protection or that Plaintiff's "coming out" divests him of seeking pseudonym protection. However, as discussed in more detail below, none of these arguments have merit, nor are they dispositive of the issues presented in Plaintiff's motion.

Plaintiff is seeking pseudonym protection because of the homophobic atmosphere he experienced at Butler after he came out as gay. He was first made to feel uncomfortable by his fraternity and was also subjected to incessant bullying and harassment by his other "friends group," which resulted in their making false reports of sexual misconduct and stalking against Plaintiff. Plaintiff states in paragraph 2 of his complaint that the bullying and harassment started when he confided his sexual preference to his friends. Despite knowing that the reports were baseless and false, Butler furthered the harassment when it subjected Plaintiff to a lengthy and unnecessary disciplinary process. Conversely, Butler took no actions to stop the bullying and harassment of Plaintiff by the other students. As Plaintiff is still a student at Butler, he is in fear that the disclosure of his identity will subject him to further bias, bullying and harassment on campus and that Butler will continue to do nothing to protect him.

The question of whether pseudonym protection is warranted is not whether homosexuality is the central issue to the case or whether the claims against Butler involve "intimate activities," rather the question is whether the *circumstances* of a case involve a sensitive matter that presents a danger to a Plaintiff if identified. *See Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996); *see also Indiana Cook County Illinois*, 542 F. Supp. 3d 779, 784 (N.D. Ill. 2021); *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768 at *2 (N.D. Ill. Aug 27, 2012); *Doe v. Neverson*, 820 F. App'x 984 (11th Cir.

2020); *Doe v. Blue Cross & Blue Shield of Rode Island*, 794 F. Supp. 72, 75 (D.R.I. 1992); *Doe v. Rostker*, 89 F.R.D. 158 (N.D. Cal. 1981). As presented in the motion, Courts in this jurisdiction and elsewhere have acknowledged homosexuality to be a highly sensitive matter which qualifies for pseudonym protection. *See Id*.

Plaintiff and Butler have identified the five discretionary factors which were first articulated in *Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. 137, 139, and have been followed by Courts in this jurisdiction in determining whether pseudonym protection should be granted. Courts in Indiana are not limited to the five factors. This Court suggested in an Order dated October 4, 2022 (ECF 15)[1], that it will consider the following six factors: "(a) whether Plaintiff is challenging governmental activity or an individual's actions; (b) whether Plaintiff's action requires disclosing information of the utmost intimacy; (c) whether Plaintiff's identification would place him at risk of suffering harm; (d) whether Defendants would be prejudiced by Plaintiff's continued anonymity; (e) the public's interest in guaranteeing open access to proceeding; and (f) whether Plaintiff's identity has thus far been kept confidential." Four out of six factors (factors "b, c, d and f"), weigh in favor of granting pseudonym status.

Plaintiff conceded in his motion that the first factor does not favor him but points out that there is no bar to pseudonym protection in a matter brought against a private entity. *Doe v. Butler University*, Case 1:16-cv-01266, Document 9 (S.D. Ind. June 29, 2016).

---

[1] The Court's Order has since been withdrawn as premature (ECF 18) and is referenced for no other purpose but to show the discretionary factors that this Court may consider in determining whether pseudonym status is warranted.

Notably, the public's interest in guaranteeing open access to proceedings (factor "e"), does not require an analysis as it will always run against the granting of pseudonym protection. However, such guarantee can be overcome by showing that the identification of a plaintiff, in a suit where a sensitive topic will be disclosed, may cause harm or further stigma. Here, a showing has been made by Plaintiff favoring pseudonym protection because of the sensitive topic, which has already caused harm to the Plaintiff and will continue to cause further harm if he is forced to disclose his identity in this lawsuit because he is still a student at Butler.

The remaining factors do not favor Butler.

a. <u>Homosexuality is a highly sensitive matter which qualifies for pseudonym protection.</u>

Concerning the second factor, Plaintiff established that the facts of this case are highly sensitive and favor pseudonym protection because Plaintiff's sexual orientation will be discussed throughout this litigation as the underlying basis for the maltreatment by other students at Butler. Butler's failure to protect Plaintiff from harassment and bullying by other students serves as the basis for Plaintiff's breach of contract claim against Butler.

In opposition, the Defendant argues that Plaintiff's homosexuality is not relevant or material to the facts of this case. In doing so, the Defendant disregards the introduction paragraph in the Complaint, particularly paragraph 2, which notes that the friction started when Plaintiff came out to his friends as gay and provides a summary of events that transpired after he came out, leading to the flawed disciplinary action that is central to claims in this case. Notably, Plaintiff not only had problems with his "friends group"

because of his homosexuality, but also with his fraternity, as seen in paragraph 28. The homophobic atmosphere at Butler will be discussed during the course of this litigation and serves in part as the factual predicate for Plaintiff's breach of contract cause of action against Butler.

Defendant argues that the cases cited by Plaintiff, wherein it is stated that homosexuality is a sensitive matter allowing for pseudonym protection, do not involve matters of homosexuality. However, Plaintiff did not reference these cases for their particular facts, but rather, Plaintiff highlighted the well-established law providing for protection where sensitive topics such as homosexuality exist and may cause harm if the individual's identity is revealed. This point is expressly stated in *Doe v. Cook County Illinois*, 542 F. Supp. 3d 779, 784 ("Historically, courts have permitted plaintiffs to proceed pseudonymously in cases involving abortion, homosexuality, welfare assistance, child abuse, sensitive medical conditions, and certain religions, among others"); *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768 at *5; *Doe v. Neverson*, 820 F. App'x 984, 988; *Doe v. Blue Cross & Blue Shield of Rode Island*, 794 F. Supp. 72, 73-75; *Doe v. Rostker*, 89 F.R.D. 158, 161. *Doe v. Gray*, 2020 WL 1545887 (N.D. Indiana, April 1, 2020) holds that pseudonym status may be granted where highly sensitive information will be disclosed and where the disclosure will result in retaliation or stigma. However, the *Doe v. Gray* Court does not define the list of sensitive topics, nor does it preclude homosexuality as a sensitive topic.

The Defendant acknowledges that Courts in the Seventh Circuit have not changed their position holding homosexuality to be a qualification for pseudonym protection.

5

Nonetheless, the Defendant makes a bold, generalized and unsupported argument that homosexuality is no longer a sensitive topic, and that homosexuality has changed dramatically, particularly among young people on college campuses. However, the facts of this case show that bias against homosexual males still exist, at least on Butler's campus, and these students need better protection. Moreover, recent studies show that gay students still face discrimination on and off college campuses. See, [LGBTQ Students Face Discrimination on College Campuses [Survey] - The College Post (https://thecollegepost.com/campus-lgbtq-discrimination/)](https://thecollegepost.com/campus-lgbtq-discrimination/); and [LGBT College Statistics - Campus Explorer (https://www.campusexplorer.com/student-resources/lgbt-college-students-statistics/)](https://www.campusexplorer.com/student-resources/lgbt-college-students-statistics/). Therefore, Defendant's attempt to minimize homosexuality as a sensitive topic is quite concerning and unpersuasive.

Defendant argues that homosexuality alone does not provide sufficient grounds for Plaintiff to proceed anonymously. Notably, Plaintiff in the instant case did not seek pseudonym protection solely based on Plaintiff's homosexuality. Plaintiff is seeking to proceed anonymously because his coming out as gay has presented difficulties for him at Butler, and he is rightfully, based upon Butler's prior actions, in fear of further retaliation or harm if his identity is disclosed in this lawsuit. As Plaintiff is still a student at Butler, the harm from disclosure exceeds the likely harm from concealment, which is precisely what Courts in the jurisdiction of the Seventh Circuit hold sufficient to warrant pseudonym status. See, *Doe v. Gray*, 2020 WL 1545887 at *2, *citing*, *Doe v. City of Chicago*, 360 F.3d 667 (7th Cir. 2004); *Doe v. Cook County Illinois*, 542 F. Supp. 3d 779, 784; *Sunlust*

*Pictures, LLC v. Does 1-75*, 2012 WL 3717768 at *5. Given these facts and the Court holdings, this factor weighs in favor of anonymity.

      (b) <u>Plaintiff's identification would place him at risk of suffering harm.</u>

      Defendant's reliance on *In re Boeing 737 MAX Pilots Litig.*, 2020 WL 247404, at *3 (N.D. Ill Jan. 16, 2020) is misplaced. Defendant argues that the *Boeing* decision supports a denial of pseudonym protection in this case based on the portion of the holding stating that "a mere potential for retaliation, without more, is not enough to justify an extraordinary departure from public norms." However, in reviewing this decision, the *Boeing* Court made it a point to acknowledge that a narrow exception applies in "exceptional circumstances" where a plaintiff is uniquely vulnerable. *In re Boeing 737 MAX Pilots Litig.*, 2020 WL 247404, at *3. In *Boeing*, pilots brought suit against Boeing, alleging that the possibility of planes crashing caused them injuries. The pilots sought pseudonym protection for fear of retaliation by Boeing. The Court denied pseudonym protection because it found that being a pilot is a highly regarded career and does not present a vulnerability or exceptional circumstance that warrants pseudonym protection. *In re Boeing 737 MAX Pilots Litig.*, 2020 WL 247404, at *4. The Court further opined that without such an "exceptional circumstance," the fear of retaliation from *Boeing* for bringing the lawsuit is not enough. *In re Boeing 737 MAX Pilots Litig.*, 2020 WL 247404, at *3-4.

      The facts of this case are clearly distinguishable. Plaintiff argued, *and the Defendant acknowledged*, that the Seventh Circuit includes "homosexuality" as a sensitive topic and an "exceptional circumstance" which may justify the use of a pseudonym. As Plaintiff has been bullied and harassed by students at Butler after coming out as gay, Plaintiff is

rightfully in fear of retaliation and harm by the homophobic student body at Butler if his identity becomes known, and that he will not be adequately protected from harm by Butler. Plaintiff's fear is not unreasonable given Butler's prior actions which gives rise to the claims in this lawsuit.

Lastly, the Defendant argues that embarrassment is not a factor that may be considered in determining whether anonymity is warranted. It is unclear what conduct Defendant insinuates Plaintiff may feel embarrassed about, whether it is his homosexuality or being subject to disciplinary action based on false and meritless claims by homophobic students at Butler. Defendant's suggestions show implicit bias against gay men and are quite offensive. Plaintiff has nothing to be embarrassed about. He is simply in fear of retaliation and harm by students at Butler and is reasonably afraid that Butler will not protect him against retaliation. Butler does not offer any rebuttal in its opposition to show that Plaintiff's fear is unreasonable. Therefore, this factor favors the Plaintiff.

(c) <u>Defendant has shown no prejudice to allowing Plaintiff to proceed anonymously.</u>

In deciding whether prejudice to a defendant exists in allowing a plaintiff to proceed by pseudonym, "courts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as the fundamental fairness of proceeding in this manner." See *Doe v. Board of Trustees of Indiana University*, 2022 WL 1266383 *3 (N.D. Ind. April 28, 2022), quoting *New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

Defendant does not argue that it would be impeded from presenting its defense or in discovery. Notably, the Court in *Doe v. Board of Trustees of Indiana University*, 2022

8

WL 1266383 *3, opined that prejudice was not shown by the defendant where no difficulties were raised to presenting a defense. Similarly, the Defendant in this case does not raise any difficulties in defending this matter if Plaintiff remains anonymous. Rather, the Defendant argues generally and in conclusory fashion that allowing the Plaintiff to proceed anonymously *could have* a significant effect on Defendant's ability to matriculate students and obtain funding. However, Defendant fails to show how the matriculation of students or funding would be different if Plaintiff proceeds under his own name. The allegations would be the same whether or not Plaintiff proceeds anonymously.

Notably, Butler was a defendant in a 2016 matter where the Southern District of Indiana allowed a plaintiff to proceed by pseudonym. See, *Doe v. Butler University*, Case 1:16-cv-01266. Therefore, if enrollment of students or funding was affected by allowing the plaintiff in the 2016 case to proceed by pseudonym, Butler would have surely made such a showing in this case. Butler's failure to establish any actual harm from its prior *Doe* case, speaks volumes to the shear speculative nature of this argument.

As the Defendant has not established prejudice, this factor favors Plaintiff.

(d) <u>Plaintiff has maintained his anonymity throughout this lawsuit.</u>

In determining whether this factor weighs in Plaintiff's favor, the Court only considers whether the confidentiality of Plaintiff's identity has been maintained. See, *Doe v Purdue*, 321 F.R.D. 339, 343 (listing 30-character references in an investigation report or a complaint does not negate Plaintiff's efforts to maintain his own confidentiality). Plaintiff has maintained his confidentiality throughout the administrative investigation and in this lawsuit by keeping his identity private. Plaintiff has not publicly disclosed or published

any information concerning Butler's confidential administrative proceedings or this lawsuit. Defendant does not provide any analysis showing otherwise. Defendant's argument that Plaintiff has not sufficiently maintained the anonymity of other students involved in Butler's administrative process is not only without basis but plays no factor in deciding whether Plaintiff made efforts to maintain his own anonymity. Therefore, this factor favors Plaintiff.

Accordingly, Plaintiff respectfully requests that this Court allow him to proceed in this action anonymously.

## CONCLUSION

For these reasons, the reasons stated in the motion and such other reasons as may appear just to the Court, Plaintiff John Doe requests that his *Ex Parte* Motion to Proceed Under Pseudonym and for Protective Order be granted in its entirety.

**Dated:   New York, New York**
**               October 13, 2022**

**Respectfully submitted,**

**SAEED & LITTLE, LLP**
*Attorneys for Plaintiff John Doe*
**By: */s/* _____**
**Jonathan Little, Esq.**
**133 W. Market Street #189**
**Indianapolis, Indiana 46204**
**(317) 721-9214**

-and-

**NESENOFF & MILTENBERG, LLP**
*Attorneys for Plaintiff John Doe*
**By: /s/** *Andrew T. Miltenberg*
**Andrew T. Miltenberg, Esq.**
**Stuart Bernstein, Esq.**
**Kristen Mohr, Esq.**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
**amiltenberg@nmllplaw.com**
**sbernstein@nmllplaw.com**
**kmohr@nmllplaw.com**

11