UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | 1:22-cv-01828-SEB-MG |
| | ) | |
| BUTLER UNIVERSITY, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

This Court issued an order granting Plaintiff's Motion to Proceed Under Pseudonym, [Filing No. 4], prematurely and prior to Defendant's response in opposition being filed. The Court has since withdrawn the order. [*See* Filing No. 18.] Defendant has filed a Motion to Reconsider this Court's order granting Plaintiff's motion. [Filing No. 17]. Therefore, the Court will now review the Court's prior order on Plaintiff's Motion to Proceed Under Pseudonym, coupled with Defendant's opposition [Filing No. 16] and Plaintiff's reply, [Filing No. 19]. For the reasons set forth below, Defendant's objection is **OVERRULED,** and its motion is **DENIED.** Plaintiff's Motion to Proceed Under Pseudonym is **GRANTED.**

**I.**
**BACKGROUND**

Plaintiff began his studies at Butler University ("the University") in the Fall of 2019. [Filing No. 1 at 1.] Plaintiff came out to his friend group as gay in the fall of 2020, and by spring 2021, the incidents giving rise to this litigation occurred. [Filing No. 1-2.]

As described by Plaintiff, he claims that on March 3, 2021, he and his former friend group participated in a "mediation" conducted by Butler student-employees, which was "emotionally

devastating." [Filing No. 1-2.] A few days later, Plaintiff called his mother to detail the mediation, and claims this conversation was overheard by a student, J.F., who then disclosed this conversation to another student, B.P. [Filing No. 1-2.] Following this disclosure, Plaintiff contends B.P filed a formal complaint with Butler University falsely alleging he had stalked J.F. in violation of Butler's Sexual Misconduct Policy. [Filing No. 1 at 2.] Plaintiff states that the stalking complaint alleges:

> (1) Plaintiff utilized social media to socialize with his friends; (2) Plaintiff spent too much time in his friends' suite and did not request formal, advance permission to come to their suite on each occasion when they hung out (Plaintiff lived across the hall and would just knock on their door, instead); and (3) on a single occasion, while Plaintiff was in his friends' suite, he used J.F.'s bathroom when she was not home, without calling her first to ask for permission.

[Filing No. 1 at 2.] Plaintiff further claims that "J.F. utilized the false and baseless sexual misconduct complaint against Plaintiff for two improper purposes: first, as an opportunity to bully Plaintiff and enact retribution for his talking badly about her (to his mother), and second, as an avenue to request and receive academic accommodations for J.F.'s courses that semester—at least one of which, on information and belief, she had been failing." [Filing No. 1 at 3.]

The University investigated the stalking claim in March of 2021. [Filing No. 1 at 3.] Plaintiff claims the investigation conducted by the University was "a disorganized, general examination of Plaintiff's various friendships over his entire history at Butler and involved eleven student 'witnesses'". [Filing No. 1 at 3.] Further, Plaintiff claims that after months of forcing him to spend significant time, energy, and money participating in the University's investigation, the University tossed out its own investigation report and proceeding to the hearing without it, in violation of its policies. [Filing No. 1 at 4.]

In October 2021, after a live hearing, an independent adjudicator concluded that Plaintiff did not violate Butler's Stalking policy. [Filing No. 1 at 4.] However, Plaintiff claims that he had

already suffered substantial harm by that point, through Butler's violations of its contractual obligations and seven-month adjudication process. [Filing No. 1 at 4.] Further, Plaintiff claims Butler has taken no action against the students who bullied Plaintiff and filed false claims. [Filing No. 1 at 4.]

On March 17, 2022, Plaintiff filed his Complaint as "John Doe," alleging a breach of contract claim from the University's conduct throughout the investigation process and a claim of unjust enrichment. [S*ee generally* Filing No. 1.] Shortly after filing the Complaint, the Plaintiff filed the instant motion requesting leave to prosecute his case under a pseudonym. [Filing No. 4.] Defendant has not filed a response to the motion.

## II.
## LEGAL STANDARD

The Federal Rules of Civil Procedure require that all parties to a lawsuit be named. *See* Fed. R. Civ. P. 10(a) (providing that the "title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) (requiring that an action "be prosecuted in the name of the real party in interest"). A court *may* permit a party to use a pseudonym in extraordinary circumstances only—when the party demonstrates that his interests outweigh both prejudice to the opposing party if anonymity were permitted and "the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *See Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016).

"The decision whether to allow a party to proceed pseudonymously is within the discretion of the court." *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017); *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). The Court therefore "has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding

in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Courts within the Seventh Circuit generally consider several factors in their weighing of these interests, including, but not limited to:

The Court's weighing of interests necessarily is fact sensitive. To determine whether Plaintiff's case constitutes an exceptional circumstance in which pseudonym treatment is warranted, courts consider several factors, including, but not limited to:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Doe v. City of Indianapolis, Ind.*, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) (quoting *EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996)). The Seventh Circuit also has noted that fictitious names may be used where necessary to protect the privacy interests of "children, rape victims, and other particularly vulnerable parties or witnesses." See *Blue Cross & Blue Shield United*, 112 F.3d at 872.

### III.
### DISCUSSION

Plaintiff asks to proceed under a pseudonym because this litigation involves highly sensitive information, he is still a student at the University and is in fear of retribution and further bullying from the students, and the University will not be prejudiced if he uses a pseudonym. [Filing No. 4 at 2-7.] Defendants argue there are no circumstances where anonymity should be granted in this case. [Fling No. 16.]

The Court's weighing of interests necessarily is fact sensitive. To determine whether Plaintiff's case constitutes an exceptional circumstance in which pseudonym treatment is warranted, the Court will consider the following relevant factors: (a) whether Plaintiff is challenging governmental activity or an individual's actions; (b) whether Plaintiff's action requires disclosing information of the utmost intimacy; (c) whether Plaintiff's identification would place him at risk of suffering harm; (d) whether Defendants would be prejudiced by Plaintiff's continued anonymity; (e) the public's interest in guaranteeing open access to proceeding; and (f) whether Plaintiff's identity has thus far been kept confidential. *Indiana Black Expo, Inc.*, 923 F. Supp. at 140.

### A. Whether Plaintiff is challenging governmental activity or an individual's actions

First, the Court considers whether Plaintiff challenges "governmental activity or an individual's actions." *Id*. Generally, "where a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong," in part because "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.* Plaintiff maintains that the Seventh Circuit has allowed pseudonyms in lawsuits against private entities where the subject matter concerns social stigma. [Filing No. 4 at 5 (citing *Doe v. Butler University*, Case 1:16-cv-1266, Doc. 9 (S.D. Ind. June 29, 2016)).] Defendants argue, and Plaintiff has conceded, that this factor does not favor him. [Filing No. 16 at 3-4; Filing No. 19 at 3-4.] Here, Plaintiff is not bringing his Complaint against a public educational institution, but a private one. While it appears that there is no bar to pseudonym protection in litigations against a private university, Plaintiff is not challenging governmental activity but has availed himself of the

public forum of a federal court to make allegations of a purported breach of contract against a private entity for which he seeks money damages. As such, this factor weighs against anonymity.

B. **Whether Plaintiff's action requires disclosing information of the utmost intimacy and Whether Plaintiff's identification would place him at risk of suffering harm**

The Court will evaluate the second and third factors together. Regarding the second factor, "the types of personal intimate information justifying anonymity for litigating parties have typically involved such intimate personal matters as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families," *Doe v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004), as well as allegations concerning sexual relationships and sexual assault, *Purdue Univ.*, 321 F.R.D. at 341, and religious beliefs, *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Courts in this jurisdiction and elsewhere have determined homosexuality to be a highly sensitive matter which qualifies for pseudonym protection. See *Doe v. Gray*, 2020 WL 1545887 (N.D. Indiana, April 1, 2020); *Sunlust Pictures, LLC v. Does* 1-75, 2012 WL 3717768 at *2; *Doe v. Neverson*, 820 F. App'x 984; *Doe v. Blue Cross & Blue Shield of Rode Island*, 794 F. Supp. at 75; *Doe v. Rostker*, 89 F.R.D. 158.  For the third factor, the Court considers whether "identification would put the plaintiff at risk or suffering physical or mental injury." *Indiana Black Expo, Inc., 923 F. Supp. at 140*. Relevant to the third factor is "whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Purdue Univ.*, 321 F.R.D. at 342.

Here, Plaintiff argues that pseudonymity is appropriate because his sexual orientation will be discussed as the underlying basis for his breach of contract claim against the University for failing to protect him from harassment and bullying. [Filing No. 4 at 6.] Plaintiff argues revelation of his identity "would result in immense injury, the same kind of injury that Plaintiff endured for

months at the hands of other students, and for which he was not given any protection by Butler University." [Filing No. 4 at 6.]

Defendants argue that Plaintiff's sexual orientation is not relevant or material to this case involving claims of breach of contract, and his reference to his sexuality in the complaint shows it is not a personal, intimate detail that Plaintiff has kept hidden. [Filing No. 16 at 4.] Defendants acknowledge that while the Seventh Circuit have cited cases including homosexuality in a list of sensitive, private information that may justify use of a pseudonym, public attitude toward homosexuality has changed dramatically since the decisions in *Doe v. Blue Cross & Blue Shield of Rhode Island* and other such authorities, and homosexuality alone is not sufficient in this instance [Filing No. 16 at 6.] Defendants then cite to *In re Boeing 737 MAX Pilots Litig.*, 2020 WL 247404 (N.D. Ill. Jan. 16, 2020), arguing this decision supports denial of pseudonym protection because a mere potential for retaliation, without more, is not enough to justify extraordinary departure from public norms. [Filing No. 16 at 7.] Further, Defendants argue that while Plaintiff may have concerns of embarrassment from being subject to an investigation, this is not a factor that may be considered in determining anonymity. [Filing No. 16 at 7-8.]

Plaintiff counters by stating that he is not seeking anonymity on the sole basis of sexual orientation, but due to the difficulties coming out has presented at the University and his fear of further retaliation if his identity is disclosed in this lawsuit. [Filing No. 19 at 6-8.] Plaintiff argues that *Boeing* is distinguishable from this case, as Plaintiff states he has already been bullied and harassed by students after coming out as gay and is in fear of retaliation by those students if his identity is known, and further fears butler will not adequately protect him from harm. [Filing No. 19 at 7-8.] Lastly, Plaintiff contends that embarrassment is not a concern, it is his fear of further

retaliation by students and inadequate protection from this retaliation by the University. [Filing No. 19 at 8.]

The parties have agreed that matters of sensitive and highly personal nature allow for anonymous litigation, and such matters include homosexuality. Further, Plaintiff has provided evidence of past retaliation regarding his sexuality and coming out, which he alleges is the basis of his claims against the University. If Plaintiff is successful in proving that Defendant breached its policies and procedures from its conduct throughout the investigation, there is a chance that "the revelation of the Plaintiff's identity [in the course of this lawsuit] 'would further exacerbate the emotional and reputational injuries he alleges.'" *Id.* (quoting *Doe v. Colgate Univ.*, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016)).

While Plaintiff's homosexual status alone does not favor anonymity, Plaintiff's contentions that compelling disclosure of his identity would cause retaliation in a similar fashion that he experienced before and the University would continue failing to protect him, which is the very injury he sought to avoid, and weighs in Plaintiff's favor of anonymity at this stage of litigation for the second and third factors.

C. **Whether Defendants would be prejudiced by Plaintiff's continued anonymity**

Fourth, the Court considers whether Defendants "would be prejudiced by allowing the plaintiff to proceed anonymously." *Indiana Black Expo, Inc., 923 F. Supp. at 140*. Under this factor, "courts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as the fundamental fairness of proceeding in this manner." *New York Blood Center,* 213 F.R.D. at 112.

Plaintiff argues that the University "is already aware of Plaintiff's true identity" and it would face no prejudice in litigating this matter if he is allowed to proceed under a pseudonym. [Filing No. 4 at 7.]

Defendant argues that it is a private university relying primarily upon tuition income and donor funds, thus it would be prejudicial to allow Plaintiff to make public allegations anonymously when those allegations concern Defendant's alleged noncompliance with its own policies and would influence matriculating students and obtaining funding. [Filing No. 16 at 8.] Further, Defendant contends Plaintiff publicly availed himself of the public forum of federal court to demand money damages from Defendant, meanwhile Defendant has been forced into the proceeding, thus fairness requires Plaintiff not be allowed to proceed anonymously when he has no substantial privacy right at stake in the litigation. [Filing No. 16 at 8-9.]

Plaintiff responds that Defendant has not argued it would be unable to present a defense or discovery, and that it has not raised any difficulties in defending this matter if Plaintiff remains anonymous. [Filing No. 19 at 8-9.] Plaintiff argues that Defendant has not shown actual harm from Plaintiff proceeding anonymously, but rather just a possibly effect on its ability to matriculate students and obtain funding. [Filing No. 19 at 9.] Lastly, Plaintiff notes a 2016 case involving Defendant where the Plaintiff in that case was allowed to proceed by pseudonym, however Defendant made no mention of showing harm caused to student enrollment or funding affected by the pseudonymity. [Filing No. 19 at 9.]

The Court finds that allowing Plaintiff to proceed anonymously at this stage of the litigation will not unfairly prejudice Defendant, who has not alleged difficulties in discovery, it will know Plaintiff's identity, and it can prosecute any claims that have legal merit. Accordingly, this factor favors Plaintiff.

## D. The public's interest in guaranteeing open access to proceeding

Fifth, the court considers "the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system." *New York Blood Center*, 213 F.R.D. at 111. Disclosure of a plaintiff's identity is the standard and pseudonymity is acceptable in only "exceptional circumstances." *Blue Cross & Blue Shield United*, 112 F.3d at 872. Plaintiff acknowledges that this factor runs against the granting of pseudonym protection. [Filing No. 19 at 4.] Because the public is entitled to openness in federal proceedings, the fifth factor weighs against a grant of pseudonymity.

## E. Whether Plaintiff's identity has thus far been kept confidential

Finally, the Court considers whether Plaintiff's "identity has thus far been kept confidential." *Purdue Univ.*, 321 F.R.D. at 341. Plaintiff claims he has maintained his confidentiality throughout the administrative investigation and in this lawsuit, nor has he publicly disclosed or published any information concerning the University's administrative proceedings or this lawsuit. [Filing No. 19 at 9-10.] Further, the Defendant has not provided any analysis showing otherwise and discusses Plaintiff's desired anonymity of non-party students. [Filing No. 16 at 9-10.] Thus, the sixth factor weights in favor of a grant of pseudonymity.

Allowing Plaintiff to proceed by pseudonym is, at least at this stage of the suit, appropriate. However, the Court is mindful that over the course of litigation, circumstances could change the proper weight given to each factor. The Court may revisit the issue, however, if the claims survive dispositive motions.

## IV.
### CONCLUSION

Based on the foregoing, Defendant's Motion to Reconsider the Court's order Granting Plaintiff's Motion to Proceed Under a Pseudonym, [17], is **DENIED.** Plaintiff's Motion for Leave to Proceed Under a Pseudonym, [4], is **GRANTED** and this Court **ORDERS** the parties to continue using the pseudonym "John Doe" for Plaintiff. The Court further **ORDERS** Defendants to refrain from revealing Plaintiff's identity.

Date: 11/18/2022

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**