UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN DOE,

        Plaintiff,

v.

                                    Case No: 1:22-cv-01828-SEB-MG

BUTLER UNIVERSITY,

        Defendant.

## CASE MANAGEMENT PLAN

**I.**    <u>**Parties and Representatives**</u>

**Party:**                                        **Represented By:**

Plaintiffs: John Doe                  Jonathan Little
                                                    Gabrielle Olshemski
                                                    SAEED & LITTLE, LLP
                                                    133 W. Market Street #189
                                                    Indianapolis, IN 46204
                                                    jon@sllawfirm.com

                                                    Stuart Bernstein
                                                    NESENOFF & MILTENBERG, LLP
                                                    363 Seventh Avenue, Fifth Floor
                                                    New York, New York 10001
                                                    sbernstein@nmllplaw.com

Defendants: Butler University          Liberty L. Roberts
                                                    Cassie N. Heeke
                                                    Church Church Hittle + Antrim
                                                    Two North Ninth Street
                                                    Noblesville, IN 46060
                                                    T: 317-773-2190
                                                    F: 317-773-5320
                                                    LRoberts@cchalaw.com
                                                    CHeeke@cchalaw.com

       Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II. **Jurisdiction and Statement of Claims**

   A.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1132, as the parties are citizens of different states, and the Plaintiff alleges that the amount in controversy exceeds $75,000. Defendant denies that the amount in controversy exceeds $75,000, but acknowledges that consistent with *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 296, 58 S. Ct. 586, 594, 82 L. Ed. 845 (1938) this Court has jurisdiction based on Plaintiff's assertion that the amount in controversy exceeds $75,000.

   B.  **Plaintiff's Synopsis:**
   Plaintiff matriculated to Butler in the fall of 2019, and began to have friction within his friend group when he came out as gay in 2020. As a result of the ongoing friction, Plaintiff's friend group and Butler student-employees arranged a "mediation," in which Plaintiff was bullied, attacked, and cut off from his friend group. Following this emotionally distressing "mediation," one of the individuals from Plaintiff's friend group, J.F., filed a baseless stalking complaint against Plaintiff. Despite the clear absurdity of J.F.'s complaint, Butler undertook a formal Title IX investigation against Plaintiff in March 2021 for stalking under the Butler Sexual Misconduct Policy ("SMP"). Butler's investigation process breached numerous specific provisions of the SMP, thereby breaching Butler's contractual promises to Plaintiff. While Plaintiff was ultimately found not responsible, due largely to J.F.'s own admissions, Plaintiff had already suffered immense emotional distress due to the flawed formal investigation that Butler conducted, which subjected Plaintiff to a hostile educational environment, and worse, endorsed the bullying which Plaintiff was facing. As a result, Plaintiff was denied the benefit of the education that he was contractually promised when he paid tuition. Worse, no action was ever taken against J.F. or any other individual involved in the investigation that made false claims against Plaintiff. As a result, Plaintiff seeks damages in an amount to be determined at trial plus attorneys' fees under count one for breach of contract and count two for unjust enrichment.

   C.  **Defendant's Synopsis:**
   The underlying events discussed at length in the Complaint relate to events leading to a March 2021 Title IX stalking complaint filed against Plaintiff. The stalking complaint fell within Defendant's Sexual Misconduct Policy, which triggered the Title IX Administrative Investigation and Adjudication Process. At the conclusion of the process, Plaintiff was found not responsible. Plaintiff takes issue with the process, but because there was no violation of Title IX, Plaintiff seeks to pursue a claim under a breach of contract theory. There is no contractual obligation or promise to Plaintiff regarding the Title IX process or the Sexual Misconduct Policy. The Sexual Misconduct Policy is found within the student handbook, which specifically states, "the University has the right to change without notice any procedures, policies or programs that appear in the student handbook," and that the "student handbook is not, nor is it intended, to create a contract between any student

and the University." Plaintiff does not point to an identifiable contractual promise that the Defendant failed to honor. Even if an implied contract existed between Plaintiff and Defendant no facts support a breach of contract. Defendant followed its stated procedures for investigating and resolving complaints of stalking involving students. Moreover, Plaintiff was not denied any educational services or benefits. Plaintiff was a student enrolled in courses at Butler University wherein he received instruction and earned academic credit. Plaintiff continues to be a student at Butler University. Plaintiff was never denied participation in any course, education activity, or student employment as a result of the Title IX investigation, process, and finding. Defendant did not breach any contractual obligation to Plaintiff, nor did Defendant retain the benefit of receiving Plaintiff's tuition, room, and board fees without Plaintiff receiving such benefits. Finally, Plaintiff's Complaint seeks recovery of attorneys' fees but there is no basis for such a request in this breach of contract claim.

### III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **January 13, 2023**. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.]

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **January 20, 2023**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **January 27, 2023**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **February 15, 2023**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **February 15, 2023**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within **30 days after receipt of the proposal.** The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to mjgarcia@insd.uscourts.gov. There is no need to follow the email with a hard copy.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 15, 2023**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the

        report required by Fed. R. Civ. P. 26(a)(2) on or before **November 14, 2023**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **November 14, 2023**.

G.     Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **March 1, 2024**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.     All parties shall file and serve their final witness and exhibit lists on or before **December 15, 2023**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     <u>Discovery of electronically stored information ("ESI")</u>.

        1.     <u>No ESI Supplement Required</u>. Neither party anticipates seeking a substantial volume of ESI, so the parties have not completed the ESI Supplement to the Report of the Parties' Planning Meeting.

        2.     <u>Production of ESI</u>. The parties anticipate that email-related ESI may be requested. No other substantial ESI is known or expected at this time. Emails and all email attachments may be produced in PDF format, unless specifically requested in their native format. All ESI may be produced either on a thumb drive or via a shared file link. The parties reserve the right to withhold any discovery documents/data based on a known privilege or objection, and agree to provide a privilege log properly identifying any item withheld.

        3.     <u>Cost and Burden of Producing ESI</u>. The parties will seek to employ

    measures to reasonably limit the burden and costs of ESI discovery on the parties. It is the parties' intent to discuss cost-shifting or cost-saving measures that may be needed in this matter with each ESI discovery request. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following assumptions apply: (1) The producing party bears the costs of searching for, assembling, reviewing, and producing the responses to the requests; (2) Any extraordinary costs may be allocated to the requesting party, but only after a Rule 37 conference wherein the parties discuss measures to appropriately and reasonably limit the costs incurred responding to the requests; and (3) To the extent that a party requests to examine an electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner, absent any privileges or objections that would preclude or protect such data from being disclosed.

4. <u>Search Protocol:</u> Request for email related ESI shall include specific search terms to be applied, the identity of the account-custodians whose emails are to be searched, and the specific date range for each such search. The parties' intent is to discuss and agree upon reasonable search parameters to ensure that discovery is conducted as efficiently as possible.

5. <u>Preservation of Data.</u> Throughout the course of this matter, the parties will make every effort to preserve all electronic data relevant to either party's claims or defenses to the extent reasonably possible.

6. <u>Claw Back Provision.</u> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

7. <u>Additional Issues.</u> At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention. The scope of discovery or the format of the production of ESI may be further

limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve and/or the parties may agree.

### IV.    Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

**Yes. Defendant anticipates filing a motion for summary judgment. Defendant properly investigated a complaint that J.F. made against Plaintiff. Defendant's actions were not in breach of any contractual obligation owed to Plaintiff. Additionally, Defendant was not unjustly enriched. Plaintiff paid Defendant tuition and associated costs for attending Butler University and Plaintiff received the benefits of his tuition and associated costs.**

B.   On or before **July 20, 2023**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.   Select the track that best suits this case:

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

___X___ Track 2: Dispositive motions are expected and shall be filed by **September 13, 2023**; non-expert witness discovery and discovery relating to liability issues shall be completed by **July 13, 2023**; expert witness discovery and discovery relating to damages shall be completed by **December 13, 2023**.

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.
[Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V.   **<u>Pre-Trial/Settlement Conferences</u>**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.   The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in **June 2023.**

VI.   **<u>Trial Date</u>**

The parties request a trial date in **July 2024**. The trial is by **Jury** and is anticipated to take **four (4)** days.

VII.   **<u>Referral to Magistrate Judge</u>**

A.   **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this

                matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

    B.    **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. <u>Required Pre-Trial Preparation</u>

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the

                portions of the deposition that will be played, designated specifically by counter-numbers.

5.     Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.     Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.     Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.     If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.     File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.     Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   Other Matters

None at this time.

| | |
|---|---|
| *Stuart Bernstein* (with permission) | *Liberty L. Roberts* |
| Stuart Bernstein | Liberty L. Roberts, Atty. No. 23107-49 |
| NESENOFF & MILTENBERG, LLP | Cassie N. Heeke, Atty. No. 36497-49 |
| 363 Seventh Avenue, Fifth Floor | CHURCH CHURCH HITTLE + ANTRIM |
| New York, New York 10001 | Two North Ninth Street |
| sbernstein@nmllplaw.com | Noblesville, IN 46060 |
| | Telephone: (317) 773-2190 |
| Jonathan Little, Atty. No. 27421-49 | Facsimile: (317) 773-5320 |
| Gabrielle Olshemski, Atty. No. 36467-49 | lroberts@cchalaw.com |
| SAEED & LITTLE, LLP | cheeke@cchalaw.com |
| 133 W. Market Street #189 | |
| Indianapolis, IN 46204 | *Attorney for Defendant* |
| jon@sllawfirm.com | |
| gaby@sllawfirm.com | |
| *Attorneys for Plaintiff John Doe* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR: <br><br> _____ IN PERSON IN ROOM _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN 9/13/2023 DISCOVERY by 7/13/2023 |

      Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

      **APPROVED AND SO ORDERED.**

Date: 11/22/2022

                                                  Mario Garcia
                                                  United States Magistrate Judge
                                                  Southern District of Indiana

Distribution:
To ECF Counsel of Record