UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN DOE,

        Plaintiff,

v.

                                    Case No:  1:22-cv-01828-SEB-MG

BUTLER UNIVERSITY,

        University.

## **REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff's Response sets forth three main arguments. First, he contends that a well-established rule in Indiana—that a plaintiff bringing a breach of implied contract claim against a university must show that the university acted arbitrarily or in bad faith – does not apply to his claim. However, there is nothing exceptional about Plaintiff's breach of contract claim that would justify non-application of the bad faith standard articulated in *Amaya v. Brater*, 981 N.E.2d 1235 (Ind. Ct. App. 2013) and *Change v. Purdue University*, 985 N.E.2d 35 (Ind. Ct. App. 2013). Plaintiff mentions throughout his Response, regarding some of the alleged policy violations, that the Complaint adequately pleads bad faith or arbitrary conduct, yet Plaintiff does not identify any paragraphs in the Complaint in support of that assertion.

Next, Plaintiff asserts that his Complaint contains at least six policy provisions specific enough to form contractual promises. Each of the six policy provisions identified by the Plaintiff are lacking in one element or another of a breach-of-contract claim: One is not a contractual promise; one has been complied with, based upon the face of Plaintiff's Complaint; and the remaining four, dealing with

1

scheduling and procedures of the Title IX hearing, are not plausibly tied to any damages from the alleged breach.

Plaintiff lastly asserts that he has adequately pleaded unjust enrichment in the alternative to his claim for breach of implied contract. Plaintiff incorporated all preceding paragraphs of his Complaint into his unjust enrichment claim, so that claim is not pled "in the alternative." In any case, Plaintiff's unjust enrichment claim fails because there is no dispute that under Indiana law the parties have a contractual relationship. For all these reasons, Plaintiff's claims should be dismissed with prejudice. Even if all the allegations in Plaintiff's Complaint are true, he is not entitled to relief under principles of contract law or equity.

### A. The bad faith standard applies to Plaintiff's breach of contract claim, and Plaintiff has failed to state a claim under this standard.

The rule in Indiana is that "before a court will intervene into the implied contractual relationship between a student and university, there must be some evidence that the university acted arbitrarily or in bad faith." *Amaya*, 981 N.E.2d at 1241. Plaintiff argues he is not required to meet the bad faith standard set forth in *Amaya*, because the conduct at issue was not a matter of academic judgment. However, the bad faith requirement is not limited to just matters of academic judgment. That element applies to *disciplinary* decisions (or as is the case here, a decision not to discipline after an investigation and hearing) including discipline for misconduct. In *Chang v. Purdue Univ.*, 985 N.E.2d 35 (Ind. Ct. App. 2013), a student, who was disciplined for violation of the university's Code of Ethics, complained that the university breached its contract by not strictly adhering to "its own internal

policies and procedures for *disciplinary misconduct*." *Id.* at 46. The Court explained, "Our sole function when reviewing *disciplinary actions* such as in the present case is to determine whether the educational institution acted illegally, arbitrarily, capriciously, or in bad faith." *Id.* at 47 (emphasis added). Plaintiff's argument is contrary to the established and controlling law for breach of contract claims based on Indiana contract law. Bad faith or arbitrary conduct *is* a necessary element of a breach of implied contract claim between students and universities in Indiana, and Plaintiff has cited no evidence that exempts his claims from that rule.

Of the four cases Plaintiff cites in support of the academic/non-academic distinction, all four are from outside jurisdictions and otherwise inapplicable. The quote cited by Plaintiff from *Allahverdi v. Regents of Univ. of New Mexico* is from a portion of the opinion where the court was considering the due process implications of an academic dismissal—*not* a breach of contract claim., 2006 WL 1313807, at *1 (D.N.M. Apr. 25, 2006). Similarly, Plaintiff's reliance on *Neal v. Colorado State Univ.-Pueblo* comes from a portion of the opinion considering whether due process requires cross-examination during disciplinary proceedings. 2017 WL 633045, at *24 (D. Colo. Feb. 16, 2017). *Doe v. Baum* dealt *only* with due process and other federal law claims, 903 F.3d 575 (6th Cir. 2018), and *Doe v. Univ. of Scis.*, 961 F.3d 203 (3d Cir. 2020), relied entirely on Pennsylvania contract law. Breach of contract is a state law claim. The elements of Plaintiffs' breach of contact claim are determined by Indiana Law. Other jurisdictions' decisions related to federal due process claims (or even breach of contract law in other states) has no bearing on Plaintiff's breach of contract claim.

Additionally, the *Amaya* case is not inapplicable because it was decided at the summary judgment stage. The required elements for a breach of contract claim exist throughout all stages of the case. The burden of proof is higher at the summary judgment stage in that there must be admissible evidence to support the elements of the claim. At the Rule 12(b)(6) stage, the Plaintiff is only required to plead factual allegations that plausibly support a claim, as opposed to having to prove the claim. In *Sung Park v. Indiana University School of Dentistry*, the plaintiff, a former dental surgery student, sued the school of dentistry for breach of contract and constitutional violations after she was dismissed from her program for failure to progress in her professional development and demonstrate professional conduct. 781 F.Supp.2d 783 (S.D. Ind., Feb. 9, 2011). The court granted the university's motion to dismiss the plaintiff's breach of contract claim after finding that the plaintiff failed to show a contract existed on the terms that she alleged and failed to identify any specific contractual promise that the university failed to satisfy. *Id.* at 787. On appeal, the U.S. Court of Appeals for the Seventh Circuit affirmed the district court's decision, noting, "Absent some indication that this decision [to expel the plaintiff] was arbitrary or made in bad faith—and the complaint points to none that we can detect— we decline to second-guess the judgment of the faculty." *Sung Park v. Indiana Univ. Sch. of Dentistry*, 692 F.3d 828, 831 (7th Cir. 2012). The failure to plead that the university had acted arbitrarily or in bad faith was fatal at the pleadings stage. *See also Columbia Coll. Chicago*, 2018 WL 497284, at *9 (granting university's motion to

dismiss plaintiff's breach of contract claim arising from sexual assault investigation where plaintiff did not allege the university acted arbitrarily or capriciously).

Plaintiff argues he has met the bad faith standard by alleging arbitrary or capricious conduct by the University. However, Plaintiff points to no specific allegations in the Complaint to support this contention. The Complaint does not contain any factual allegations to make plausible (or even suggest) that the University acted arbitrarily or capriciously. To the contrary, the very detailed Complaint contains 144-paragraphs of factual assertions that show only alleged deviations from the Sexual Misconduct Policy ("SMP"), not arbitrary or capricious behavior. Where the conduct that Plaintiff alleged the University engaged in is consistent with mere deviations from the SMP, not arbitrary or capricious behavior, the allegations are insufficient to defeat a motion under Rule 12(b)(6). *See Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) (finding plaintiff's complaint was insufficient to survive a Rule 12(b)(6) motion when the defendant's alleged conduct was as consistent with lawful conduct as it is with wrongdoing). Under Indiana law, "deviations from University policy alone will *not* establish a claim for breach of contract." *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1042 (7th Cir. 2021) (citing *Amaya*, 981 N.E.2d at 1241). For Plaintiff's breach of contract claim to survive, Plaintiff was required to allege facts sufficient to support an assertion that the University "undertook 'the conscious doing of a wrong because of dishonest purpose or moral obliquity' or had 'a state of mind affirmatively operating with furtive design or ill will.'" *Id.* (quoting *Amaya*, 981 N.E.2d at 1242). "Inconsequential deviations"

5

from various procedures are not enough. *Id.* Plaintiff's Complaint does not state any facts that could support a reasonable inference that the University acted arbitrarily or in bad faith. As such, it fails to state a claim for breach of contract under Indiana law.

### B. Plaintiff fails to identify any policy provision that may form the basis of a contractual promise, that has been allegedly breached by the University, and that has caused the Plaintiff damages.

The overarching argument on the Motion to Dismiss is that without factual allegations that the University acted arbitrarily or capriciously, Plaintiff's breach of contract claim fails as a matter of law. If the claim is dismissed for that fatal flaw, the remaining individual provisions of the breach of contract claim do not need to be addressed. But even if the Court were to reach a review of the individual policy provisions at issue in the Complaint, none can support a claim for breach of contract. Each provision discussed in Plaintiff's brief fails to satisfy at least one of the required elements to make a claim for breach of contract claim.

Plaintiff identifies six (of the twelve) policy provisions in the Complaint that he deems specific, non-aspirational, and mandatory such as to constitute contractual promises. He points to Butler's definition of "stalking" and states that this definition is an "inherent" promise that conduct that does not meet the definition will not be the basis of a formal investigation. The prospect of an "inherent" promise is contradictory to the rule that policy provisions must be specific and concrete and definite to form the basis of an implied contract. Moreover, a definition is not a contractual promise. The purpose of a disciplinary investigation of alleged stalking is to determine whether the respondent is guilty of stalking as defined by the SMP. Plaintiff still has not

identified how the University's decision to investigate J.F.'s stalking complaint violated any contractual provisions, let alone was a decision made arbitrarily or in bad faith.

Regarding the requirement that parties to an investigation receive access to an appendix of materials gathered in the investigation, Plaintiff's Complaint acknowledges that he did receive the investigator's evidence file. [Filing No. 1, ¶ 88]. He takes issue with the fact that the file contained redactions of student identifiers, but Plaintiff has not identified any promise by the University to provide unredacted materials. Thus, according to the allegations in the Complaint, the University complied with its policy of providing the investigatory materials to the parties.

The remaining provisions identified by Plaintiff concern specific procedures involved in the investigation of a complaint under the SMP. The main problem with Plaintiff's reliance on these provisions is that he was found *not responsible* at the conclusion of the investigation. Plaintiff cannot maintain a breach of contract claim based on assertions of alleged failures to strictly comply with four SMP provisions regarding scheduling of the Title IX hearing and the procedures of the hearing when he has alleged no damages or injuries from the failure to strictly comply with those provisions. Damages are an essential element of any breach of contract claim in Indiana. *See Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). Significantly for Plaintiff, emotional distress damages are not recoverable in actions for breach of contract. *Jaffri v. JPMorgan Chase Bank, N.A.*, 26 N.E.3d 635, 638 (Ind. Ct. App. 2015). Plaintiff alleges damages for having to go through the Title IX hearing

process at all – i.e., "resulting in the waste tens of thousands of dollars spent on advisors to guide Plaintiff through Butler's process." [Filing No. 1 at ¶ 142] Plaintiff's alleged damages are not the result of Butler providing Plaintiff with 13-days' notice of the hearing instead of 14-days, redacting student identifiers from the investigator's report, or not providing the ultimate decision-maker with a copy of the Final Investigative Report.

Plaintiff next addresses the policy provisions identified in the University's Motion to Dismiss as not sufficiently definite or concrete to form contractual promises. Plaintiff asserts that the statement in the SMP that Butler "aims to treat all parties and participants in this process fairly, equitably, and with respect" is sufficiently specific to support a breach of contract claim. This is not borne out by any legal authority. In *Doe v. Univ. of Sciences*, cited by Plaintiff, the holding by the Third Circuit Court of Appeals was that the university's "contractual promises of 'fair' and 'equitable' treatment to those accused of sexual misconduct require at least a real, live, and adversarial hearing and the opportunity of the accused student or his or her representative to cross-examine witnesses—including his or her accusers." 961 F.3d 203, 215 (3rd Cir. 2020). In the next sentence, the court stated, "We do not, however, attempt to prescribe the exact method by which a college or university must implement those procedures." *Id.* Here, not only has the University *not* made any specific promise regarding fairness, but the facts alleged in Plaintiff's Complaint do not support a claim for breach of contract for failure to treat participants fairly and equitably. Plaintiff has not made any allegations that the investigation was one-sided

or unfair to him, and the result of the investigation in his favor would make such an allegation illogical.

Regarding the timeliness of the investigation, the University made no promises to conduct a "timely" investigation. The language of the SMP states that Butler "aims to complete all investigations in a reasonably prompt manner." Again, aspirational statements cannot form the basis of a breach of contract claim. The timeline detailed in the Complaint reflects an approximate 4.5-month period between the date Plaintiff was informed of the complaint and the date the investigator completed his final report. Plaintiff does not identify how this time period was unreasonable or allege any facts which would support an inference that the University acted arbitrarily or in bad faith to delay the investigation.

Lastly, despite the arguments in Plaintiff's Response, it is still apparent that the University made no promises to provide any specific training to its Residence Life staff or to discipline students for allegedly false statements made during an SMP investigation. Even if Plaintiff could show that the University violated these policies *and* did so arbitrarily or in bad faith, Plaintiff has no plausible claim for damages based on the University's decision whether to discipline another student, and Plaintiff has not alleged any damages recoverable under breach of contract owed to the conduct of Residence Life staff.

### C. Plaintiff has not pled unjust enrichment as an alternate theory, and even as an alternate theory, this claim fails due to the existence of an implied contract between the Plaintiff and the University.

While Plaintiff claims to plead unjust enrichment in the alternative to his breach of contract claim, he incorporated all the preceding paragraphs of his

Complaint into his unjust enrichment claim, including allegations that the University violated the implied contract between itself and the Plaintiff. [Filing No. 1, ¶ 155]. A plaintiff cannot make out a claim for unjust enrichment where he claims to be entitled to compensation even though there is no *breach* of the contract between the parties. The existence of a contract is fatal to Plaintiff's unjust enrichment claim. *DiMizio v. Romo*, 756 N.E.2d 1018, 1024-25 (Ind. Ct. App. 2001) ("Unjust enrichment operates when there is no governing contract."). Indiana recognizes the relationship between a university and its students as contractual in nature, and thus, no unjust enrichment claim can exist as a matter of law. Even in the unjust enrichment section of his Response Brief, Plaintiff argues that he paid fees to the University in exchange for an education and was unable to receive the benefit of the education and services he paid for, invoking a contractual relationship.

To be clear, the University's argument in its Motion to Dismiss is not that a contractual relationship does not exist under Indiana law, but rather that Plaintiff has not sufficiently pled that the University *breached* the alleged implied contract. Plaintiff cannot maintain a separate claim for unjust enrichment in that instance.

**D. Plaintiff's claims should be dismissed with prejudice because amendment would be futile.**

A party is not entitled to file an amended complaint where an amended complaint would not survive a second motion to dismiss. *Raveling v. HarperCollins Publishers Inc.*, No. 04-2963, 2005 WL 900232, at *7 (7th Cir. Mar. 4, 2005). As it is, Plaintiff has produced a comprehensive account (in 144 paragraphs of the Compliant) as to the factual basis of his claims, and even if all the factual paragraphs in his

10

Complaint are taken as true, the University bears no liability for breach of contract or unjust enrichment. Plaintiff has not identified how amending his Complaint would save his claims, and there is no indication that amendment would cure any of the legal deficiencies. Allowing Plaintiff to amend his Complaint would simply subject the Defendant to "the arduous task of responding to an obviously futile gesture." *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urb. Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). As such, Plaintiff's Complaint should be dismissed with prejudice.

## Conclusion

Plaintiff has failed to state a claim for breach of contract or unjust enrichment, and amendment of Plaintiff's Complaint would be futile. As such, Plaintiff's claims for breach of contract and unjust enrichment should be dismissed with prejudice.

Respectfully submitted,

*Liberty L. Roberts*
Liberty L. Roberts, Atty. No. 23107-49
Cassie N. Heeke, Atty. No. 36497-49
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060

*Attorney for Butler University*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December 2022, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system.

Jonathan Little
Gabrielle Olshemski
SAEED & LITTLE, LLP
133 W. Market Street #189
Indianapolis, IN 46204
jon@sllawfirm.com
gaby@sllawfirm.com

Stuart Bernstein
Kristen Mohr
Andrew T. Miltenberg
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
sbernstein@nmllplaw.com
kmohr@nmllplaw.com
amiltenberg@nmllplaw.com

*Attorneys for Plaintiff John Doe*

                    *Liberty L. Roberts*
                    Liberty L. Roberts


CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
T:  (317)773-2190 / F:  (317)773-5320
LRoberts@cchalaw.com
CHeeke@cchalaw.com