UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01828-SEB-MG |
| | ) | |
| BUTLER UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

The parties appeared by counsel for a telephonic status and S.D. Ind. L.R. 37-1 discovery conference on May 2, 2023 to discuss Plaintiff's proposed deposition and document subpoenas to nine third-party witnesses who are students at Butler University. Plaintiff and Defendant submitted written positions on the issue to the Court in advance of the conference.

By way of background, Plaintiff is a student at Butler. [*See* Filing No. 1 at 1.] In 2021, another Butler student complained to university officials that Plaintiff was stalking her. [Filing No. 1 at 2.] Butler began a Title IX investigation which culminated in a two-day hearing after which Plaintiff was found "not responsible" for stalking, and Butler did not take any disciplinary or other action against him. [Filing No. 1 at 3-4.] Plaintiff has sued Butler for breach of contract, contending that Butler did not adhere to its own stated policies during the course of its Title IX investigation of Plaintiff. [Filing No. 1 at 29-31.] (Plaintiff also brings an unjust enrichment claim as an alternative to his breach of contract claim.)

Fed. R. Civ. P. 45 provides that courts may quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). In assessing undue burden, courts

consider such factors as relevance, the need for the information, and the burden imposed. *See Morrow v. Air Ride Techs., Inc.*, 2006 WL 559288, at *2 (S.D. Ind. Mar. 6, 2006).

Plaintiff's breach of contract claim focuses on whether Butler breached its contractual obligations to Plaintiff in carrying out its Title IX investigation. This claim is narrow and focuses on the manner in which Butler officials conducted the investigatory and hearing ***process***. Accordingly, the claim before the Court is "substantially circumscribed" and "does not allow [the] Court to retry [Butler's] disciplinary proceeding." *Doe v. Univ. of Maine Sys.*, 365 F. Supp. 2d 6, 13 (D. Me. 2005). In other words, this case will not require the factfinder to determine what happened between Plaintiff and the students who complained about him or who is telling the truth. *See Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 755 (E.D. Tenn. 2009) ("This Court is not asked to make an independent determination as to what happened between the [p]laintiff and the [c]omplainant…."); *Doe v. Univ. of St. Thomas*, 2018 WL 10704607, at *4 (D. Minn. Aug. 6, 2018) (denying plaintiff request to depose complainant where plaintiff has the opportunity to depose the university official conducting the investigation).

The nine students are not parties and have no insight into the actions Butler took or did not take, nor did the nine students conduct the investigation. Furthermore, Plaintiff can obtain information about what information these nine students provided to university personnel as part of the investigation from Butler. *See Tresona Multimedia, LLC v. Legg*, 2015 WL 4911093, at *3 (N.D. Ill. Aug. 17, 2015) ("A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative.").

At this juncture, the Court is inclined to quash subpoenas to the students because the relevance appears to be of limited value. However, Plaintiff may seek leave to depose a particular

student in the future if he is able to specifically identify the nature of the information possessed by the student that bears on his claim that the university failed to follow its policies.

Date: 5/9/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**

3