UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JOHN DOE,**  *Plaintiff,*  v.  **BUTLER UNIVERSITY,**  *Defendant.* | Civ. No. 1:22-cv-01828-SEB-MG |

## PLAINTIFF JOHN DOE'S STATEMENT OF CLAIMS

Plaintiff John Doe ("Plaintiff" or "Doe"), by his attorneys Nesenoff & Miltenberg, LLP, and Saeed & Little, LLP, hereby submits the following statement of claims which he intends to prove at trial, pursuant to this Court's Order of July 14, 2023, ECF No. 54.

*1.  Breach of Contract.*

Plaintiff will prove that the Defendant Butler University ("Defendant" or "Butler") breached their contract with him numerous ways, including but not limited to, the investigation into the stalking charge against him and the harassment he faced from his peers. As Indiana law recognizes that the relationship between a student and educational institution is contractual in nature, with the regulations, handbook, and polices made available to the student comprising the contract (*Amaya v. Brater*, 981 N.E.2d 1235, 1240 (Ind. Ct. App. 2013)), a plaintiff can demonstrate the breaches of contract by showing that defendant breached express policy provisions. Among other policy and procedural deficiencies germanane to this particular case, Butler failed to include sexual orientation in sexual harassment policies.  Plaintiff will demonstrate that Butler University breached their contract with him by: (i) misinterpreting the meaning of

1

stalking, as defined by their policy, by conducting—and later expanding—an investigation into the allegation; (ii) failing to provide meaningful access to critical information in the investigation; (iii) failing to conduct the investigation in a "reasonably prompt" timeframe; (iv) failing to afford proper notice to Plaintiff of the hearing; (v) failing to address the harassment of Plaintiff by B.P. and J.F.; (vi) failing to provide aid to and/or options for Plaintiff when he expressed concerns for his safety, a desire to move his housing, and displayed utter distress over the situation; (vii) failing to enact policies and procedures to protect homosexual students from harassment and bullying; and (viii) failing to offer proper training for their faculty and/or staff to address the harm Plaintiff suffered. Plaintiff will show that he suffered harm as a result of the breaches of contract, including emotional distress, and anxiety, as well as economic damages.

    2.    ***Unjust Enrichment.***

In order to recover for unjust enrichment, a plaintiff must demonstrate that: "(1) he rendered a measurable benefit to the defendant at the defendant's express or implied request; (2) he expected payment from the defendant; and (3) allowing the defendant to retain the benefit without restitution would be unjust." *Neibert v. Perdomo*, 54 N.E.3d 1046, 1051 (Ind. Ct. App. 2016). Plaintiff will show that the Defendant was unjustly enriched by Plaintiff's economic payment of tuition, room and board, and other associated fees because Butler deprived him of the enjoyment of these benefits during the Spring 2021 semester, as he had to depart Defendant's campus due to the harassment and baseless stalking allegations that resulted in the investigation against him.

[signature page to follow]

**Dated:   New York, New York**
          **August 18, 2023**

          **Respectfully submitted,**

          *Attorneys for Plaintiff John Doe*

          **NESENOFF & MILTENBERG, LLP**

          **By: /s/** *Stuart Bernstein, Esq.*
          **Andrew T. Miltenberg, Esq.**
          (***pro hac vice***)
          **Stuart Bernstein, Esq.**
          (***pro hac vice***)
          **Kristen Mohr, Esq.**
          (***pro hac vice***)
          **363 Seventh Avenue, Fifth Floor**
          **New York, New York 10001**
          **(212) 736-4500**
          **amiltenberg@nmllplaw.com**
          **sbernstein@nmllplaw.com**
          **kmohr@nmllplaw.com**

          **Regina M. Federico, Esq.**
          (***pro hac vice***)
          **101 Federal Street, 19th Floor**
          **Boston, Massachusetts 02110**
          **(617) 209-2188**
          **rfederico@nmllplaw.com**


          **SAEED & LITTLE, LLP**

          **By: /s/** *Jonathan Little, Esq.*

          **Jonathan Little, Atty. No. 27421-49**
          **133 W Market Street**
          **Indianapolis, IN 46204**
          **(812) 320-3367**
          **jon@sllawfirm.com**

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on August 18, 2023.

**Liberty L. Roberts, Atty. No. 23107-49**
**Cassie N. Heeke, Atty. No. 36497-49**
**Church Church Hittle + Antrim**
**10765 Lantern Road, Suite 201**
**Fishers, Indiana 46038**

*Attorneys for Defendant Butler University*

BY:    __ U.S. Mail        __ Federal Express

           __ Hand-Delivery    **X** Other: Via CM/ECF

                                  /s/ *Stuart Bernstein*
                                    Stuart Bernstein