UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-1828-SEB-MG |
| | ) | |
| BUTLER UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff John Doe ("Mr. Doe")'s Motion for Leave to File Amended Complaint, [Filing No. 67]. For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Leave.

## I.
### BACKGROUND

On September 15, 2022, Mr. Doe, an undergraduate student, sued Defendant Butler University ("Butler"), alleging breach of contract and unjust enrichment. [Filing No. 1.] Mr. Doe claims that Butler entered into a contract providing, among other things, that in exchange for receipt of payment for Mr. Doe's tuition and fees, it would honor its commitment to apply its internal policies and procedures fully and fairly for his benefit (as well as others'), specifically those provided in its Sexual Misconduct Policy ("SMP"). Mr. Doe's breach-of-contract claim challenges Butler's purported missteps during its investigation into Mr. Doe regarding the report of another Butler student who had alleged that Mr. Doe had stalked her, in violation of the SMP.

Defendant filed a Motion to Dismiss on November 15, 2022. [Filing No 21.] On September 29, 2023, this Court granted in part and denied in part Defendant's Motion to Dismiss. [Filing No.

63.] The Court found that Mr. Doe's allegations regarding his breach of contract claim were sufficient to survive dismissal, but because Mr. Doe erroneously incorporated allegations of the existence of contract between the parties in his unjust enrichment claim, this claim was dismissed without prejudice. The Court provided Mr. Doe opportunity to amend his complaint and cure his pleading error. [Filing No 63 at 16-17.]

Mr. Doe filed the instant motion on October 23, 2023. [Filing No. 67.] Butler filed its response in opposition on November 6, 2023, [Filing No. 71], and Mr. Doe filed his reply on November 13, 2023, [Filing No. 72.]

## II.
### STANDARD OF REVIEW

A party seeking leave to amend after the case management deadline expires is subject to a two-step inquiry. First, the moving party must demonstrate there is good cause for the amendment. Fed. R. Civ. P. 16(b)(4). This first inquiry "considers primarily 'the diligence of the party seeking amendment.'" *Shadeland Station Apartments I, LLC v. RealSource Brokerage Servs., L.C.*, 2011 WL 1769012, at *1 (S.D. Ind. May 5, 2011). If good cause exists, the Court must proceed to evaluate the request to amend under the more liberal gaze of Rule 15.

Under Rule 15, the "court should freely give leave when justice so requires." Fed. R. Civ. P.15(a). But the court "need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when an amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

## III.
### DISCUSSION

Plaintiff argues his Proposed Amended Complaint cures the pleading deficiency of his unjust enrichment claim. [Filing No. 67 at 2.] While Mr. Doe does not make specific mention in

his motion regarding his breach of contract claim, his Proposed Amended Complaint adds to his theories of liability. [*See* Filing No. 67-1 at 31; Filing No. 67-2 at 31.]

Butler responds that while it does not object to amending the Complaint to cure the pleading error on the unjust enrichment claim, it contends Plaintiff is seeking to set forth new breach of contract theories, the defense of which would require extensive additional discovery and cause undue prejudice. [Filing No. 71 at 1-2.] Defendant also argues that the deadline to amend was over long ago, and this undue delay should be reason enough to deny Mr. Doe's request. [Filing No. 71 at 2.]

In reply, and regarding the breach of contract claim, Mr. Doe argues that good cause exists because during discovery in August 2023, he learned of Butler's omission of sexual orientation from its relevant policies and did not have a policy in place preventing harassment based on sexual orientation. [Filing No. 72 at 3.]

## A. DILIGENCE IN FILING LEAVE TO AMEND

First, the Court must address Plaintiff's diligence in filing the pending motion. The case management plan was entered on November 22, 2022, and the deadline to amend the pleadings was set for February 15, 2023. [Filing No. 26.] Plaintiff filed his Motion for Leave on October 23, 2023, more than eight months past the deadline.

"Delay alone is not a sufficient reason to deny a proposed amendment." *Pressley v. Ozaukee County*, 2022 WL 889386, at *2 (E.D. Wis. Mar. 25, 2022) (granting in part a motion to amend where the motion was filed one month after the case management deadline closed and the plaintiff, a full-time college student running a construction company, had been ill with COVID-19. However, "[w]hile delay in itself does not constitute a sufficient bases for denying a motion to amend, the longer the delay, the greater the presumption against granting of leave to amend."

*Martin v. Noble County Sheriff's Dept*, 2020 WL 359141, at *3 (N.D. Ind. Jan. 22, 2020) (quoting *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992). *See also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542 (7th Cir. 2005) (affirming district court's denial of leave to amend where the plaintiff filed for leave nine months after the deadline and failed to establish good cause); *Alito v. Town of Lisbon*, 651 F.3d 715 (7th Cir. 2001) (finding plaintiff lacked good cause to amend more than six months past the scheduling order deadline); *Centurylink Communications, LLC v. Peerless Network, Inc.*, 2019 WL 13076639, at *1 (N.D. Ill. Oct. 1, 2019) (denying a motion for leave to file an amended complaint where plaintiff's motion came three months after the case management deadline). "[T]o defeat an untimely motion to amend, the non-moving party must show a lack of diligence coupled with another reason for denial, such as prejudice to the non-moving party." *Pressley*, 2022 WL 889386, at *1 (citing *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 789-791 (7th Cir. 2011)).

For his part, Plaintiff argues that good cause exists because he is seeking to clarify the theories and examples of his breach of contract claim, made known only recently through discovery, and to correct the pleading deficiency noted by this Court in its Order on Defendant's Motion to Dismiss. [Filing No. 67.]

The Court finds that Plaintiff does not have good cause to amend his complaint by clarifying his breach of contract theories through adding the two additional examples of breaches and that allowing him to do so creates undue prejudice to Defendant. Moreover, the Court notes this is not a situation in which "a grave inequity could result if the court does not allow the amendment." *Pressley*, 2022 WL 889386, at *2. The Court may benefit from a clearer complaint—that is often the case. But that benefit does not overcome the circumstances where Plaintiff seeks to amend his complaint eight months past the deadline to do so. Here, Plaintiff's desire to clarify or improve his breach of contract claim does not equate to the good cause contemplated under Rule 16(b)(4).

While the Court will not permit amendment of the breach of contract claims, Plaintiff is welcome to *argue* that his breach of contract claim, as originally pled, properly encompasses both theories of liability (i.e. harassment through failure to include sexual orientation in its sexual harassment policies and failure to take proper action with respect to Plaintiff's suffering after giving notice to administrators of his state of distress). *See King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014) (noting the court's "strong commitment to the idea that a plaintiff need not plead legal theories in her complaint.")

Lastly, while one can argue that Plaintiff was not reasonably diligent in his other request by filing the motion to amend eight months after he filed this complaint, the Court finds that he has stated good cause for his delay in addressing the pleading deficiency of his unjust enrichment claim outlined by the Court.

Even with good cause, however, a court may deny leave to file an amended complaint under Rule 15(a)(2) because of: (1) undue delay, bad faith, or dilatory motive on the movant's part; (2) repeated failure to cure deficiencies by prior amendments; (3) undue prejudice to the opposing party; or (4) the proposed amendment's futility. *Pressley*, 2022 WL 889386, at *3. The Court proceeds to evaluate Plaintiff's request to correct the pleading deficiencies in his unjust enrichment claim under Rule 15(a)(2).

### B. LEAVE TO CORRECT PLEADING DEFICIENCIES IN UNJUST ENRICHMENT CLAIM

Defendant does not object to the correction of Plaintiff's unjust enrichment claim deficiencies. Leave is granted.

### IV.
### CONCLUSION

Therefore, the Court **DENIES** Plaintiff's Motion for Leave to File Amended Complaint [67] to the extent the Amended Complaint clarifies Plaintiff's breach of contract theories. However, Plaintiff's Motion for Leave to File Amended Complaint [67] is **GRANTED** to the extent Plaintiff

wishes to correct the pleading deficiencies in his unjust enrichment claim. Plaintiff is directed to file an Amended Complaint to in accordance with the above rulings within **three (3) days** from this Order.

Date: 11/29/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**