# Title IX Training:

## An Integrated and Coordinated Approach

Presented By:

**Maureen Holland, Member**

**Devon Riley, Member**

**Peter C. Lim, Member**
**Michael Stackow, Counsel**

**The Institutional Response Group | Cozen O'Connor**
**Gina Maisto Smith, Chair**
**Leslie M. Gomez, Vice Chair**                  **June 15 to 18, 2021**



EXHIBIT

24

DEFT RESP_000780



DEFT RESP_000781

# FRAMING THE CONTEXT



DEFT RESP_000782

# Framing the Conversation





DEFT RESP_000783

# The Context

- Regulatory Framework

- Dynamics of Trauma & Sexual and Gender-Based Harassment and Violence

- Individual Culture, Climate, History, Resources, Policies, Procedures, Personnel and Values of the Institution





5

DEFT RESP_000784

# The Challenge of the Context



Note: Lists of report recipients and relevant laws not exhaustive.

6



DEFT RESP_000786



DEFT RESP_000787

# Federal Regulatory Framework



**1** Title IX

**2** Clery

**3** VAWA

| | | |
|---|---|---|
| ***Title IX of the Education Amendments of 1972*** | ***The Jeanne Clery Act (1990)*** | ***The Violence Against Women Reauthorization Act of 2013*** |
| • Prohibits sex discrimination in educational institutions that receive federal funds | • Requires reporting of crimes, timely warnings, education/prevention programs, and policies and procedures for sexual assault | • Amends Clery to expand sexual assault requirements and include dating violence, domestic violence, and stalking; applies to all students and employees |



DEFT RESP_000788

# Implementation Rubric

- Law
- Regulations
- Guidance
- Preamble and commentary
- OCR webinars, charts, blog
- Policy
- Higher education experience
- Institutional values





DEFT RESP_000789

# Evolution of Federal Legislation and Guidance

**Title IX** passed as part of the Education Amendments of 1972

**Clery Act** passed requiring institutions of higher education to enhance campus safety efforts

**2001 Revised Sexual Harassment Guidance**

**March 7, 2013:** Violence Against Women Reauthorization Act of 2013 (VAWA) amended **Clery Act**

**April 2015:** Title IX Coordinator Guidance and Resource Guide

**June 2016:** Revised Clery Handbook released

**August 14, 2020:** deadline for schools' implementation of new regulations

**November 2018:** Notice of Proposed Rulemaking

**1972 | 1975 | 1990 | 1997 | 2001 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020**

**Title IX Implementing Regulations** published

**1997 Sexual Harassment Guidance** published

**April 4, 2011:** Office for Civil Rights (OCR) releases its "Dear Colleague Letter" (DCL) ushering in a new era of federal enforcement

**October 20, 2014:** Department of Education issues final negotiated rules implementing VAWA; effective July 1, 2015

- **Change in Federal Enforcement Approach**
- **September 22, 2017:** 2011 DCL and 2014 Q&A Rescinded
- 2017 Q&A released

**April 29, 2014:** OCR releases Questions and Answers on Title IX and Sexual Violence

COZEN O'CONNOR

11

DEFT RESP_000790

# The Hierarchy

| Law | Implementing Regulations | Significant Guidance Documents | Guidance Documents | Resolution Agreements and Advisory-ish Guidance |
|---|---|---|---|---|

- Title IX

- Title IX Implementing Regulations (2020)

- 2011 Dear Colleague Letter (Rescinded)
- 2014 Q&A (Rescinded)
- 2017 Q&A (Rescinded)
- Preamble to Title IX Implementing Regulations

- 1997 Sexual Harassment Guidance
- 2001 Revised Sexual Harassment Guidance (Rescinded)
- Dear Colleague Letters
  - Bullying
  - Hazing
  - Title IX Coordinator
  - Retaliation

- Resolution Agreements
- OCR aids and tools
- OCR webinars
- OCR blogs

COZEN O'CONNOR

DEFT RESP_000791

# Recent Court Cases

When a student accused of sexual misconduct faces severe disciplinary sanctions, and the credibility of witnesses (whether the accusing student, other witnesses, or both) is central to the adjudication of the allegation, fundamental fairness requires, at a minimum, that the university provide a mechanism by which the accused may cross–examine those witnesses." *Doe v. Allee*, 242 Cal. Rptr. 3d 109, 136 (Cal. Ct. App. 2019)

In a DV case, the state court ruled, "…procedures were unfair because they denied Respondent a meaningful opportunity to cross-examine critical witnesses at an in-person hearing." *Boermeester v Carry*, No. B290675, 2020 WL 2764406 at *1 (Cal. Ct. App. May 28, 2020)

"If credibility is in dispute and material to the outcome, due process requires cross-examination." *Doe v. Baum* 903 F.3d 575, 585 (6th Cir. 2018)

"[N]otions of fairness in Pennsylvania law include providing the accused with a chance to test witness credibility through some form of cross-examination and a live, adversarial hearing during which he or she can put on a defense and challenge evidence against him or her." *Doe v. Univ. of the Sciences,* No. 19-2966, 2020 WL 2786840 at*5  (3d Cir. May 29, 2020)

U.S. Courts of Appeals and U.S. District Courts

13

DEFT RESP_000792

# The Courts on Due Process and Fundamental Fairness



**2016**

**Doe. Rectors and Visitors of GMU**: 149 F. Supp. 3d 602 (E.D. Va. February 25, 2016) Memorandum Opinion.

**Doe v. Brandeis University**: 177 F.Supp.3d 561 (D. Mass. March 31, 2016).

**Doe v. University of Southern California**: 146 Cal. App. 4th 221 (Cal. App. Ct. April 5, 2016).

**Doe v. Regents of the University of California**: 5 Cal. App. 5th 1055 (Cal. App. Ct. Nov. 22, 2016), review denied (Feb. 15, 2017).

**2017**

**Doe v. Trustees of Boston College**: 2016 WL 5799297 (D. Mass. October 4, 2016)

**Doe v. Claremont McKenna College**: 25 Cal. App. 5th 1055, (Cal. Ct. App. 2018).

**2018**

**Doe v. Baum**: 903 F.3d 575 (6th Cir. 2018).

**2019**

**Doe v. Allee (USC)**: 30 Cal. App. 5th 1036, (Cal. Ct. App. 2019).

**Doe v. Rhodes College**: 2:19-cv-02336 (Western Dist. Tennessee, June 14, 2019).

**Doe v. Purdue University**: 2:17-cv-00033 (U.S. District Court of Appeals for the Seventh Circuit, June 28, 2019)

**2020**

**Boermeester v. Carry**: No. B290675, 2020 WL 2764406 at *1 (Cal. Ct. App. May 28, 2020).

**Doe v. Univ. of the Sciences**: No. 19-2966, 2020 WL 2786840 (3d Cir. May 29, 2020).

DEFT RESP_000793

# The Courts on Due Process and Fundamental Fairness

**2016**

**Doe v. Brandeis University**: Basic fairness requires the university to provide an accused student with: (1) notice of charges, (2) the right to counsel, (3) the opportunity to confront the accuser, (4) cross-examination of evidence or witness statements, and an effective appeal.

**Doe. Rectors and Visitors of GMU**: A university provide an accused student with notice of the full scope of charges.

**Doe v. University of Southern California**:  A university must provide an accused student with supplemental notice if the charges against the respondent change or expand.

**2017**

**Doe v. Regents of the University of California**

**Doe v. Trustees of Boston College**

**Doe v. Claremont McKenna College**: When the respondent faces a severe penalty and the case turns on credibility, the process must provide for a hearing where the respondent may question, if even indirectly, the complainant.

**2018**

**Doe v. Baum**: When credibility is at issue, the Due Process Clause mandates that a university provide accused students a hearing with the opportunity to conduct cross-examination.

15

DEFT RESP_000794

# The Courts on Due Process and Fundamental Fairness



**2019**

**Doe v. Allee (USC)**: Fundamental fairness requires, at a minimum, that the university provide a mechanism by which the accused may cross-examine those witnesses, directly or indirectly, at a hearing before a neutral adjudicator with the power to find facts and make credibility assessments independently.

**Doe v. Rhodes College**: An accused student must be afforded the opportunity to question the complainant and review all relevant evidence prior to the hearing.

**Doe v. Purdue University**: Investigation report must be provided to the parties prior to the hearing and must include summaries of both inculpatory and exculpatory evidence.

**2020**

**Boermeester v. Carry**: In a DV case, the state court ruled, "…procedures were unfair because they denied Respondent a meaningful opportunity to cross-examine critical witnesses at an in-person hearing."

**Doe v. Univ. of the Sciences**: Notions of fairness include providing the accused with some form of cross-examination and a live, adversarial hearing during which he or she can put on a defense and challenge the evidence.

16

DEFT RESP_000795

# THE CLERY ACT



17

DEFT RESP_000796

# The Clery Act (As Amended by VAWA)

**Core Tenets:**

- Governs a school's response to **sexual assault, dating violence, domestic violence and stalking** (and other crimes)

- Applies to Clery-defined crimes reported to **campus security authorities** that occur **on Clery geography**

- Requires procedural and educational components that do not fully align with Title IX requirements

- Requires reporting of **crime statistics** through
  - Daily crime log
  - Annual security report

- Includes a duty to warn/**timely warnings**

18



DEFT RESP_000797

# VAWA:  Prompt, Fair, and Impartial Investigation & Resolution

- **Prompt, fair, and impartial process** from the initial investigation to the final result
- Conducted in a manner consistent with the institution's policies and transparent to the accuser and accused
- The accuser and the accused have **equal opportunities** to have others present, including an **advisor of their choice**
- The accuser and accused are given **timely notice of meetings** at which one or the other or both may be present
- The accuser, the accused, and appropriate officials are given **timely and equal access to information** that will be used during informal and formal disciplinary meetings and hearings



19

DEFT RESP_000798

# VAWA: Prompt, Fair, and Impartial Investigation & Resolution

- Officials are appropriately **trained** and do not have a **conflict of interest or bias** for or against the accuser or the accused

- The proceeding is completed in a **reasonably prompt timeframe**

- Explicit provision noting that institutions may extend their reasonably prompt deadlines for **good cause** with written notice to the accused and accuser of the delay and the reason for the delay

- The accuser and the accused **receive simultaneous notification**, in writing, of the result of the proceeding, the rationale, sanctions, any available appeal procedures, any change to the results that occurs prior to final resolution and when results become final

20



DEFT RESP_000799

# THE FINAL TITLE IX REGULATIONS



21

DEFT RESP_000800

# The Final Title IX Regulations

- 2033 page document issued by the U.S. Department of Education, Office for Civil Rights (OCR) on May 6, 2020

- Includes significant resource materials: a preamble, executive summary, overview of public comments, discussion of directed questions, regulatory impact analysis and other content

- Final regulations are located at page 2008-2033

- Official version (2082 pages) were released May 19, 2020

- Regulations implemented as of August 14, 2020



DEFT RESP_000801

# Regulations Formally Incorporate Sexual Harassment as a Form of Sex Discrimination

- Tile IX obligations related to **sexual harassment as a form of sex discrimination** had not been formally addressed in the regulations

- "These final regulations impose, for the first time, **legally binding rules** on recipients with respect to responding to sexual harassment."

Title IX Regulations issued May 6, 2020; Executive Summary, pp. 15-16



23

DEFT RESP_000802

# Regulations: "Legally Binding Obligations"

- "Because these final regulations represent the Department's interpretation of a recipient's legally binding obligations, **rather than best practices**, recommendations, or guidance, these final regulations focus on **precise legal compliance requirements** governing recipients."

Title IX Regulations issued May 6, 2020; Executive Summary, p. 18

COZEN O'CONNOR

DEFT RESP_000803

# Regulations: "Best Practices"

- "These final regulations leave recipients the **flexibility to choose to follow best practices and recommendations** contained in the Department's guidance, or similarly, best practices and recommendations made by non-Department sources, such as Title IX consultancy firms, legal and social sciences scholars, victim advocacy organizations, civil libertarians and due process advocates and other experts."

Title IX Regulations issued May 6, 2020; Executive Summary, p. 18



DEFT RESP_000804

# **Guidance**

- Preamble
  - Explains the basis and purpose for the final rule
  - Serves a guidance function

- OCR's Policy Guidance Portal available at:
  https://www2.ed.gov/about/offices/list/ocr/front page/faq/rr/policyguidance/index.html

Title IX Regulations issued May 6, 2020; Executive Summary, p. 18



DEFT RESP_000805

# Balancing



DEFT RESP_000806

# Overview of Significant Provisions

- Jurisdiction & Scope
- Notice
- Formal Complaint & Dismissal
- Supportive Measures
- Emergency Removal
- Basic Requirements of Grievance Process
- Written Notice to Parties
- Consolidation

- Investigations
- Hearings
- Determination of Responsibility
- Appeals
- Informal Resolution
- Documentation
- Retaliation
- Training

28



DEFT RESP_000807



# Key Provisions: New Title IX Regulations

DEFT RESP_000808

# **Impact of Final Regulations**

**What is (or Should be) the Same**

- Intake and outreach process

- Supportive measures

- Neutral, impartial and trained implementers

- Investigative protocols

  – Notice

  – Opportunity to be heard

- Documentation

**What is Significantly Different**

- Jurisdiction/scope

- Live hearing

- Cross examination by the advisor

- Proponent of a statement must be subject to cross-examination

- Recipient must provide advisor



30

DEFT RESP_000809

# **Questions for the Group:**

- What were you most concerned about when you first read the Final Title IX regulations?

- Did you see those concerns come to fruition during the past year?

- Have you experienced any unexpected challenges in implementation during the past year?



31

DEFT RESP_000810

# THE BIG THREE



DEFT RESP_000811

# Implementing Regulations

## Regulations Promulgated in 1975

- Designation of responsible employee
- Complaint procedure of recipient
- Notification of policy

## 2020 Final Regulations

- Designation of coordinator
- Adoption of grievance procedures
- Dissemination of policy

Relevant Regulations Sections:
Title IX Coordinator:  §§ 106.8(a) and 106.8(b)(2)(i)
Notice of Non-Discrimination:  § 106.8(b)
Grievance Procedures:  § 106.8(c)

33

COZEN O'CONNOR

DEFT RESP_000812

# Designation of Coordinator

- Each recipient <u>must</u> designate <u>and authorize</u> at least one employee to coordinate its efforts to comply with its responsibilities under this part, its responsibilities under this part, <u>which employee must be referred to as the "Title IX Coordinator."</u>

- <u>Any person may report sex discrimination, including sexual harassment (whether or not the person reporting is the person alleged to be the victim of conduct that could constitute sex discrimination or sexual harassment) . . .</u>

Title IX Regulations issued May 6, 2020; § 106.8(a)

34



DEFT RESP_000813

# Dissemination of Policy

- Each recipient <u>must notify persons entitled to a notification under paragraph (a) of this section that the recipient</u> does not discriminate on the basis of sex in the education program or activity that it operates, and that it is required by title IX and this part not to discriminate in such a manner.

- Such notification <u>must state</u> that the requirement not to discriminate in the education program or activity extends to admission (unless subpart C of this part does not apply) and employment, and that inquiries about the application of title IX and this part to such recipient may be referred to <u>the recipient's Title IX Coordinator</u>, or to the Assistant Secretary, <u>or both</u>.

Title IX Regulations issued May 6, 2020; § 106.8(b)



35

DEFT RESP_000814

# **Adopt Grievance Procedures**

- A recipient <u>must</u> adopt and publish grievance procedures that provide for the prompt and equitable resolution of student and employee complaints alleging any action that would be prohibited by this part <u>and a grievance process that complies with § 106.45 for formal complaints as defined in § 106.30.</u>

- <u>A recipient must provide to persons entitled to a notification under paragraph (a) of this section notice of the recipient's grievance procedures and grievance process, including how to report or file a complaint of sex discrimination, how to report or file a formal complaint of sexual harassment, and how the recipient will respond.</u>

Title IX Regulations issued May 6, 2020; § 106.8(c)



36

DEFT RESP_000815

# SHIFT IN APPROACH & FRAMING PRINCIPLES



DEFT RESP_000816

# Framing Principles

**1**

"A recipient's treatment of a complainant or a respondent in response to a formal complaint of sexual harassment may constitute discrimination on the basis of sex under title IX."

**2**

"A recipient with actual knowledge of sexual harassment in an education program or activity of the recipient against a person in the United States, must respond promptly in a manner that is not deliberately indifferent."

**3**

"A recipient's response must treat complainants and respondents equitably by offering supportive measures . . . to a complainant, and by following a grievance process . . . before the imposition of any disciplinary sanctions or other actions that are not supportive measures . . .against a respondent."

**4**

"A recipient is deliberately indifferent only if its response to sexual harassment is clearly unreasonable in light of the known circumstances."

**5**

"If the Assistant Secretary finds that a recipient has discriminated against persons on the basis of sex in an education program or activity under this part, or otherwise violated this part, such recipient must take such remedial action as the Assistant Secretary deems necessary to remedy the violation."



DEFT RESP_000817

# **Framing Principles**

**1**

"A recipient's treatment of a complainant or a respondent in response to a formal complaint of sexual harassment may constitute discrimination on the basis of sex under title IX."

Title IX Regulations issued May 6, 2020; § 106.45(a)

39



# Framing Principles

**2**

"A recipient with actual knowledge of sexual harassment in an education program or activity of the recipient against a person in the United States, must respond promptly in a manner that is not deliberately indifferent."

Title IX Regulations issued May 6, 2020; § 106.45(a)

40



DEFT RESP_000819

# **Framing Principles**

**3**

"A recipient's response must treat complainants and respondents equitably by offering supportive measures as defined in § 106.30 to a complainant, and by following a grievance process that complies with § 106.45 before the imposition of any disciplinary sanctions or other actions that are not supportive measures as defined in § 106.30, against a respondent."

Title IX Regulations issued May 6, 2020; § 106.45(a)

COZEN O'CONNOR

DEFT RESP_000820

# Framing Principles



"A recipient is deliberately indifferent only if its response to sexual harassment is clearly unreasonable in light of the known circumstances."

Title IX Regulations issued May 6, 2020; § 106.45(a)

42



DEFT RESP_000821

# **Framing Principles**

**5**

"If the Assistant Secretary finds that a recipient has discriminated against persons on the basis of sex in an education program or activity under this part, or otherwise violated this part, such recipient must take such remedial action as the Assistant Secretary deems necessary to remedy the violation."

Title IX Regulations issued May 6, 2020; § 106.45(a)



DEFT RESP_000822

# Understanding Two Key Provisions



Offer Supportive Measure upon Actual Knowledge

Pursue Investigation and Adjudication in Response to a Formal Complaint



44

DEFT RESP_000823

# NOTICE

45



DEFT RESP_000824





Student Procedures
Faculty Procedures
Staff Procedures
Decision
Notice
Actual Knowledge: TIX Coordinator
Actual Knowledge: Official with Authority
Responsible Employee Considerations
Intake
Jurisdiction & Scope
Supportive Measures & Documentation
Option to File a Formal Complaint
Written Notice of Rights and Resources (VAWA)
Formal Complaint
Document Signed by Complainant
Document Signed by TIX Coordinator
Complainant Withdraws
Respondent No Longer Affiliated
Evidence Unavailable
Discretionary Dismissal
Decision
Informal Resolution
May Not Require Engagement
Written Notice
Not SH by Employee on Student
Not Education Program or Activity
Conduct Not Sexual Harassment
Conduct Occurred Outside the U.S.
Mandatory Dismissal
See § 106.45(b)(5)
Investigation
Live Hearing (Can be Virtual)
Separate Decision Maker
Preponderance or Clear and Convincing
Must Allow Cross-Examination by Advisor
All Questions on Cross Subject to Relevancy Determination
Cannot Consider Statements not Subject to Cross
Must Provide Advisor
Hearing
Appeal
Student Procedures
Faculty Procedures
Staff Procedures
Decision
Appeal
Procedural Irregularity
New Evidence
Conflict of Interest
COZEN O'CONNOR
Key Provisions of Title IX Regulations issued May 6, 2020;

# **Notice**

- Notice to the **Title IX Coordinator** or any official of the recipient who has **authority to institute corrective measures** on behalf of the recipient, or to any employee of an elementary or secondary school

Title IX Regulations issued May 6, 2020; § 106.30(a)



47

DEFT RESP_000826



# **Notice**

- **Actual knowledge**, not constructive notice or vicarious liability
    - Can come from personal observation, hearing about it from a complainant or third-party, receiving a written or oral complaint, or by any other means
- The mere ability or obligation to report sexual harassment or to inform a student about how to report sexual harassment, or having been trained to do so, does not qualify an individual as one who has authority to institute corrective measures on behalf of the recipient.

Title IX Regulations issued May 6, 2020; § 106.30(a)

48





# **Notice: Institutional Response**

When a school has **notice**, the Title IX Coordinator must:

1. Promptly contact the complainant to discuss the availability of supportive measures

2. Consider the complainant's wishes with respect to supportive measures

3. Inform the complainant of the availability of supportive measures with or without the filing of a formal complaint

4. Explain to the complainant the process for filing a formal complaint.

Title IX Regulations issued May 6, 2020; § 106.44(a)



49

DEFT RESP_000828

# Practical Considerations & Challenges

- Notice
- Intake
- Formal Complaint
- Decision
- Investigation
- Hearing
- Appeal

- Responsible Employee
  - Higher education institutions have the option to continue to designate responsible employees and require reporting
  - How should an institution decide whether to maintain or move away from responsible employee reporting?
- Centralized Reporting
  - Because responsible employee reporting is no longer required, how can institutions ensure they have necessary information to assess for repeat instances of sexual harassment by a person or within a group?
- Training and Resetting Expectations

50



DEFT RESP_000829

# JURISDICTION AND SCOPE



51

DEFT RESP_000830



Student Procedures
Faculty Procedures
Staff Procedures
Decision
Complainant Withdraws
Respondent No Longer Affiliated
Evidence Unavailable
Discretionary Dismissal
Not Education Program or Activity
Conduct Not Sexual Harassment
Conduct Occurred Outside the U.S.
Mandatory Dismissal
Appeal
Student Procedures
Faculty Procedures
Staff Procedures
Decision
Notice
Intake
Formal Complaint
Decision
Investigation
Hearing
Appeal
Actual Knowledge: TIX Coordinator
Actual Knowledge: Official with Authority
Responsible Employee Consideratio s
Jurisdiction & Scope
Supportive Measures & Documentation
Option to File a Formal Complaint
Written Notice of Rights and Resources (VAWA)
Document Signed by Complainant
Document Signed by TIX Coordinator
Informal Resolution
May Not Require Engagement
Written Notice
Not SH by Employee on Student
See § 106.45(b)(5)
Live Hearing (Can be Virtual)
Separate Decision Maker
Preponderance or Clear and Convincing
Must Allow Cross-Examination by Advisor
All Questions on Cross Subject to Relevancy Determination
Cannot Consider Statements not Subject to Cross
Must Provide Advisor
Procedural Irregularity
New Evidence
Conflict of Interest
COZEN O'CONNOR
Key Provisions of Title IX Regulations issued May 6, 2020;

# What is Prohibited Conduct?

**Prohibited Conduct**

**Title IX**

**Title IX Sexual Harassment, Sexual Assault, Dating Violence, Domestic Violence, Stalking**

On Campus

**Off Campus:** Substantial Control over R and the Conduct

**Off Campus:** Buildings Owned or Controlled by a Recognized Student Organization

**Non-Title IX**

**All forms of Sexual Harassment, Sexual Assault, Dating Violence, Domestic Violence, Stalking, Sexual Exploitation, Retaliation**

Outside the U.S. but still in an Education Program or Activity

Outside the EPA but the conduct has a nexus to the University



# Jurisdiction: Framing Principle

**2**

"A recipient with actual knowledge of sexual harassment in an education program or activity of the recipient against a person in the United States, must respond promptly in a manner that is not deliberately indifferent."

Title IX Regulations issued May 6, 2020; § 106.45(a)

54



DEFT RESP_000833

# Jurisdiction: Education Program or Activity



- "**Education program or activity**" includes:
  - Locations, events, or circumstances over which the recipient exercised **substantial control** over both
    - the respondent and
    - the context in which the sexual harassment occurs, and
  - Any building **owned or controlled by a student organization that is officially recognized** by a postsecondary institution

Title IX Regulations issued May 6, 2020; § 106.44(a)



55

DEFT RESP_000834

# Jurisdiction: Who



- Title IX statute applies to **any person**, in the United States, on the basis of sex, who is excluded from participation in, denied the benefits of, or is subjected to discrimination **under any education program or activity** receiving federal financial assistance.

- **Program** or **activity and program** means all of the operations of—
  – A college, university, or other postsecondary institution, or a public system of higher education; or
  – A local educational agency (as defined in 20 U.S.C. 8801), system of vocational education, or other school system

Title IX of the Education Amendments of 1972; § 20 U.S.C. 1681;
Title IX Implementing Regulations; § 106.2(h)

56





# Jurisdiction: Where

- Applies only to sex discrimination occurring **against a person in the United States** in an education program or activity

  - "The Department reiterates that the 'education program or activity' limitation in the final regulations

    - does not create or apply a geographic test

    - does not draw a line between 'off campus' and 'on campus,' and

    - does not create a distinction between sexual harassment occurring in person versus online."

Title IX Regulations issued May 6, 2020; § 106.8(d); Preamble at 649



57

DEFT RESP_000836

# Jurisdiction:  On Campus



"'[A]ll of the operations' of a recipient (per existing statutory and regulatory provisions), and the additional 'substantial control' language in these final regulations, clearly include all incidents of sexual harassment occurring on a recipient's campus."

Title IX Regulations issued May 6, 2020; Preamble at 624



DEFT RESP_000837

# Jurisdiction:  Off Campus



- "[T]he statutory and regulatory definitions of program or activity along with the revised language in § 106.44(a) clarify that a recipient's Title IX obligations extend to sexual harassment incidents that occur off campus **if any of three** conditions are met:

  – if the off-campus incident occurs as part of the recipient's '**operations**' pursuant to 20 U.S.C. 1687 and 34 CFR 106.2(h);

  – if the recipient exercised **substantial control over the respondent and the context** of alleged sexual harassment that occurred off campus pursuant to § 106.44(a); or

  – if a sexual harassment incident occurs at an off-campus building **owned or controlled by a student organization officially recognized** by a postsecondary institution pursuant to §106.44(a)."

Title IX Regulations issued May 6, 2020; Preamble at 624-5



# Jurisdiction: Course of Conduct



- "In situations involving some allegations of conduct that occurred in an education program or activity, and some allegations of conduct that did not, the recipient **must investigate the allegations of conduct that occurred in the recipient's education program or activity**, and nothing in the final regulations precludes the recipient from choosing to **also address allegations of conduct outside the recipient's education program or activity**.

- For example, if a student is sexually assaulted outside of an education program or activity but subsequently suffers Title IX sexual harassment in an education program or activity, then these final regulations apply to the latter act of sexual harassment, and the **recipient may choose to address the prior assault through its own code of conduct**."

Title IX Regulations issued May 6, 2020; Preamble at 631



# **Jurisdiction: What**



- Narrowed & expanded definition of sexual harassment
  - Quid pro quo
  - Unwelcome conduct determined by a reasonable person to be so **severe, pervasive, and objectively** offensive that it **effectively denies** a person equal access to the recipient's education program or activity
  - Inclusion of sexual assault, dating violence, domestic violence, and stalking as a form of sexual harassment

Title IX Regulations issued May 6, 2020; § 106.30(a)



61

DEFT RESP_000840

# **Practical Considerations & Challenges**



- Policy frameworks
  - How to incorporate non-Title IX conduct
  - How to address other forms of discrimination and harassment
- Coordinating with other conduct codes
  - When can you proceed under another code?
  - When is the jurisdiction determination made?
    - Threshold during initial assessment?
    - Charging decision following investigation
- What about retaliation?

62



DEFT RESP_000841

# SUPPORTIVE MEASURES



DEFT RESP_000842



Student Procedures
Faculty Procedures
Staff Procedures
Decision
Complainant Withdraws
Respondent No Longer Affiliated
Evidence Unavailable
Discretionary Dismissal
Not Education Program or Activity
Conduct Not Sexual Harassment
Conduct Occurred Outside the U.S.
Mandatory Dismissal
Appeal
Student Procedures
Faculty Procedures
Staff Procedures
Decision
Notice
Intake
Formal Complaint
Decision
Investigation
Hearing
Appeal
Actual Knowledge: TIX Coordinator
Actual Knowledge: Official with Authority
Responsible Employee Considerations
Jurisdiction & Scope
Supportive Measures & Documentation
Option to File a Formal Complaint
Written Notice of Rights and Resources (VAWA)
Document Signed by Complainant
Document Signed by TIX Coordinator
Informal Resolution
May Not Require Engagement
Written Notice
Not SH by Employee on Student
See § 106.45(b)(5)
Live Hearing (Can be Virtual)
Separate Decision Maker
Preponderance or Clear and Convincing
Must Allow Cross-Examination by Advisor
All Questions on Cross Subject to Relevancy Determination
Cannot Consider Statements not Subject to Cross
Must Provide Advisor
Procedural Irregularity
New Evidence
Conflict of Interest
Key Provisions of Title IX Regulations issued May 6, 2020;

# **Framing Principles**

**3**

"A recipient's response must treat complainants and respondents equitably by **offering supportive measures** as defined in § 106.30 to a complainant, and by following a grievance process that complies with § 106.45 before the imposition of any disciplinary sanctions or other actions that are not supportive measures as defined in § 106.30, against a respondent."

Title IX Regulations issued May 6, 2020; § 106.45(a)



DEFT RESP_000844

# **Offering Supportive Measures**



- ## The Title IX Coordinator must promptly contact the complainant to:

  - Discuss the **availability** of supportive measures as defined in § 106.30,

  - Consider the **complainant's wishes** with respect to supportive measures,

  - Inform the complainant of the availability of supportive measures with or without the filing of a formal complaint, and

  - Explain to the complainant the process for filing a formal complaint.

Title IX Regulations issued May 6, 2020; §§ 106.45(b)(3) and 106.45(b)(8)





# **Supportive Measures**

- Non-disciplinary, non-punitive individualized services offered as appropriate, as reasonably available, and without fee or charge to the complainant or the respondent before or after the filing of a formal complaint or where no formal complaint has been filed.

- Designed to restore or preserve equal access to the recipient's education program or activity without unreasonably burdening the other party, including measures designed to protect the safety of all parties or the recipient's educational environment, or deter sexual harassment.

Title IX Regulations issued May 6, 2020; § 106.30(a)

67



DEFT RESP_000846



# **Supportive Measures**

- May include counseling, extensions of deadlines or other course-related adjustments, modifications of work or class schedules, campus escort services, mutual restrictions on contact between the parties, changes in work or housing locations, leaves of absence, increased security and monitoring of certain areas of the campus, and other similar measures.

Title IX Regulations issued May 6, 2020; § 106.30(a)



68

DEFT RESP_000847



# **Supportive Measures**

- Must maintain as confidential any supportive measures provided to the complainant or respondent, to the extent that maintaining such confidentiality would not impair the ability of the recipient to provide the supportive measures.

- The Title IX Coordinator is responsible for coordinating the effective implementation of supportive measures.

Title IX Regulations issued May 6, 2020; § 106.30(a)



69

DEFT RESP_000848

# **Documentation**



- Must maintain records of any actions, including any supportive measures, taken in response to a report or formal complaint of sexual harassment

- Must document the basis for its conclusion that its response was not deliberately indifferent, and document that it has taken measures designed to restore or preserve equal access to the recipient's education program or activity

- If a recipient does not provide a complainant with supportive measures, then the recipient must document the reasons why such a response was not clearly unreasonable in light of the known circumstances

Title IX Regulations issued May 6, 2020; § § 106.45(b)(10)(i) (ii)



70

DEFT RESP_000849



# Emergency Removal for Students

- Must undertake an individualized safety and risk analysis and determine that an immediate threat to the physical health or safety of any student or other individual arising from the allegations of sexual harassment justifies removal

- Must provide the respondent with notice and an opportunity to challenge the decision immediately following the removal

Title IX Regulations issued May 6, 2020; § 106.44(c)



71



# **Emergency Removal**

- Where a respondent poses an immediate threat to the physical health or safety of the complainant (or anyone else), § 106.44(c) allows emergency removals of respondents prior to the conclusion of a grievance process (or even where no grievance process is pending), thus protecting the safety of a recipient's community where an immediate threat exist.

Title IX Regulations issued May 6, 2020; Preamble at 566



72

# Emergency Removal



- The Department notes that the final regulations expressly allow a recipient to remove a respondent on an emergency basis and do not prescribe cross-examination as a necessary procedure during the post-removal opportunity to challenge the removal.

- Recipients may also implement supportive measures that restrict students' or employees' contact or communication with others.

- Recipients thus have avenues for addressing serial predator situations even where no victim chooses to participate in a grievance process.

Title IX Regulations issued May 6, 2020; Preamble at 1176-1177



73



# **Administrative Leave**

- Nothing in this subpart precludes a recipient from placing a non-student employee respondent on administrative leave during the pendency of a grievance process that complies with § 106.45.

- This provision may not be construed to modify any rights under Section 504 of the Rehabilitation Act of 1973 or the Americans with Disabilities Act.

Title IX Regulations issued May 6, 2020; § 106.44(d)



DEFT RESP_000853

# Practical Considerations & Challenges

Notice

↓

Intake

↓

Formal Complaint

↓

Decision

↓

Investigation

↓

Hearing

↓

Appeal

- Limited scope allowable for emergency removal
  - Can you remove under code of conduct for lesser standard?
- What are the criteria for appropriate and reasonably available?
- What are measures to protect safety or deter sexual harassment?
- What supportive measures do you have to offer to a non-student/non-employee?
- Ensuring accurate documentation

75



DEFT RESP_000854

# EFFECTIVE PRACTICES



DEFT RESP_000855

# Key Elements of Effective Practices



DEFT RESP_000856

# **Key Elements of Effective Practices**

- Title IX Coordinator
  - Independent
  - Appropriately resourced
- Coordinated multi-disciplinary response team
  - Coordination of information
  - Coordination of personnel
- Privacy v. confidentiality
  - Distinction between confidential resources and reporting options
  - Informed reporting
- Integration of reporting responsibilities:
  - Responsible Employee
  - Campus Security Authority
  - Mandatory reporter of suspected child abuse



DEFT RESP_000857

# Key Elements of Effective Practices

- Uniform policy and procedures for resolution:
  - Complainant autonomy/agency
  - Fair and impartial practices
  - Remedies-based options
  - Sanctions-based options
- Centralized reporting and review process
  - Consistent institutional responses
  - Tracking and monitoring of incidents and climate
- Trauma-informed investigations and practices
- Communication
  - Consistency and transparency
  - At the individual and community level
- Education, prevention and training programs

79



# The Title IX Coordinator

- Coordinates the recipient's compliance with Title IX
- Title IX coordinator must have appropriate authority, access, autonomy, and resources
- Oversees all Title IX complaints
- Identifies and addresses any patterns or systemic problems
- Meets with students and employees as needed
- Should not have other job responsibilities that may create a conflict
- A school may designate more than one coordinator
  - Must have clearly delineated responsibilities
  - Must have titles reflecting supporting role



80

DEFT RESP_000859

# Personnel

- Individual
  - Personal preparation
  - Values-based approach
  - World class effort
  - Humility
  - Cultural competency
  - Warm-heartedness
  - Listen more, speak less
  - Be collaborative

- Structural
  - The gift of time
  - Tone at the top
  - Team building
  - Resources – budget, staffing, materials, professional development
  - Commitment and consistency
  - Clear expectations and enforcement
  - Development of compassionate compliance



81

# Title IX Multi-Disciplinary Team

- Core stakeholders
  - Title IX Coordinator
  - Student conduct
  - Campus safety/police
  - Human resources
  - Dean of faculty
- Additional campus stakeholders
  - Counseling
  - Health center
  - Advocacy

- Community partners
  - Law enforcement
  - Prosecutor
  - Hospital/Medical Providers
  - Community crisis or advocacy centers
    - Rape Crisis Counselors
    - Domestic Violence Counselors

82



DEFT RESP_000861

# **Policy Considerations**

- Easily accessible, identifiable and locatable
- Uniform definitions and high level principles
- Consistent application across the institution
- Procedures may vary by respondent (student, staff, faculty, third party)
- Areas of concern:
  - Intersection between Title IX and Clery
  - Intersection with tenure processes
  - Intersection with collective bargaining agreements



83

DEFT RESP_000862

# Privacy vs. Confidentiality

- Ensure policies clearly identify reporting options and support resources both on and off campus

- Delineate confidential resources vs. non-confidential reporting options in policy and training

- Ensure all employees are familiar with Title IX reporting expectations

- Offer clear and easy to follow guidance about what happens when a report is received

- Foster a climate that encourages reporting by providing consistency in message, policy, procedure, and outcome



84

DEFT RESP_000863

# **Confidential Resources**

- Students or employees wishing to obtain confidential assistance may do so by speaking with professionals who are obligated by law to maintain confidentiality

- Confidential resources generally include medical providers, mental health providers, clergy, and rape crisis counselors

- Exceptions to confidentiality include:
  - Mandatory child abuse reporting
  - Tarasoff imminent risk of harm to self or others
  - State felony or sexual assault reporting

85



DEFT RESP_000864

# Confidential Resources vs. Reporting Options

- Confidential Resources
  - Medical services
  - HIPAA
  - Mental health/counseling
  - Clergy
  - Rape crisis counselor
- Structural Challenges
  - Employees with multiple hats, e.g., counselor and administrator

- Reporting Options
  - Emergency for safety, physical, or emotional
  - Dedicated campus access points
    - Title IX
    - Campus safety/police
    - Student conduct
    - Human resources
  - To any school employee
  - Anonymous
  - Law enforcement

86



DEFT RESP_000865

# Integration and Coordination



DEFT RESP_000866

# Central Review Process Multi-disciplinary Team



Title IX Coordinator

Campus Police

Student Conduct (or staff/faculty processes)

88

DEFT RESP_000867

# Centralized Review Process

- Coordination of information and personnel
  - Clearly delineated roles and responsibilities
  - Build in regular and open lines of communication
  - Sequence events in advance
- Separate support and advocacy from investigation and adjudication
- Design and use template communications

- Central tracking for patterns
- Documentation/records
- Ensure consistent implementation of:
  - Interim measures
  - Determination whether to proceed
  - Investigative practices
  - Sanctions
  - Community remedies
- Transparency in outcomes



89

# **Title IX Intake and Assessment**

- Assess immediate safety and well-being
- Gather basic facts
- Notify of right to contact law enforcement and seek medical treatment
- Notify of importance of preservation of evidence
- Tend to Clery responsibilities:
  - Enter into daily crime log
  - Assess for timely warning

- Assess and implement interim measures
- Provide policies, process options, resources and supports
- Assess for pattern
- Ascertain complainant's wishes
- Discuss barriers to proceeding
- Evaluate individual vs. campus safety

90



DEFT RESP_000869

# FORMAL COMPLAINTS

91



DEFT RESP_000870



Student Procedures
Faculty Procedures
Staff Procedures
Decision
Complainant Withdraws
Respondent No Longer Affiliated
Evidence Unavailable
Discretionary Dismissal
Not Education Program or Activity
Conduct Not Sexual Harassment
Conduct Occurred Outside the U.S.
Mandatory Dismissal
Appeal
Student Procedures
Faculty Procedures
Staff Procedures
Decision
Notice
Intake
Formal Complaint
Decision
Investigation
Hearing
Appeal
Actual Knowledge: TIX Coordinator
Actual Knowledge: Official with Authority
Responsible Employee Considerations
Jurisdiction & Scope
Supportive Measures & Documentation
Option to File a Formal Complaint
Written Notice of Rights and Resources (VAWA)
Document Signed by Complainant
Document Signed by TIX Coordinator
Informal Resolution
May Not Require Engagement
Written Notice
Not SH by Employee on Student
See § 106.45(b)(5)
Live Hearing (Can be Virtual)
Separate Decision Maker
Preponderance or Clear and Convincing
Must Allow Cross-Examination by Advisor
All Questions on Cross Subject to Relevancy Determination
Cannot Consider Statements not Subject to Cross
Must Provide Advisor
Procedural Irregularity
New Evidence
Conflict of Interest
COZEN O'CONNOR
Key Provisions of Title IX Regulations issued May 6, 2020;



# **Formal Complaint**

- Document filed by a complainant or signed by the Title IX Coordinator

- At the time of filing a formal complaint, a complainant **must be participating in or attempting to participate in** the education program or activity of the recipient with which the formal complaint is filed

Title IX Regulations issued May 6, 2020; § 106.30(a)

93



DEFT RESP_000872

# Formal Complaint:  Program or Activity

Notice

↓

Intake

↓

Formal Complaint

↓

Decision

↓

Investigation

↓

Hearing

↓

Appeal

- The following may constitute "**attempting to participate**" in the recipient's education program or activity:
  - Applying (or intending to apply) for admission
  - Indicating a desire to re-enroll if the recipient appropriately responds to sexual harassment allegations
  - Intending to remain involved in alumni programs

- "[The 'education program or activity' requirement] prevents recipients from being legally obligated to investigate **allegations made by complainants who have no relationship with the recipient**, yet still protects those complainants by requiring the recipient to respond promptly in a non-deliberately indifferent manner."

Title IX Regulations issued May 6, 2020; Preamble, see pp. 225, 411, 629



DEFT RESP_000873

# Formal Complaint:  Institutional Response



Upon receipt of a **formal complaint**, the institution:

1.  Must complete the actions required upon receiving notice, if not already completed,

2.  Must evaluate jurisdiction and required/discretionary dismissal,

3.  Should assess appropriate supportive measures for both parties,

4.  Should evaluate the need for any other measures, including emergency removal/administrative leave,

5.  Must initiate a grievance process that complies with § 106.45

Title IX Regulations issued May 6, 2020; § 106.30(a)



95

DEFT RESP_000874

# Formal Complaint:  Required Dismissal

| Flowchart |
|-----------|
| Notice |
| Intake |
| Formal Complaint |
| Decision |
| Investigation |
| Hearing |
| Appeal |

- **Must** dismiss if:
  - Conduct would not constitute sexual harassment even if proved,
  - Conduct did not occur in the recipient's education program or activity, or
  - Conduct did not occur against a person in the United States.
- Such a dismissal does not preclude action under another provision of the recipient's code of conduct

Title IX Regulations issued May 6, 2020; § 106.45(b)(3)

96



DEFT RESP_000875

# Formal Complaint:  Discretionary Dismissal

- **May** dismiss the formal complaint or any allegations therein if:

  - A complainant notifies the Title IX Coordinator in writing that the complainant would like to withdraw the formal complaint or any allegations,

  - The respondent is no longer enrolled or employed by the recipient, or

  - Specific circumstances prevent the recipient from gathering evidence sufficient to reach a determination.

Title IX Regulations issued May 6, 2020; § 106.45(b)(3)

Notice

↓

Intake

↓

Formal Complaint

↓

Decision

↓

Investigation

↓

Hearing

↓

Appeal

97



DEFT RESP_000876

# Dismissal of Formal Complaint



- Upon a dismissal required or permitted, the recipient must promptly send **written notice** of the dismissal and reason(s) therefor simultaneously to the parties

- Must offer both parties an **appeal** from a recipient's dismissal of a formal complaint or any allegations therein

Title IX Regulations issued May 6, 2020; §§ 106.45(b)(3) and 106.45(b)(8)



98

DEFT RESP_000877

# Practical Considerations & Challenges



- Criteria for when the Title IX Coordinator files the formal complaint

- Process for evaluating dismissal

- Appeal from dismissal

- Proceeding under other policies

  – Policy frameworks

  – When is charging under a code of conduct retaliation?

- Timing of analysis for dismissal



DEFT RESP_000878



DEFT RESP_000879

# BASIC REQUIREMENTS OF GRIEVANCE PROCESSES



DEFT RESP_000880



Student Procedures
Faculty Procedures
Staff Procedures
Decision
Notice
Actual Knowledge: TIX Coordinator
Actual Knowledge: Official with Authority
Responsible Employee Considerations
Intake
Jurisdiction & Scope
Supportive Measures & Documentation
Option to File a Formal Complaint
Written Notice of Rights and Resources (VAWA)
Formal Complaint
Document Signed by Complainant
Document Signed by TIX Coordinator
Complainant Withdraws
Respondent No Longer Affiliated
Evidence Unavailable
Discretionary Dismissal
Decision
Informal Resolution
May Not Require Engagement
Written Notice
Not SH by Employee on Student
See § 106.45(b)(5)
Not Education Program or Activity
Conduct Not Sexual Harassment
Conduct Occurred Outside the U.S.
Mandatory Dismissal
Investigation
Live Hearing (Can be Virtual)
Separate Decision Maker
Preponderance or Clear and Convincing
Must Allow Cross-Examination by Advisor
All Questions on Cross Subject to Relevancy Determination
Cannot Consider Statements not Subject to Cross
Must Provide Advisor
Appeal
Hearing
Student Procedures
Faculty Procedures
Staff Procedures
Decision
Appeal
Procedural Irregularity
New Evidence
Conflict of Interest
Key Provisions of Title IX Regulations issued May 6, 2020;



# Basic Requirements

- **Treat complainants and respondents equitably** by providing **remedies** to a complainant where a determination of responsibility for sexual harassment has been made against the respondent, and by following a **grievance process** that complies with this section before the imposition of any disciplinary sanctions or other actions that are not supportive measures as defined in § 106.30, against a respondent.

Relevant Regulations Sections:
Equitable Treatment: §§ 106.44(a) and 106.45(b)(1)(i)



DEFT RESP_000882

# **Basic Requirements**



- Require an objective evaluation of all relevant evidence
  - Including both inculpatory and exculpatory evidence
  - Credibility determinations may not be based on a person's status
- Implementers must be trained and free from conflict of interest or bias for or against complainants or respondents generally or an individual complainant or respondent

Relevant Regulations Sections:
Equitable Treatment:  §§ 106.44(a) and 106.45(b)(1)(i)
Objective evaluation of all relevant evidence:  § 106.45(b)(1)(ii)
Training and avoidance of conflicts or bias:  § 106.45(b)(1)(iii)

104



DEFT RESP_000883

# Basic Requirements



- **Presumption that the respondent is not responsible** for the alleged conduct until a determination regarding responsibility is made at the conclusion of the grievance process

- Include reasonably prompt time frames for conclusion of the grievance process with permissible delay for good cause

- Describe the range (or list) of possible disciplinary sanctions and remedies

Relevant Regulations Sections:
Equitable Treatment:  §§ 106.44(a) and 106.45(b)(1)(i)
Objective evaluation of all relevant evidence:  § 106.45(b)(1)(ii)
Training and avoidance of conflicts or bias:  § 106.45(b)(1)(iii)

105

COZEN
O'CONNOR

DEFT RESP_000884



# **Basic Requirements**

- State whether the **standard of evidence** to be used to determine responsibility is the preponderance of the evidence standard or the clear and convincing evidence standard,

  - Apply the same standard of evidence for formal complaints against students as for formal complaints against employees, including faculty

  - Apply the same standard of evidence to all formal complaints of sexual harassment

Title IX Regulations issued May 6, 2020; §§ 106.45(b)(1)(vii) and 106.45(b)(7)(i)



106

DEFT RESP_000885



# **Basic Requirements**

- Include the procedures and permissible bases for the complainant and respondent to appeal

- Describe the range of supportive measures available

- Not require, allow, rely upon, or otherwise use questions or evidence that constitute, or seek disclosure of, **information protected under a legally recognized privilege**, unless the person holding such privilege has waived the privilege

Relevant Regulations Sections:
Appeal:  §§ 106.45(b)(1)(viii) and 106.45(b)(7)(ii)(F)
Range of Supportive Measures:  § 106.45(b)(1)(ix)
Waiver of Privilege:  § 106.45(b)(1)(x)

107



DEFT RESP_000886

# **Practical Considerations & Challenges**



- How does the standard of evidence alignment impact:
  - Faculty codes
  - Staff procedures
  - Collective bargaining agreements
- Creating an evidentiary code



108

DEFT RESP_000887

# INVESTIGATIONS



DEFT RESP_000888



# Key Provisions: New Title IX Regulations

Notice
- Actual Knowledge: TIX Coordinator
- Actual Knowledge: Official with Authority
- Responsible Employee Considerations

Intake
- Jurisdiction & Scope
- Supportive Measures & Documentation
- Option to File a Formal Complaint
- Written Notice of Rights and Resources (VAWA)

Formal Complaint
- Document Signed by Complainant
- Document Signed by TIX Coordinator

Decision

Student Procedures
Faculty Procedures
Staff Procedures

Discretionary Dismissal
- Complainant Withdraws
- Respondent No Longer Affiliated
- Evidence Unavailable

Informal Resolution
- May Not Require Engagement
- Written Notice
- Not SH by Employee on Student

Mandatory Dismissal
- Not Education Program or Activity
- Conduct Not Sexual Harassment
- Conduct Occurred Outside the U.S.

Investigation
- See § 106.45(b)(5)

Hearing
- Live Hearing (Can be Virtual)
- Separate Decision Maker
- Preponderance or Clear and Convincing
- Must Allow Cross-Examination by Advisor
- All Questions on Cross Subject to Relevancy Determination
- Cannot Consider Statements not Subject to Cross
- Must Provide Advisor

Appeal

Decision

Student Procedures
Faculty Procedures
Staff Procedures

Appeal
- Procedural Irregularity
- New Evidence
- Conflict of Interest

Key Provisions of Title IX Regulations issued May 19, 2020;

COZEN O'CONNOR

DEFT RESP_000889

# **Investigative Principles**

- Open-ended and thorough inquiry
- Equitable opportunities for the parties to participate
- The conduct of the investigation matters
- Separating intake/support from investigation
- Maintaining and reinforcing impartiality
  - Screening for conflicts of interest or bias
  - Attention to language and communications
- Trained and experienced investigators

111



DEFT RESP_000890

# Regulations: "Legally Binding Obligations"

- "Because these final regulations represent the Department's interpretation of a recipient's legally binding obligations, **rather than best practices**, recommendations, or guidance, these final regulations focus on **precise legal compliance requirements** governing recipients."

Title IX Regulations May 19, 2020; Preamble, 85 F.R. 30030

112

COZEN O'CONNOR

DEFT RESP_000891

# Regulations: "Best Practices"

- "These final regulations leave recipients the **flexibility to choose to follow best practices and recommendations** contained in the Department's guidance, or similarly, best practices and recommendations made by non-Department sources, such as Title IX consultancy firms, legal and social sciences scholars, victim advocacy organizations, civil libertarians and due process advocates and other experts."

Title IX Regulations May 19, 2020; Preamble, 85 F.R. 30030



DEFT RESP_000892

# Setting the Stage - Investigations

## Institutional Obligations

**Conduct Investigation**
Burden of gathering evidence sufficient to reach a determination regarding responsibility

**Facilitate Evidence Review**
Evidence directly related to the allegations

**Prepare Report**
Relevant evidence

## Parties' Opportunity to Participate

**Investigation**
- Opportunity to present witnesses and other inculpatory and exculpatory evidence
- No restrictions on ability to discuss allegations

**Evidence Review**
- Opportunity to inspect and review evidence
- Ability to submit a written response to the evidence

**Report**
- Ability to submit a written response to the investigative report
- Ability to provide context to the evidence and prepare for the hearing



114

DEFT RESP_000893

# Overview

- Obligation to Investigate
- Basic Requirements of Grievance Processes
- Pre-Investigation Considerations
- Consolidation of Formal Complaints
- Investigation - Evidence Gathering
- Evidentiary Considerations
- Evidence Review
- Investigative Report
- Reasonably Prompt Time Frames



115

DEFT RESP_000894

# OBLIGATION TO INVESTIGATE



116

DEFT RESP_000895

# Resolution Process





Formal Complaint

Informal Resolution

Formal Resolution

117



# Complainant Agency & Autonomy

- "The final regulations promote clarity as to recipient's legal obligations, and **promote respect for each complainant's autonomy**, by distinguishing between a complainant's report of sexual harassment, on the one hand, and the filing of a formal complaint that has initiated a grievance process against a respondent, on the other hand**.**"

- "The Department acknowledges that **a recipient should respect the complainant's autonomy and wishes** with respect to a formal complaint and grievance process **to the extent possible**."

Title IX Regulations May 19, 2020, Preamble, 85 F.R. 30282; 30219.



DEFT RESP_000897

# Reports vs. Formal Complaints

- The new regulations distinguish and separate a recipient's obligation to **respond to a report** of sexual harassment from a recipient's **obligation to investigate formal complaints** of sexual harassment

  – If students would like supportive measures but do not wish to initiate an investigation…they may make a report of sexual harassment.

  – If students would like supportive measures and also would like the recipient to initiate an investigation…they may file a formal complaint.

Title IX Regulations May 19, 2020; Preamble, 85 F.R. 30189



119

DEFT RESP_000898

# Reinforcing Agency & Autonomy

- Balancing a recipient's obligation to respond to instances of sexual harassment with a complainant's autonomy

  – A rigid requirement such as an investigation in every circumstance may chill reporting of sexual harassment…

  – A student may receive supportive measures irrespective of whether the student files a formal complaint…these final regulations encourage students to report sexual harassment while allowing them to exercise some control over their report.

Title IX Regulations May 19, 2020; Preamble, 85 F.R. 30190



120

DEFT RESP_000899

# The Obligation to Investigate

- Formal complaint:
  - A document filed by a complainant or signed by the Title IX Coordinator alleging sexual harassment against a respondent and
  - Requesting that the recipient investigate the allegation of sexual harassment
- Once a formal complaint is filed, a recipient **must** investigate the allegations in that complaint
  - The Department believes that where a complainant has chosen to file a formal complaint, or the Title IX Coordinator has decided to sign a formal complaint, the recipient must investigate those allegations regardless of the merits of the allegations. (emphasis in original)

Title IX Regulations May 19, 2020 §106.30 Definitions and §106.45(b)(3)
Dismissal of a formal complaint; 85 F.R. 30574



121

# Investigation Requirements

| Formal Complaint | Notice of Allegations | Investigation | Evidence Review | Written Responses to Evidence | Investigative Report | Written Responses to Report |
|---|---|---|---|---|---|---|
| Filed by Complainant or Signed by Title IX Coordinator | With sufficient Detail and time for a party to prepare for an initial interview | Thorough search for relevant facts and evidence<br><br>Conducted by a trained investigator who is free from conflicts of interest or bias | Of any evidence that is directly related to the allegations | 10-day review period<br><br>Parties may submit written response | Fairly summarizes relevant evidence<br><br>Includes inculpatory and exculpatory evidence | 10-day review period<br><br>Parties may submit written response |



122

DEFT RESP_000901

# PRE-INVESTIGATION CONSIDERATIONS

123



DEFT RESP_000902

# Pre-Investigation Considerations

- Choice of Investigator
  - Internal or external professional
  - Sufficient training and experience
  - Free from conflict of interest or bias
- Investigative Protocols
- Template Communications
- Notice of Allegations
- Consolidation of Formal Complaints



124

# Separating Support from Investigations

- Separate support/advocacy/intake functions from investigative/adjudicative functions to reduce potential for conflict of interest or perception of bias

- Conflation of roles can:
  - Impact thorough assessment of the facts
  - Create distrust/confusion by complainant
  - Give appearance of bias/lack of impartiality



DEFT RESP_000904

# **Separating Support from Investigations**

- Reinforce neutrality in language and communications

- Ensure sufficient resources for timely response

- Consider creative models for separation of intake from support from investigation from decision-making



DEFT RESP_000905

# Removal of Bias or Conflict of Interest

- "Section 106.44(c) does not preclude a recipient from using Title IX personnel trained under §106.45(b)(1)(iii) to make the emergency removal decision or conduct a post-removal challenge proceeding, but **if involvement with the emergency removal process results in bias or conflict of interest for or against the complainant or respondent,** §106.45(b)(1)(iii) would preclude such personnel from serving in those roles during a grievance process."

Title IX Regulations May 19, 2020, Preamble, 85 F.R. 30235.



DEFT RESP_000906

# **Written Notice of all Proceedings**

Notice → Intake → Formal Complaint → Decision → **Investigation** → Hearing → Appeal

- Written notice of all hearings, investigative interviews or other meetings
- With sufficient time for the party to prepare to participate
- Notice must include:
  - Date, time, location of proceeding
  - Participants invited or expected to attend
  - Purpose of the proceeding

Title IX Regulations May 19 2020; §106.45(b)(5)(v) 85 F.R. 30424
.



128

DEFT RESP_000907

# **Written Notice of Allegations**

Notice

↓

Intake

↓

Formal
Complaint

↓

Decision

↓

Investigation

↓

Hearing

↓

Appeal

- Must provide written notice of the allegations.
  - Sufficient time to prepare a response before any initial interview
  - Sufficient details known at the time
    - identities of the parties, if known;
    - the conduct alleged to constitute sexual harassment; and
    - the date and location of the alleged incident, if known.

Title IX Regulations May 19, 2020; § 106.45(b)(2) 85 F.R. 30576



129

# **Written Notice of the Allegations**

Notice
↓
Intake
↓
Formal Complaint
↓
Decision
↓
Investigation
↓
Hearing
↓
Appeal

— Must state that:

- the respondent is presumed not responsible for the alleged conduct
- a determination regarding responsibility is made at the conclusion of the grievance process

— Must inform the parties:

- they may have an advisor of their choice
- they may inspect and review evidence gathered
- of a prohibition against knowingly making false statements or knowingly submitting false information

Title IX Regulations May 19, 2020; § 106.45(b)(2) 85 F.R. 30576


COZEN O'CONNOR

130

DEFT RESP_000909

# **Written Notice of Allegations**



- The notice of the allegations must:
  - Be provided with sufficient time for a party to prepare a response before an initial interview
    - While the initial notice must be sent "upon receipt" of a formal complaint, with "sufficient time" for a party to prepare for an initial interview, such provisions do not dictate a specific time frame for sending the notice, leaving recipients flexibility to, for instance, inquire of the complainant details about the allegations that should be included in the written notice that may have been omitted in the formal complaint.

Title IX Regulations May 19, 2020; §106.45(b)(2); Preamble 85 F.R. 30283

131



DEFT RESP_000910

# **Supplemental Notice**



- If during the investigation, the recipient decides to investigate allegations about the complainant or respondent that are not included in the original notice, the recipient must provide notice of the additional allegations to the parties whose identities are known.

- The Preamble makes it clear that any supplemental notice must be in writing.

  – Although § 106.45(b)(2) requires subsequent written notice to the parties as the recipient discovers additional potential violations…

Title IX Regulations May 19, 2020 §106.45(b)(2)(ii); Preamble 85 F.R. 30283



132

# **Practical Considerations**

- Checkpoints for additional policy violations
  - Post complainant interview
  - Post respondent interview
  - Post evidence review
- Procedural due process: "Notice"
- Consider similar checkpoints for mandatory dismissal of the formal complaint

133



DEFT RESP_000912

# CONSOLIDATION OF FORMAL COMPLAINTS



DEFT RESP_000913

# **Consolidation of Formal Complaints**



- A recipient **may** consolidate formal complaints as to allegations of sexual harassment against more than one respondent, or by more than one complainant against one or more respondents, or by one party against the other party, **where the allegations of sexual harassment arise out of the same facts or circumstances**.

Title IX Regulations May 19, 2020; §106.45(b)(4) 85 F.R. 30576



135

DEFT RESP_000914

# Consolidation of Formal Complaints



- The requirement for the same facts and circumstances means that the multiple complainants' allegations are so intertwined that their allegations directly relate to all the parties.

Title IX Regulations May 19, 2020 Preamble 85 F.R. 30436



136

DEFT RESP_000915

# Consolidation of Formal Complaints



- The Department believes that recipients and parties will benefit from knowing that recipients have discretion to consolidate formal complaints...

- Intended to give "discretion" to consolidate formal complaints that arise "out of the same facts or circumstances and involve more than one complainant, more than one respondent, or what amount to counter-complaints by one party against the other."

Title IX Regulations May 19, 2020; Preamble 85 F.R. 30291



137

DEFT RESP_000916

# Consolidation of Formal Complaints



- If the respondent is facing an additional allegation, the respondent has a right to know what allegations have become part of the investigation for the same reasons the initial written notice of allegations is part of a fair process, and the complainant deserves to know whether additional allegations have (or have not) become part of the scope of the investigation.

- This information allows both parties to meaningfully participate during the investigation, for example by gathering and presenting inculpatory or exculpatory evidence (including fact and expert witnesses) relevant to each allegation under investigation.

Title IX Regulations May 19, 2020; Preamble 85 F.R. 30283



138

# Application to Specific Circumstances

- Multiple instances of a respondent engaging in misconduct towards the same complainant

- Multiple allegations by same complainant against same respondent

- Multiple allegations by different complainants against same respondent

- Respondent alleges complainant has engaged in past misconduct involving false reports



139

DEFT RESP_000918

# **Practical Considerations**

- Process for determining whether to consolidate formal complaints
  - – Identify decision-makers
  - – Identify criteria for consolidation
- Opportunity to contest consolidation?



140

# EVIDENCE GATHERING



141

DEFT RESP_000920

# **Burden of Gathering Evidence**



- Ensure that the burden of proof and the burden of gathering evidence rests on the recipient and not on the parties

    – The recipient's burden is <span style="color:red">to gather evidence sufficient to reach a determination</span> regarding responsibility

Title IX Regulations May 19, 2020; §106.45(b)(5)(i) FN 562 .



DEFT RESP_000921

# Burden of Gathering Evidence



- Undertake **a thorough search for relevant facts and evidence** pertaining to a particular case, while operating under the constraints of conducting and concluding the investigation under designated, reasonably prompt time frames and without powers of subpoena.

- Such conditions limit the extensiveness or comprehensiveness of a recipient's efforts to gather evidence while reasonably expecting the recipient to gather evidence that is available.

Title IX Regulations May 19, 2020; Preamble at 30292.



143

DEFT RESP_000922

# Burden of Gathering Evidence



- The investigator is obligated to **gather evidence directly related to the allegations** whether or not the recipient intends to rely on such evidence (for instance, where evidence is directly related to the allegations but the recipient's investigator does not believe the evidence to be credible and thus does not intend to rely on it).

Title IX Regulations May 19, 2020; Preamble at 30248-49.



144

# **Opportunity to Participate**



- Not restrict the ability of either party to discuss the allegations under investigation or to gather and present relevant evidence.

Title IX Regulations May 19, 2020; §106.45(b)(5)(ii) ; 85 F.R. 30422-23.

145



DEFT RESP_000924

# **Witnesses & Evidence**



- Provide an equal opportunity for the parties to present witnesses and evidence
  - Fact and expert witnesses
  - Inculpatory and exculpatory evidence

Title IX Regulations May 19, 2020; §106.45(b)(5)(iii) ; 85 F.R. 30576.

146



# Practical Considerations & Effective Practices

- Preparing for interview
- Interview protocols and templates for introduction, scope and conclusion
- Documenting interviews
  - Note-taking vs. recording
  - Use of two investigators
- Decision-points
  - Sharing interviews with the parties for feedback
  - Considerations regarding character witnesses
  - Guidance about expert witnesses
  - Compelling witness participation



147

# Practical Considerations for Remote Interviews

- Developing rapport
  - Allow additional time for the interview
  - Conversational language and tone
  - Avoid distractions
- Privacy considerations
  - Ensuring a private setting
  - Facilitating the presence of advisor of choice
- Sharing documents



DEFT RESP_000927

# **Advisor of Choice**



- Provide the parties with the same opportunities to have others present during any grievance proceeding, including the opportunity to be accompanied to any related meeting or proceeding by the advisor of their choice, who may be, but is not required to be, an attorney.

- A recipient may establish restrictions on advisors' participation, as long as the restrictions apply equally to both parties.

Title IX Regulations May 19, 2020; §106.45(b)(5)(iv). 85 F.R. 30576



149

DEFT RESP_000928

# Restrictions on Advisor Participation



- We do not believe that specifying what restrictions on advisor participation may be appropriate is necessary, and we decline to remove the discretion of a recipient to restrict an advisor's participation so as not to unnecessarily limit a recipient's flexibility to conduct a grievance process that both complies with § 106.45 and, in the recipient's judgment, best serves the needs and interests of the recipient and its educational community.

Title IX Regulations May 19, 2020; Preamble 85 F.R.30298



150

# Restrictions on Advisor Participation



- "Section 106.45(b)(5)(iv) (allowing recipients to place restrictions on active participation by party advisors) and the revised introductory sentence to § 106.45(b) (requiring any rules a recipient adopts for its grievance process other than rules required under § 106.45 to apply equally to both parties) would, for example, **permit a recipient to require parties personally** to answer questions posed by an investigator during an interview, or personally to make any opening or closing statements the recipient allows at a live hearing, so long as such rules apply equally to both parties."

Title IX Regulations May 19 2020; Preamble at 30298.



151

# **Training of Advisors Not Required**



- The final regulations do not require training for advisors of choice. This is because the recipient is responsible for reaching an accurate determination regarding responsibility while remaining impartial, yet a party's ability to rely on assistance from an advisor should not be limited by imposing training requirements on advisors, who by definition need not be impartial because their function is to assist one particular party.

Title IX Regulations May 19 2020; Preamble at 30333.



152

DEFT RESP_000931

# Training of Advisors Not Required



- To allow recipients to meet their obligations with as much flexibility as possible, the Department declines to require recipients to pre-screen a panel of assigned advisors from which a party could make a selection at a hearing, or to require provided advisors to receive training from the recipient.

Title IX Regulations May 19 2020; Preamble at 30340-41.



153

DEFT RESP_000932

# **Practical Considerations & Effective Practices**

- Process meeting to discuss policy, decorum, and expectations

- Requirement that advisors:
    - Review policy in advance
    - Acknowledge decorum expectations
    - Acknowledge privacy protections regarding documents

- Consider the importance of continuity in process re: advisor given requirement to provide an advisor at the hearing

154



DEFT RESP_000933

# EVIDENTIARY CONSIDERATIONS



DEFT RESP_000934

# **Evidentiary Considerations**

- Privileged Information & Records

- Relevance

- Prior Sexual History

- Prior or Subsequent Misconduct

- Directly Related Evidence

- Setting Evidentiary Rules

156



DEFT RESP_000935

# **Privileged Information**



- Not require, allow, rely upon, or otherwise use questions or evidence that constitute, or seek disclosure of, **information protected under a legally recognized privilege**, unless the person holding such privilege has waived the privilege

Title IX Regulations May 19, 2020; § 106.45(b)(1)(x) 85 F.R.30361



157

DEFT RESP_000936

# **Privileged Records**



- Recipient cannot access, consider, disclose, or otherwise use a party's records that are made or maintained by a physician, psychiatrist, psychologist, or other recognized professional or paraprofessional acting in the professional's or paraprofessional's capacity, or assisting in that capacity, and which are made and maintained in connection with the provision of treatment to the party, unless the recipient obtains that party's **voluntary, written consent** to do so for a grievance process under this section.

Title IX Regulations May 19, 2020; § 106.45(b)(5)(i) 85 F.R.30423



158

DEFT RESP_000937

# **Relevance**



- The final regulations do not define relevance, and the ordinary meaning of the word should be understood and applied.

Title IX Regulations May 19, 2020; Preamble at 30247, FN 1018.



159

DEFT RESP_000938

# **Relevance**



- "While the proposed rules do not speak to
  - – admissibility of hearsay,
  - – prior bad acts,
  - – character evidence,
  - – polygraph (lie detector) results,
  - – standards for authentication of evidence,
  - – or similar issues concerning evidence,
- the final regulations require recipients to **gather and evaluate relevant evidence**, with the understanding that . . .

Title IX Regulations May 19, 2020; Preamble at 30247, footnotes omitted.



160

DEFT RESP_000939

# Relevance



- this includes **both inculpatory and exculpatory evidence**, and

- the final regulations deem questions and evidence about a complainant's prior sexual behavior to be **irrelevant** with two exceptions, and

- preclude use of any information protected by a **legally recognized privilege** (e.g., attorney-client)**.**"

Title IX Regulations May 19, 2020; Preamble at 30247, footnotes omitted.



161

DEFT RESP_000940

# Prior Sexual History



- Questions and evidence about the complainant's sexual predisposition or **prior sexual behavior** are not relevant, unless such questions and evidence about the complainant's prior sexual behavior are offered:
  - To prove that someone other than the respondent committed the conduct alleged by the complainant, or
  - To prove consent, if the questions and evidence concern specific incidents of the complainant's prior sexual behavior with respect to the respondent.

Title IX Regulations May 19, 2020; §§ 106.45(b)(1)(iii) and 106.45(b)(6) 85 F.R.30461

162

COZEN O'CONNOR

DEFT RESP_000941

# Prior Sexual History

- Only applies to complainants
  - The Department reiterates that the rape shield language in this provision does not pertain to the sexual predisposition or sexual behavior of respondents, so **evidence of a pattern of inappropriate behavior by an alleged harasser** must be judged for relevance as any other evidence must be.

Title IX Regulations May 19, 2020; §§ 106.45(b)(1)(iii) and 106.45(b)(6); Preamble 85 F.R.30353

Notice → Intake → Formal Complaint → Decision → Investigation → Hearing → Appeal

163



DEFT RESP_000942

# Prior Sexual History: Motive



- The Department disagrees that the rape shield language is too broad. Scenarios described by commenters, where a respondent might wish to prove the complainant had a motive to fabricate or conceal a sexual interaction, do not require admission or consideration of the complainant's sexual behavior.

- Respondents in that scenario could probe a complainant's motive by, for example, inquiring whether a complainant had a dating or romantic relationship with a person other than the respondent, without delving into a complainant's sexual behavior; sexual behavior evidence would remain irrelevant in such circumstances.

Title IX Regulations May 19, 2020; §§ 106.45(b)(1)(iii) and 106.45(b)(6); Preamble at 30351.



164

# Prior or Subsequent Misconduct

- The regulations do not prohibit the use of prior or subsequent misconduct
  - "Evidence of a pattern of inappropriate behavior by an alleged harasser" permitted if relevant
- Schools will need to determine if such conduct is:
  - Relevant
  - May be used in determining responsibility
  - May be used in sanctioning
- If so, will need to set criteria for consideration



165

DEFT RESP_000944

# **Practical Considerations**

- Prior or subsequent misconduct may be relevant to demonstrate:

  - Intent/knowledge/state of mind

  - Motive

  - Opportunity

  - Lack of mistake

  - Pattern

  - Identity

  - Information that is inextricably interwoven with the facts

- Consider prejudicial vs. probative value



DEFT RESP_000945

# Flexibility to Adopt Rules



- "Within these evidentiary parameters **recipients retain the flexibility to adopt rules that govern how the recipient's investigator** and decision-maker evaluate evidence and conduct the grievance process (so long as such rules apply equally to both parties).

- **Relevance is the standard that these final regulations require**, and any evidentiary rules that a recipient chooses must respect this standard of relevance.

- For example, a recipient **may not adopt a rule excluding relevant evidence** because such relevant evidence may be **unduly prejudicial, concern prior bad acts, or constitute character evidence**."

Title IX Regulations May 19, 2020; Preamble at 30248.

167



# Evidentiary Rules Must Consider



| 1 | | 2 | | 3 | | 4 | | 5 | | 6 |
|---|---|---|---|---|---|---|---|---|---|---|
| Relevant Evidence | + | Inculpatory and Exculpatory | + | Applies Equally to Both Parties | + | Applied Impartially and Without Bias | - | Prior Sexual History | + | Legally Recognized Privilege |

83



DEFT RESP_000947

# EVIDENCE REVIEW

169



DEFT RESP_000948

# Evidence Review



- "Provide both parties an **equal opportunity to inspect and review any evidence** obtained as part of the investigation that is **directly related to the allegations** raised in a formal complaint so that each party can meaningfully respond to the evidence prior to conclusion of the investigation."

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vi). 85 F.R.30411



170

# **Evidence Review**



- "Recipient must send to each party and the party's advisor, if any, **the evidence subject to inspection and review** in an electronic format or a hard copy, and the parties must have at least **10 days to submit a written response**, which the investigator will consider prior to completion of the investigative report."

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vi) 85 F.R.30576



171

# Evidence Review



- Allowing parties the opportunity to inspect this broader universe of evidence will further each party's own interests by identifying evidence either overlooked by the investigator or erroneously deemed relevant or irrelevant.

Title IX Regulations May 19, 2020; Preamble 85 F.R.30303

172



DEFT RESP_000951

# Evidentiary Levels for Inclusion



173

DEFT RESP_000952

# **Directly Related**



- Not defined in the regulations or the Preamble
  - The Department declines to define certain terms such as "evidence directly related to the allegations," as these terms should be interpreted using their plain and ordinary meaning.
- "Directly related" aligns with the requirements in FERPA
  - The Department previously noted that the "directly related to" requirement in § 106.45(b)(vi) aligns with FERPA.
  - For example, the regulations implementing FERPA define education records as records that are "directly related to a student" pursuant to § 99.3.
- Left to the discretion of the school
  - [T]he school has some discretion to determine what evidence is directly related to the allegations in a formal complaint.

Title IX Regulations May 19, 2020; Preamble at 30304, 30428.



174

DEFT RESP_000953

# **Directly Related**



- [T]he universe of that exchanged evidence should include all evidence (inculpatory and exculpatory) that relates to the allegations under investigation, without the investigator having screened out evidence related to the allegations that the investigator does not believe is relevant.

Title IX Regulations May 19, 2020 §106.45(b)(5)(vi); Preamble 85 F.R.30304

175



DEFT RESP_000954

# **Directly Related vs. Relevant**



- Evidence that is "directly related to the allegations" may encompass a broader universe of evidence than evidence that is "relevant."

- The Department does not believe that determinations about whether certain questions or evidence are relevant or directly related to the allegations at issue requires legal training and that such factual determinations reasonably can be made by layperson recipient officials impartially applying logic and common sense.

Title IX Regulations May 19, 2020; Preamble at 30304, 30321.



176

# **Directly Related**

- Redacting information within evidence (documents, interviews, medical records, etc.)
- May be redacted if:
  - Not directly related to the allegations
  - Privileged, or
  - Obtained without proper consent
- A recipient may permit or require the investigator to redact information … such as information protected by a legally recognized privilege … contained within documents … that are directly related to the allegations, before sending the evidence to the parties for inspection and review.

Title IX Regulations May 19, 2020; Preamble 85 F.R.30304

Notice
↓
Intake
↓
Formal Complaint
↓
Decision
↓
Investigation
↓
Hearing
↓
Appeal



177

DEFT RESP_000956

# **Directly Related**



- Imposing restrictions on dissemination or use
  - Recipients may impose on the parties and party advisors restrictions or require a non-disclosure agreement not to disseminate or use any of the evidence for a purpose unrelated to the Title IX grievance process.
  - As long as doing so does not violate the regulations or law.

Title IX Regulations May 19, 2020; Preamble 85 F.R.30304.



178

DEFT RESP_000957

# **Directly Related**



- Exception for evidence that is obtained illegally, such as a wiretap violation
  - If a recipient knows that a recording is unlawfully created under State law, then the recipient should not share a copy of such unlawful recording. The Department is not requiring a recipient to disseminate any evidence that was illegally or unlawfully obtained.

Title IX Regulations May 19, 2020; Preamble 85 F.R.30427.



179

DEFT RESP_000958

# **Scope of Parties' Review**



- The parties may make corrections, provide appropriate context, and prepare their responses and defenses before a decision-maker reaches a determination regarding responsibility.

- If relevant evidence seems to be missing, a party can point that out to the investigator, and if it turns out that relevant evidence was destroyed by a party, the decision-maker can take that into account in assessing the credibility of parties, and the weight of evidence in the case.

Title IX Regulations May 19, 2020; Preamble 85 F.R.30305 & 30300



180

DEFT RESP_000959

# Recap of Evidentiary Levels for Inclusion



DEFT RESP_000960

# INVESTIGATIVE REPORT



DEFT RESP_000961

# **Investigative Report**



- Create an **investigative report** that fairly summarizes relevant evidence and

- Send to each party and the party's advisor, if any, the investigative report in an electronic format or a hard copy, for their review and written response, **at least 10 days prior** to the determination of responsibility (hearing)

  – This opportunity allows the parties to "effectively provide context to the evidence included in the report" and to "advance their own interests for consideration by the decision-maker."

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R.30254, 30307, 30309

183



# **Investigative Report**

- The regulations do not address the specific contents of the investigative report other than specifying its core purpose of summarizing the relevant evidence.

- The Department takes no position here on such elements beyond what is required in these final regulations; namely, that the investigative report must fairly summarize relevant evidence.

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R.30310.

184



# Investigative Report



- We note that the decision-maker must prepare a written determination regarding responsibility that must contain certain specific elements (for instance, a description of procedural steps taken during the investigation) and so a recipient **may wish to instruct the investigator to include such matters in the investigative report**, but these final regulations do not prescribe the contents of the investigative report other than specifying its core purpose of summarizing relevant evidence.

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R. 3010.



185

# Content for Written Determination



- Must issue a simultaneous written determination regarding responsibility, including
  - Identification of the allegations
  - Description of the procedural steps taken from the receipt of the formal complaint through the determination
  - Findings of fact supporting the determination
  - Conclusions regarding the application of the recipient's code of conduct to the facts
  - Rationale
  - Appeal procedures

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R. 30577

186



DEFT RESP_000965

# Investigative Report: Findings?



- The Department does not wish to prohibit the investigator from including recommended findings or conclusions in the investigative report.

- However, the decision-maker is under an independent obligation to objectively evaluate relevant evidence, and thus cannot simply defer to recommendations made by the investigator in the investigative report.

- If a recipient chooses to include a credibility analysis in its investigative report, the recipient must be cautious not to violate § 106.45(b)(7)(i), prohibiting the decision-maker from being the same person as the Title IX Coordinator or the investigator.

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R.30308 & 30436

187



# **Investigative Report: Findings?**



- § 106.45(b)(7)(i) prevents an investigator from actually making a determination regarding responsibility.

- If an investigator's determination regarding credibility is actually a determination regarding responsibility, then §106.45(b)(7)(i) would prohibit it.

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R.30436

188



DEFT RESP_000967

# **Revisiting Relevance**

Notice
↓
Intake
↓
Formal Complaint
↓
Decision
↓
Investigation
↓
Hearing
↓
Appeal

- Fairly summarizes the relevant evidence

- Investigator may redact information from the report

  – Recipients may permit or require the investigator to redact from the investigative report information that is not relevant, which is contained in documents or evidence that is relevant.

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R.30436

189



DEFT RESP_000968

# Investigative Report



- Allow parties to provide a written response to the investigative report

  – Recipients must also give the parties meaningful opportunity to understand what evidence the recipient collects and believes is relevant, so the parties can advance their own interests for consideration by the decision-maker.

  – The decision-maker is obligated to objectively evaluate all relevant evidence and the parties have the opportunity to argue about what is relevant (and about the persuasiveness of relevant evidence).

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R.30309 & 30249



190

DEFT RESP_000969

# **Investigative Report**



- At least 10 days prior to the determination of responsibility (hearing)

  - Without advance knowledge of the investigative report, the parties will be unable to effectively provide context to the evidence included in the report.

  - A valuable part of this process is giving the parties (and advisors who are providing assistance and advice to the parties) adequate time to review, assess, and respond to the investigative report in order to fairly prepare for the live hearing or submit arguments to a decision-maker where a hearing is not required or otherwise provided.

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R.30309 .

191



DEFT RESP_000970

# Investigative Report

Notice

↓

Intake

↓

Formal Complaint

↓

Decision

↓

**Investigation**

↓

Hearing

↓

Appeal

- At least 10 days prior to the determination of responsibility (hearing)
  - The parties then have equal opportunity to review the investigative report; if a party disagrees with an investigator's determination about relevance, the party can make that argument in the party's written response to the investigative report and to the decision-maker at any hearing held.

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R.30248-49

192



# **Practical Considerations & Effective Practices**

- Use template format with consistent language and content across investigations
- Language: balanced, neutral and non-judgmental
- Avoid declarative credibility language
  - "Unreliable" vs. insufficient information
  - Recognize perspective of the parties
  - Comment on the evidence, not the parties
- Use of verbatim quotes
- Leave sufficient time for writing, editing, proof reading and review by a fresh set of eyes



193

DEFT RESP_000972

# Recap of Investigation Requirements

| Formal Complaint | Notice of Allegations | Investigation | Evidence Review | Written Responses to Evidence | Investigative Report | Written Responses to Report |
|---|---|---|---|---|---|---|
| Filed by Complainant or Signed by Title IX Coordinator | With sufficient Detail and time for a party to prepare for an initial interview | Thorough search for relevant facts and evidence<br><br>Conducted by a trained investigator who is free from conflicts of interest or bias | Of any evidence that is directly related to the allegations | 10-day review period<br><br>Parties may submit written response | Fairly summarizes relevant evidence<br><br>Includes inculpatory and exculpatory evidence | 10-day review period<br><br>Parties may submit written response |



194

DEFT RESP_000973

# REASONABLY PROMPT TIME FRAMES



DEFT RESP_000974

# Reasonably Prompt Time Frames



- The grievance process must include:

    – reasonably prompt time frames for conclusion of the grievance process, including reasonably prompt time frames for filing and resolving appeals and informal resolution processes if the recipient offers informal resolution processes

    – a process that allows for the temporary delay of the grievance process or the limited extension of time frames for good cause with written notice to the complainant and the respondent of the delay or extension and the reasons for the action

Title IX Regulations May 19, 2020 §106.45(b)(1)(v) 85 F.R.30522 & 30575

196



DEFT RESP_000975

# Reasonably Prompt Time Frames

**Notice**

↓

**Intake**

↓

**Formal Complaint**

↓

**Decision**

↓

**Investigation**

↓

**Hearing**

↓

**Appeal**

- The grievance process must include:
  - reasonably prompt time frames for conclusion of the grievance process, including reasonably prompt time frames for filing and resolving appeals and informal resolution processes if the recipient offers informal resolution processes
  - a process that allows for the temporary delay of the grievance process or the limited extension of time frames for good cause with written notice to the complainant and the respondent of the delay or extension and the reasons for the action
- Good cause may include considerations such as:
  - the absence of a party, a party's advisor, or a witness;
  - concurrent law enforcement activity;
  - the need for language assistance or accommodation of disabilities

Title IX Regulations May 19, 2020 §106.45(b)(1)(v). 85 F.R. 30575



197

DEFT RESP_000976

# **Reasonably Prompt Time Frames**

Notice

↓

Intake

↓

Formal Complaint

↓

Decision

↓

Investigation

↓

Hearing

↓

Appeal

- A recipient must resolve each formal complaint of sexual harassment according to the time frames the recipient has committed to in its grievance process.

- The Department believes that each recipient is in the best position to balance promptness with fairness and accuracy based on the recipient's unique attributes and the recipient's experience with its own student disciplinary proceedings, and thus requires recipients to include "reasonably prompt time frames" for conclusion of a grievance process that complies with these final regulations.

Title IX Regulations May 19, 2020 §106.45(b)(1)(v); Preamble 85 F.R. 30269



198

# TRAINING



DEFT RESP_000978

# Training

- A recipient must ensure that **Title IX Coordinators, investigators, decision-makers, and any person who facilitates an informal resolution** process, receive training on:
  - The definition of sexual harassment in § 106.30
  - The scope of the recipient's education program or activity
  - How to conduct an investigation and grievance process including hearings, appeals, and informal resolution processes, as applicable
  - How to serve impartially, including by avoiding prejudgment of the facts at issue, conflicts of interest, and bias

- A recipient must ensure that **decision-makers** receive training on:
  - Any technology to be used at a live hearing
  - Issues of relevance of questions and evidence, including when questions and evidence about the complainant's sexual predisposition or prior sexual behavior are not relevant, as set forth in paragraph (b)(6) of this section.

Title IX Regulations May 19, 2020; § 106.45(b)(1)(iii) 85 F.R. 30575



200

DEFT RESP_000979

# **Training**

- A recipient also must ensure that investigators receive training on:
  - Issues of relevance to create an investigative report that fairly summarizes relevant evidence
- Any materials used to train Title IX Coordinators, investigators, decision-makers, and any person who facilitates an informal resolution process, must not rely on sex stereotypes and must promote impartial investigations and adjudications of formal complaints of sexual harassment

Title IX Regulations May 19, 2020; § 106.45(b)(1)(iii) 85 F.R. 30575



DEFT RESP_000980

# SERVING WITHOUT CONFLICT OF INTEREST OR BIAS



DEFT RESP_000981

# Awareness of the Impact of Language



| Identifying the Parties |
| --- |
| Complainant/victim/survivor/reporting party/accuser |
| Respondent/offender/accused/ responding party/perpetrator |

| Inclusivity & Avoiding Reinforcement of Negative Perceptions/Myths |
| --- |
| "He said/she said" vs. "word-against-word credibility assessment" |

| Neutral, Non-judgmental |
| --- |
| "Believe" or "feel" vs. "experience" "story" vs. "account" |

| Process Words |
| --- |
| Investigation Review Assessment |

**Individuality Inclusivity Respect**

203



DEFT RESP_000982

# Identifying Our Own Biases

- What does sexual assault look like?
- Over-identifying with complainant or respondent
  - I would have…
  - If it was me…
  - That could have been me…
  - What were they thinking when…
  - What did they think was going to happen?
- Culture/diversity/world view

204



DEFT RESP_000983

# **Diversity and Culture**

- Sensitivity to language and bias in a variety of communities
  - LGBTQ+
  - Cultural differences
  - Race
  - Insular groups
  - 504/disability
  - Neurodiversity
- Reporting barriers
- Communication differences/impediments

205



DEFT RESP_000984

# Case Evaluation

- Nature of sexual and gender-based harassment and violence
  - Delay in reporting
  - Barriers to reporting and proceeding with formal action
  - Reluctance to report to law enforcement
  - Word-against-word credibility
  - Often involve the use of alcohol or other drugs
  - Often involve people who are known to one another
- Evaluate in the context of all available information



206

DEFT RESP_000985

# Disclosure

- A process where an individual reveals abuse or assault
- On-going, not a one time event
- Stages of Disclosure:
  - Denial
  - Tentative
  - Active
  - Recantation
  - Reaffirmation
- Triggers for Disclosure
  - Accidental – person's secret is found out
  - Purposeful – person makes decision to tell



DEFT RESP_000986

# **Framing Difficult Questions**

- Why frame?

- Difficult topics:

  – Alcohol or other drug use

  – Clothing

  – Body positions

  – How and whether consent was communicated



208

# ALCOHOL, DRUGS AND INCAPACITATION



DEFT RESP_000988

# The Role of Alcohol

- Central nervous system depressant
- Impairs cognition and psychomotor skills
- Progressively impairs all body functions
- Decreases inhibitions
- Impairs perceptions
- May cause blackouts or loss of consciousness
- May cause memory loss
- Effects exacerbated when mixed with other drugs

- Intoxication breeds vulnerability
- A person may be less likely to think someone is trying to sexually assault him/her
- A person intent on harming another may not need to use physical force
- A person may not realize incident has occurred
- A person may delay in reporting for multiple reasons
- No toxicological evidence of BAC/impairment level due to delay in report



174

DEFT RESP_000989

# The Role of Alcohol

- 80% to 90% of sexual assaults on campus are acquaintance rapes and involve drugs or alcohol.[1]

- "Nearly half of America's 5.4 million full-time college students abuse drugs or drink alcohol on binges at least once a month."[2]

- 90% of campus rapes are alcohol related.[3]

1. DOJ, National Institute of Justice, 2005.
2. National Center on Addition and Substance Abuse at Columbia University 2007.
3. Bureau of Justice Statistics, 2000, National Commission on Substance Abuse at Colleges and Universities

175



# **Alcohol: Investigative Challenges**

- Lack of memory

- Inability to give detail

- Person may have been unconscious or in and out of consciousness

- Delay in reporting because:
  - May not know event occurred
  - May not recognize it as lack of consent
  - Feeling of "contributory negligence"
  - Concerns over conduct policy consequences

176



# **Frame Questions Appropriately**

- Be aware that questions about drugs and alcohol are often subject to misinterpretation

- Explain amnesty

- Commit to clarity on why you are asking

- Explain the reasons for your questions

  – Assessing for incapacitation

  – Evaluating the "lens" through which the party or witness observed the events (opportunity to see, hear, understand, and remember)

- Explain that you will ask similar questions of all witnesses

- Invite the witness to ask questions before you go further



180

DEFT RESP_000992

# Get Detailed Information

- Timeframe of consumption (first drink, last drink, spacing)

- Number of drinks

- For each drink:

  – Type (beer, wine, liquor – with specific brand, if possible)

  – Was it mixed with anything?  Who mixed it?

  – How was it served?  (Bar or restaurant will lead to more available information)



181

DEFT RESP_000993

# Get Detailed Information

- List of others present and when they were there
- Other factors that affect the impact of alcohol:
  - Food consumed before, during, and after and whether food intake was normal or abnormal for the person
  - Height and weight
  - Medications
  - Different sleep patterns
  - Illness
  - Low hydration
  - History of blackouts

182



# Get Detailed Information

- Complainant's internal experience of their own intoxication (subjective)

  – Loss of consciousness/lack of memory – get the "bookends" of memory

  – Physical impairments – walking, standing, sitting, grasping, keeping head upright, ability to text, ability to remove one's own clothing, incontinence, vomiting

  – Cognitive impairments – dizzy, foggy, sleepy, giggly, hyperactive, sluggish, nonsensical

  – Verbal impairments – slurring, inability to talk, volume regulation

  – Any other effects



183

# Get Detailed Information

- Others' observations of Complainant (objective)
  – Observations of Complainant's consumption – when, where, what, who else was there?
  – Physical impairments
  – Cognitive impairments
  – Verbal impairments
  – Any other effects

184



DEFT RESP_000996

# Get Detailed Information

- Other information that can establish timeline, assist in assessing level of impairment, and can provide corroboration of either party's account:
  - History of relationship between the parties
  - Witness's knowledge of Complainant's sober behavior
  - Parties' communications or interactions with each other (compare pre- and post-incident)
  - Parties' descriptions of the incident to others – context, content, demeanor
  - Text/social media messages sent before, during, and after the incident

185



# Considerations

| Avoid | Why? | Try this instead |
|---|---|---|
| Asking about intoxication on a scale (e.g. "from 1-10") | There is no universal understanding of what the numbers on the scale mean | Asking about the impacts of alcohol on a person physically, cognitively, verbally, and otherwise;<br>Asking for specific observations regarding conduct |
| Committing to a determining a specific BAC | It is very difficult to pinpoint a person's BAC after the fact. Additionally, BAC is only one data point and does not correlate precisely to a person's subjective experience or objective indicia of intoxication/incapacitation. | Use BAC when it is available in medical records. Otherwise, avoid attempting to pinpoint the BAC and rely instead on the subjective and objective indicia of intoxication/incapacitation. |
| Failing to obtain or ignoring medical evidence or observations of first responders, when they are available | Such witnesses are (generally) sober, trained observers who are paying close attention to the parties and surroundings. Their observations are critical, but it may necessitate coordination with external law enforcement or medical personnel. | Be attendant to mentions of first responders or medical personnel and try to obtain as much information about them as you can. Witnesses may remember, for example, that the EMT was female and had short brown hair. Work with your local agencies to identify such personnel and ascertain whether they can be made available for an interview. |
| Failing to fully contextualize witnesses' observations through use of a timeline | Witness statements taken out of context do not help answer the critical question: whether the Respondent knew or should have known that the Complainant was incapacitated. | Create a visual timeline of events that shows the parties' alcohol consumption, witness observations, and the alleged incident. Circle or highlight the timeframe when the parties were in each other's presences. |

186



DEFT RESP_000998

# Creating a Universal Timeline

- Using information gathered in the investigation, create a timeline that captures both parties' actions and show the timeframe when they were in the same place (below in blue)

| Complainant | Source(s) | | Respondent | Source(s) |
|---|---|---|---|---|
| Complainant and C "pre-gamed" at A's apartment. Drank 3 shots Jim Beam and ate chips and guacamole. Walked from A's apartment to second "pre-game" at B's apartment. Drank 2 shots of Ciroc Peach and threw up in B's sink. | C interview A interview B interview C's photos w/ date/time | **8:00 PM** | Respondent arrived at party by himself. Filled one 16-ounce cup with beer and drank it quickly. | R interview |
| | | **8:30 PM** | Saw friends X, Y, Z. Z gave Respondent keys to his room where Z kept hard liquor. Respondent retrieved a 750 ml bottle of Fireball and drank approximately ¼ of it himself over the course of about an hour and a half. X and Y each had about 2 shot glasses full. | R interview X interview Y interview Z interview |
| | | **9:00 PM** | | |
| Complainant arrived at party with A, B, C. Complainant's friend D got her a 16-ounce cup of "jungle juice" which she drank slowly over the course of about an hour. | C interview A interview B interview D interview | **9:30 PM** | | |
| | | **10:00 PM** | | |
| Complainant went upstairs to check out the view from the roof. As she was walking back downstairs, she took the last sip of her "jungle juice" and saw Respondent. Complainant texted her mom, "addfa." | C interview C's texts C's photos w/ date/time | **10:30 PM** | Respondent texted Z "thanks for the fireball. Let me know where I can meet you to give you your key back." Respondent saw Complainant coming down the stairs. | R interview R's texts |
| Complainant reported a complete memory loss from about 10:30 until the next morning. | C interview | **11:00 PM** | Complainant and Respondent went upstairs into the bathroom. Respondent's friend W walked in as they were kissing and undressing. | R interview W interview |
| Complainant's friend A saw her leaving the bathroom with her shirt on backwards. A escorted Complainant home. | A interview | **11:30 PM** | Respondent left the bathroom and texted Z "I just got laid!" | R interview Z interview R's texts |



187

DEFT RESP_000999

# INVESTIGATIVE RESOURCES



DEFT RESP_001000

# Incident Response Checklist

❑ Introduction focusing on safety and wellbeing
❑ Communication regarding preservation of evidence
❑ Support with transportation to obtain medical services and/or law enforcement support
❑ Inform / discharge duties
  ❑ Options
  ❑ Protections
  ❑ Services
  ❑ Clery Act:
    ❑ Importance of prompt complaint
    ❑ Importance of gathering evidence
  ❑ Title IX / DCL:
    ❑ Confidentiality limitations
    ❑ Facilitation of report to police



156

# Incident Report Form

❑ Time and date of report
❑ Time and date of incident
❑ Location of incident
❑ Information about the Complainant:
  ❑ Name
  ❑ Sex
  ❑ Affiliation
  ❑ Residence

❑ Respondent:
  ❑ Name (if known)
  ❑ Relationship to Complainant
  ❑ Sex
  ❑ Number of Respondents
❑ Information about the alleged conduct:
  ❑ Type of coercion/force
  ❑ Physical injury
  ❑ Penetration
  ❑ Sexual contact without penetration
  ❑ Reported to police

157



# Investigation Checklist

- ❑ Complainant's name or anonymity requested
- ❑ Place of occurrence
- ❑ Nature of occurrence
- ❑ Time of occurrence
- ❑ Time of reporting
- ❑ Alcohol involved: Drugs involved
- ❑ Physical Injury
- ❑ Name of accused; known or unknown
- ❑ Other crimes evidence/priors
- ❑ Complainant's description of event
- ❑ Names of witnesses
- ❑ Interviews of all parties
- ❑ Prior contacts between complainant and accused
- ❑ School records
- ❑ Intimidation attempts

- ❑ Physical evidence:
    - ❑ Injury / Medical Evidence - records
    - ❑ Security Monitoring Records / Visitor Logs / Audio-Video recordings
    - ❑ Telephone records
    - ❑ Voicemail
    - ❑ Text / E-mail / Social Media
    - ❑ Clothing / Tangible Objects
    - ❑ Any other physical / forensic evidence
- ❑ 911 Tape
- ❑ Photographs of the scene
- ❑ Photographs of injuries
- ❑ Advised re: law enforcement report
- ❑ Advised re: preservation and medical treatment
- ❑ Advised re: counseling
- ❑ Concerns regarding safety of community
- ❑ Discharge Title IX responsibilities
- ❑ Discharge Clery responsibilities
- ❑ Court / Cease & Desist Orders
- ❑ Protection Orders



158

# Investigation Checklist: Reporter

- ❑ Reports are consistent over time?
  - ❑ Is the complainant's account consistent?
  - ❑ Is timeline consistent?
  - ❑ Do allegations change ?  If so, is there a reasonable explanation?
    - ❑ Over time?
    - ❑ During therapy?
    - ❑ With different interviewers?
    - ❑ In terms of content?
- ❑ Circumstances at time of report?
  - ❑ Where?
  - ❑ To whom?
  - ❑ When?
  - ❑ Why?
  - ❑ Demeanor?
  - ❑ Corroborated by witness?

- ❑ Any change in behavior/demeanor/routine after alleged incident?
- ❑ Explore past relationship:
  - ❑ Whether and how long he or she had known the accused?
  - ❑ Circumstances of their meeting
  - ❑ Extent of any previous relationship
  - ❑ Details of any relevant prior sexual contact with respondent
- ❑ Circumstances at time of prior disclosure(s)?
  - ❑ Where?
  - ❑ To Whom?
  - ❑ When?
  - ❑ Why?
  - ❑ Demeanor?



159

DEFT RESP_001004

# Investigation Checklist: Reporter

- ❑ Overall credibility?
  - ❑ Cognitive impairment?
  - ❑ Evidence of psychosis?
  - ❑ Evidence of coaching?
  - ❑ Current situation impacted by results of conclusions?
  - ❑ Demeanor?
    - ❑ At time of event?
    - ❑ At time of reporting?
    - ❑ As reported by other witnesses? If so, identify witnesses.
    - ❑ In our interview?

- ❑ Secondary gain?
  - ❑ Financial?
  - ❑ Situational?
  - ❑ Occupational?
- ❑ Interests or bias?
- ❑ Details of description:
  - ❑ Central issues?
  - ❑ Peripheral issues?
- ❑ Corroboration?
- ❑ Do facts hang together?  Why? Why not?



160

DEFT RESP_001005

# Investigation Checklist: Respondent

- ❑ Other acts/behaviors relevant to intent?
  - ❑ Evidence of substance abuse?
    - ❑ If so, is it admitted?
  - ❑ Evidence of impulse control issues?
    - ❑ If so, is it admitted?
  - ❑ Admission of physically inappropriate behavior?
  - ❑ Admission of sexually inappropriate behavior?
  - ❑ Evidence of fabrication in record (not limited to allegation)?
- ❑ Overall Credibility
  - ❑ Demeanor?
  - ❑ Interest or bias?
  - ❑ Corroboration?
  - ❑ Do facts hang together? Why or Why no?
- ❑ Any witness intimidation?

- ❑ Past History
  - ❑ Evidence of other misconduct or disciplinary action?
    - ❑ Theft/misappropriation?
    - ❑ Legal history?
    - ❑ Substance abuse?
    - ❑ How did the accused respond to prior interventions
  - ❑ Evidence of problematic behavior
  - ❑ Troubled relationships?
  - ❑ History of previous sanctions?
  - ❑ History of treatment/intervention of inappropriate or concerning behaviors?
  - ❑ Previous concerns re: protection of others?

161



DEFT RESP_001006

# **Resources**

- As investigator, develop and be prepared to refer to:
  - Incident Response Checklist
  - Incident Report Form
  - Investigation Checklist
  - Investigation Checklist: Complainant
  - Investigation Checklist: Respondent

162



DEFT RESP_001007

# OVERVIEW OF HEARING REQUIREMENTS

229



DEFT RESP_001008



Key Provisions of Title IX Regulations May 19, 2020

230

COZEN O'CONNOR

# ROLE OF DECISION-MAKER

231



DEFT RESP_001010

# Determine Relevance of Questions



- Before a complainant, respondent, or witness answers a cross-examination or other question, the decision-maker(s) must **first determine whether the question is relevant** ...

Title IX Regulations, May 19, 2020: § 106.45(b)(6)



DEFT RESP_001011

# Explain Decisions to Exclude Questions



- The decision-maker(s) must explain to the party proposing the questions **any decision to exclude** a question as not relevant.

Title IX Regulations, May 19, 2020; § 106.45(b)(6)

233



DEFT RESP_001012

# **Apply the Standard of Evidence**



- To reach [a] determination, the recipient must apply the standard of evidence described in paragraph (b)(1)(vii) of this section.

Title IX Regulations, May 19, 2020; § 106.45(b)(7)

234



DEFT RESP_001013

# Issue Written Determinations

Notice

↓

Intake

↓

Formal Complaint

↓

Decision

↓

Investigation

↓

Hearing

↓

Appeal

- The decision-maker(s) … must issue a simultaneous written determination regarding responsibility, including
  - Identification of the allegations
  - Description of the procedural steps taken from the receipt of the formal complaint through the determination
  - Findings of fact supporting the determination
  - Conclusions regarding the application of the recipient's code of conduct to the facts
  - Rationale
  - Appeal procedures

Title IX Regulations, May 19, 2020: § 106.45(b)(7)

235



# Separate Decision-Maker



- The Department wishes to clarify that the final regulations **require the Title IX Coordinator and investigator to be different individuals from the decision-maker,** but nothing in the final regulations requires the Title IX Coordinator to be an individual different from the investigator.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30372

236



DEFT RESP_001015

# **Investigator May not Determine Responsibility**



- § 106.45(b)(7)(i) prevents an investigator from actually making a determination regarding responsibility.

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R.30436

237



DEFT RESP_001016

# Decision-Maker Must Determine Responsibility



- Nothing in the final regulations prevents Title IX Coordinators from offering recommendations regarding responsibility to the decision-maker for consideration, but the final regulations **require the ultimate determination regarding responsibility to be reached by an individual (i.e., the decision-maker) who did not participate in the case** as an investigator or Title IX Coordinator.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30372


238



DEFT RESP_001017

# Independent Obligation to Evaluate Evidence



- The Department does not wish to prohibit the investigator from including recommended findings or conclusions in the investigative report.

- However, the decision-maker is under an **independent obligation to objectively evaluate relevant evidence,** and thus cannot simply defer to recommendations made by the investigator in the investigative report.

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R.30308 & 30436

239



# Independent Obligation to Evaluate Credibility

- If a recipient chooses to include a **credibility analysis** in its investigative report, the recipient must be cautious not to violate § 106.45(b)(7)(i), prohibiting the decision-maker from being the same person as the Title IX Coordinator or the investigator.

- If an investigator's determination regarding credibility is actually a determination regarding responsibility, then §106.45(b)(7)(i) would prohibit it.

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vii); Preamble 85 F.R.30308 & 30436

240

Notice
↓
Intake
↓
Formal Complaint
↓
◇ Decision
↓
Investigation
↓
Hearing
↓
Appeal



# **Practical Considerations & Effective Practices**

- Choice of decision-maker(s)
  - Hearing panel vs. sole adjudicator
  - External professional vs. internal administrator
- Decision-maker on sanction
  - Can be same or different from decision-maker on finding
- Use of Hearing Coordinator?
- Whether to have investigator make recommended findings or include a credibility analysis

241



DEFT RESP_001020

# EXCLUSION OF STATEMENTS NOT SUBJECT TO CROSS-EXAMINATION

242



DEFT RESP_001021



Student Procedures
Faculty Procedures
Staff Procedures
Decision
Notice
Actual Knowledge: TIX Coordinator
Actual Knowledge: Official with Authority
Responsible Employee Considerations
Intake
Jurisdiction & Scope
Supportive Measures & Documentation
Option to File a Formal Complaint
Written Notice of Rights and Resources (VAWA)
Formal Complaint
Document Signed by Complainant
Document Signed by TIX Coordinator
Complainant Withdraws
Respondent No Longer Affiliated
Evidence Unavailable
Discretionary Dismissal
Decision
Informal Resolution
May Not Require Engagement
Written Notice
Not SH by Employee on Student
Not Education Program or Activity
Conduct Not Sexual Harassment
Conduct Occurred Outside the U.S.
Mandatory Dismissal
See § 106.45(b)(5)
Investigation
Appeal
Hearing
Live Hearing (Can be Virtual)
Separate Decision Maker
Preponderance or Clear and Convincing
Must Allow Cross-Examination by Advisor
All Questions on Cross Subject to Relevancy Determination
Cannot Consider Statements not Subject to Cross
Must Provide Advisor
Student Procedures
Faculty Procedures
Staff Procedures
Decision
Appeal
Procedural Irregularity
New Evidence
Conflict of Interest
Key Provisions of Title IX Regulations May 19, 2020
243
COZEN O'CONNOR

# Exclusion of Statement



- If a party or witness does not submit to cross-examination at the live hearing, the decision-maker(s) **must not rely on any statement of that party or witness** in reaching a determination regarding responsibility; provided, however, that the decision-maker(s) cannot draw an inference about the determination regarding responsibility based solely on a party's or witness's absence from the live hearing or refusal to answer cross-examination or other questions.

Title IX Regulations, May 19, 2020; § 106.45(b)(6) 85 F.R. 30577

244



DEFT RESP_001023

# Exclusion of Statement



- [I]n the postsecondary context, **only statements that have been tested for credibility** will be considered by the decision-maker in reaching a determination regarding responsibility.

- Because party and witness statements so often raise **credibility** questions in the context of sexual harassment allegations, the **decision-maker must consider only those statements that have benefitted from the truth-seeking function of cross-examination**.

Title IX Regulations, May 19, 2020; Preamble 85 F.R 30345; 30348

245



DEFT RESP_001024

# Exclusion of Statement



- The prohibition on reliance on "statements" applies not only to statements made during the hearing, but also to *any* **statement of the party or witness** who does not submit to cross-examination.

Title IX Regulations, May 19, 2020; Preamble 85 F.R 30349



DEFT RESP_001025

# Exclusion of Statement



- Absent importing comprehensive rules of evidence, the alternative is to apply a **bright-line rule** that instructs a decision-maker to either consider, or not consider, statements made by a person who does not submit to cross-examination.

- The Department believes that in the context of sexual harassment allegations under Title IX, **a rule of non-reliance on untested statements is more likely to lead to reliable outcomes** than a rule of reliance on untested statements.

- If statements untested by cross-examination may still be considered and relied on, the benefits of cross-examination as a truth-seeking device will largely be lost in the Title IX grievance process.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30347

247



DEFT RESP_001026

# Exclusion of Statement



- Reliance on party and witness statements that have not been tested for credibility via cross-examination undermines **party and public confidence** in the fairness and accuracy of the determinations reached by postsecondary institutions.

- This provision **need not result in failure to consider relevant evidence** because parties and witnesses retain the opportunity to have their own statements considered, by submitting to cross-examination.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30347

248



DEFT RESP_001027

# Exclusion of Statement



- Probing the **credibility and reliability** of *statements* asserted by witnesses contained in such evidence requires the parties to have the opportunity to cross-examine the witnesses making the statements.

- Where a Title IX sexual harassment allegation **does not turn on the credibility of the parties or witnesses**, this provision allows the other evidence to be considered even though a party's statements are not relied on due to the party's or witness's non-appearance or refusal to **submit to cross-examination.**

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30349, 30345

249



# Submit to Cross-Examination



- Commenters suggested making this provision more precise by replacing "does not submit to cross-examination" with "does not appear for cross-examination."

- Commenters asserted that parties should have the right to "waive a question" without the party's entire statement being disregarded.

- The Department appreciates the opportunity to clarify here that to **"submit to cross-examination"** means answering those cross-examination questions that are relevant.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30345; 30349

250



# Submit to Cross-Examination



- This provision requires a party or witness to "submit to cross-examination" to avoid exclusion of their statements; the same exclusion of statements **does not apply to a party or witness's refusal to answer questions posed by the decision-maker.**

- If a party or witness **refuses to respond to a decision-maker's questions**, the decision-maker is not precluded from relying on that party or witness's statements.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30349


251



DEFT RESP_001030

# ADVISOR OF CHOICE

252



DEFT RESP_001031



Student Procedures
Faculty Procedures
Staff Procedures
Decision
Complainant Withdraws
Respondent No Longer Affiliated
Evidence Unavailable
Discretionary Dismissal
Not Education Program or Activity
Conduct Not Sexual Harassment
Conduct Occurred Outside the U.S.
Mandatory Dismissal
Appeal
Student Procedures
Faculty Procedures
Staff Procedures
Decision
Notice
Intake
Formal Complaint
Decision
Investigation
Hearing
Appeal
Actual Knowledge: TIX Coordinator
Actual Knowledge: Official with Authority
Responsible Employee Considerations
Jurisdiction & Scope
Supportive Measures & Documentation
Option to File a Formal Complaint
Written Notice of Rights and Resources (VAWA)
Document Signed by Complainant
Document Signed by TIX Coordinator
Informal Resolution
May Not Require Engagement
Written Notice
Not SH by Employee on Student
*See* § 106.45(b)(5)
Live Hearing (Can be Virtual)
Separate Decision Maker
Preponderance or Clear and Convincing
Must Allow Cross-Examination by Advisor
All Questions on Cross Subject to Relevancy Determination
Cannot Consider Statements not Subject to Cross
Must Provide Advisor
Procedural Irregularity
New Evidence
Conflict of Interest
Key Provisions of Title IX Regulations May 19, 2020
253
COZEN O'CONNOR

# Title IX: Advisor of Choice



- Parties must have the same opportunities to … be accompanied to any related meeting or proceeding by **an advisor of their choice**.

- The advisor may be, but is not required to be, **an attorney**.

- A recipient **may establish restrictions** on advisors' participation, as long as the restrictions apply equally to both parties.

- "[T]he role of an advisor is to assist and advise the party."

Title IX Regulations May 19, 2020; §106.45(b)(5)(iv);
Preamble 85 F.R. 30328.

254



DEFT RESP_001033

# VAWA: Advisor of Choice

- Provide the accuser and the accused with the same opportunities to have others present during any institutional disciplinary proceeding, including the opportunity to be accompanied to any related meeting or proceeding by the **advisor of their choice**

- **Not limit the choice of advisor** or presence for either the accuser or the accused in any meeting or institutional disciplinary proceeding

- However, the institution **may establish restrictions regarding the extent to which the advisor may participate in the proceedings**, as long as the restrictions apply equally to both parties

Violence Against Women Reauthorization Act § 668.46(k)(2)(iii)-(iv); 79 F.R. 62789

255



DEFT RESP_001034

# No Limit as to Conflicts of Interest



- The Department notes that the 106.45 (b)(1)(iii) prohibition of Title IX personnel having conflicts of interest or bias **does not apply to party advisors** (including advisors provided to a party by a post secondary institution as required under 106.45(b)(6)(i)) and thus, **the existence of a possible conflict of interest where an advisor is assisting one party and also expected to give a statements as a witness** does not violate the final regulations.

Title IX Regulations May 19, 2020; Preamble at 30299

256



DEFT RESP_001035

# ROLE OF THE ADVISOR AT HEARING



DEFT RESP_001036

# Role of the Advisor



- At the live hearing, the decision-maker(s) must permit each party's advisor to **ask the other party and any witnesses all relevant questions** and follow-up questions, including those challenging credibility.

Title IX Regulations, May 19, 2020; § 106.45(b)(6)

258



DEFT RESP_001037

# Advisor's Role at the Hearing



- Such cross-examination at the live hearing must be conducted directly, orally, and in real time by the party's advisor of choice and never by a party personally, **notwithstanding the discretion of the recipient under paragraph (b)(5)(iv) of this section to otherwise restrict the extent to which advisors may participate in the proceedings**.

Title IX Regulations, May 19, 2020; Preamble, 85 F.R. 30336, 30577.

259



DEFT RESP_001038

# Cross-Examination by Advisor



- [A] party's advisor may appear and conduct cross-examination **even when the party whom they are advising does not appear**.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30346

260



# Discretion as to Advisor's Role



- Section 106.45(b)(5)(iv) (allowing recipients to place restrictions on active participation by party advisors) and the revised introductory sentence to § 106.45(b) (requiring any rules a recipient adopts for its grievance process other than rules required under § 106.45 to apply equally to both parties) would, for example, **permit a recipient to require parties personally to answer questions** posed by an investigator during an interview, or **personally to make any opening or closing statements** the recipient allows at a live hearing, so long as such rules apply equally to both parties.

Title IX Regulations, May 19, 2020 Preamble, 85 F.R. 30298.



DEFT RESP_001040

# Discretion as to Advisor's Role



- We do not believe that specifying what **restrictions on advisor participation** may be appropriate is necessary, and we **decline to remove the discretion of a recipient to restrict an advisor's participation** so as not to unnecessarily limit a recipient's flexibility to conduct a grievance process that both complies with § 106.45 and, in the recipient's judgment, best serves the needs and interests of the recipient and its educational community.

Title IX Regulations, May 19, 2020; Preamble, 85 F.R. 30298.

262



DEFT RESP_001041

# Obligation to Provide an Advisor



- If a party does not have an advisor present at the live hearing, the recipient **must provide without fee or charge to that party, an advisor** of the recipient's choice, who may be, but is not required to be, an attorney, to conduct cross-examination on behalf of that party.

Title IX Regulations, May 19, 2020; § 106.45(b)(6)

263



DEFT RESP_001042

# Must Provide Advisor Even in Party's Absence



- [W]here one party does not appear and that party's advisor of choice does not appear, a recipient-provided advisor **must still cross-examine the other, appearing party "on behalf of" the non-appearing party**, resulting in consideration of the appearing party's statements but not the non-appearing party's statements (without any inference being drawn based on the non-appearance).

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30346

264



DEFT RESP_001043

# Appearance Without an Advisor



- The final regulations do not preclude recipients from adopting a rule that requires parties to inform the recipient in advance of a hearing whether the party intends to bring an advisor of choice to the hearing; but **if a party then appears at a hearing without an advisor** the recipient would need to **stop the hearing as necessary to permit the recipient to assign an advisor** to that party to conduct cross-examination.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30342



265



DEFT RESP_001044

# Refusal to Conduct Cross-Examination



- A party cannot "fire" an assigned advisor during the hearing, **but if the party correctly asserts that the assigned advisor is refusing to "conduct cross-examination** on the party's behalf" then the recipient is **obligated to provide the party an advisor to perform that function**, whether that means counseling the assigned advisor to perform that role, or stopping the hearing to assign a different advisor. …

Title IX Regulations, May 19, 2020; 85 F.R. 30342

266



DEFT RESP_001045

# Party Cannot Conduct Own Cross-Examination



- If a party to whom the recipient assigns an advisor **refuses to work with the advisor** when the advisor is willing to conduct cross-examination on the party's behalf, then for reasons described above **that party has no right of self-representation with respect to conducting cross-examination**, and that party would not be able to pose any cross-examination questions.

Title IX Regulations, May 19, 2020; § 106.45(b)(6)
Title IX Regulations, May 19, 2020; 85 F.R. 30342

267



DEFT RESP_001046

# Practical Considerations & Effective Practices

- Process meeting to discuss policy, decorum, and expectations

- Considerations for advisors:
  - Review policy in advance
  - Acknowledge decorum expectations
  - Acknowledge privacy protections regarding documents

- Consider the importance of continuity in process re: advisor given requirement to provide an advisor at the hearing

268



# CROSS-EXAMINATION BY ADVISOR



DEFT RESP_001048



Student Procedures
Faculty Procedures
Staff Procedures
Decision
Complainant Withdraws
Respondent No Longer Affiliated
Evidence Unavailable
Discretionary Dismissal
Not Education Program or Activity
Conduct Not Sexual Harassment
Conduct Occurred Outside the U.S.
Mandatory Dismissal
Appeal
Student Procedures
Faculty Procedures
Staff Procedures
Decision
Key Provisions of Title IX Regulations May 19, 2020
Notice
Intake
Formal Complaint
Decision
Investigation
Hearing
Appeal
Actual Knowledge: TIX Coordinator
Actual Knowledge: Official with Authority
Responsible Employee Considerations
Jurisdiction & Scope
Supportive Measures & Documentation
Option to File a Formal Complaint
Written Notice of Rights and Resources (VAWA)
Document Signed by Complainant
Document Signed by TIX Coordinator
Informal Resolution
May Not Require Engagement
Written Notice
Not SH by Employee on Student
*See* § 106.45(b)(5)
Live Hearing (Can be Virtual)
Separate Decision Maker
Preponderance or Clear and Convincing
Must Allow Cross-Examination by Advisor
All Questions on Cross Subject to Relevancy Determination
Cannot Consider Statements not Subject to Cross
Must Provide Advisor
Procedural Irregularity
New Evidence
Conflict of Interest
270
COZEN O'CONNOR

# Cross-Examination



- At the live hearing, the decision-maker(s) must permit each party's advisor to **ask the other party and any witnesses all relevant questions** and follow-up questions, including those challenging credibility.

Title IX Regulations, May 19, 2020; § 106.45(b)(6)

271



DEFT RESP_001050

# Cross-Examination



- Such cross-examination at the live hearing must be conducted **directly, orally, and in real time** by the party's advisor of choice and never by a party personally, notwithstanding the discretion of the recipient under paragraph (b)(5)(iv) of this section to otherwise restrict the extent to which advisors may participate in the proceedings.

Title IX Regulations, May 19, 2020; § 106.45(b)(6)

272



# Recap on Evidence Review



- "Provide both parties an **equal opportunity to inspect and review any evidence** obtained as part of the investigation that is **directly related to the allegations** raised in a formal complaint so that each party can meaningfully respond to the evidence prior to conclusion of the investigation."

Title IX Regulations May 19, 2020; §§ 106.45(b)(5)(vi). 85 F.R.30411

273



DEFT RESP_001052

# Availability of Evidence at the Hearing



- The recipient must make all such evidence subject to the parties' inspection and review [directly related evidence shared at the evidence review] available at any hearing to give each party equal opportunity to refer to such evidence during the hearing, including for purposes of cross-examination.

Title IX Regulations, May 19, 2020; § 106.45(b)(5)(vi)

274



DEFT RESP_001053

# Opportunity to Challenge Evidence



- Cross-examination in the § 106.45 grievance process is **intended to give both parties equal opportunity to meaningfully challenge the plausibility, reliability, credibility, and consistency of the other party and witnesses** so that the outcome of each individual case is **more likely to be factually accurate**, **reducing the likelihood of either type of erroneous outcome** (i.e., inaccurately finding a respondent to be responsible, or inaccurately finding a respondent to be non-responsible).

Title IX Regulations, May 19, 2020, Preamble 85 F.R. 30336

275



DEFT RESP_001054

# Questions to Advance a Party's Interest



- The Department clarifies here that conducting cross-examination **consists simply of posing questions intended to advance the asking party's perspective with respect to the specific allegations at issue**; no legal or other training or expertise can or should be required to ask factual questions in the context of a Title IX grievance process.

Title IX Regulations, May 19, 2020, Preamble 85 F.R. 30319

276



DEFT RESP_001055

# Cross-Examination



- Only **relevant** cross-examination and other questions may be asked of a party or witness.

- Before a complainant, respondent, or witness answers a cross-examination or other question, the decision-maker(s) must **first determine whether the question is relevant** ...

- The decision-maker(s) must explain to the party proposing the questions **any decision to exclude** a question as not relevant.

Title IX Regulations, May 19, 2020; § 106.45(b)(6)

277



DEFT RESP_001056

# Determinations Regarding Relevance



- The final regulations **do not preclude a recipient from adopting a rule** (applied equally to both parties) that does, or does not, **give parties or advisors the right to discuss the relevance determination with the decision-maker during the hearing**.

- If a recipient believes that arguments about a relevance determination during a hearing would unnecessarily protract the hearing or become uncomfortable for parties, **the recipient may adopt a rule that prevents parties and advisors from challenging the relevance determination (after receiving the decision-maker's explanation) during the hearing.**

Title IX Regulations, May 19, 2020; § 106.45(b)(6)
Title IX Regulations, May 19, 2020; Preamble 85 F.R 30343

278



DEFT RESP_001057

# "Pause" to Reinforce Decorum



- We have also revised § 106.45(b)(6)(i) in a manner that **builds in a "pause" to the cross-examination process**; before a party or witness answers a cross-examination question, the decision-maker must determine if the question is relevant.

- This **helps ensure that content of cross-examination remains focused only on relevant questions** and that the **pace of cross-examination** does not place undue pressure on a party or witness to answer immediately.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30323-24



279



DEFT RESP_001058

# Rules of Decorum



- The final regulations do not preclude a recipient from enforcing rules of decorum that **ensure all participants, including parties and advisors, participate respectfully and non-abusively during a hearing**.

- If a party's advisor of choice refuses to comply with a recipient's rules of decorum (for example, by insisting on yelling at the other party), the recipient may require the party to use a different advisor.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30320

280



DEFT RESP_001059

# **Rules of Decorum**



- Similarly, if **an advisor that the recipient provides** refuses to comply with a recipient's rules of decorum, the recipient may provide that party with a different advisor to conduct cross-examination on behalf of that party.

- This incentivizes a party to work with an advisor of choice in a manner that complies with a recipient's rules that govern the conduct of a hearing, and incentivizes recipients to appoint advisors who also will comply with such rules, so that hearings are conducted with **respect for all participants**.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30320


281



DEFT RESP_001060

# Training Not Required for Advisors



- The Department **declines to require training for assigned advisors** because the goal of this provision is not to make parties "feel adequately represented" but rather to ensure that the parties have the opportunity for their own view of the case to be probed in front of the decision-maker.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30342

282



# May Not Impose Training Requirements



- Recipients **may not impose training or competency assessments on advisors of choice selected by parties**, but nothing in the final regulations prevents a recipient from training and assessing the competency of its own employees whom the recipient may desire to appoint as party advisors.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30342

283



DEFT RESP_001062

# **Statements Made During Informal Resolution**



- The Department appreciates commenters' concerns that comprehensive rules of evidence adopted in civil and criminal courts throughout the U.S. legal system apply detailed, complex rules to certain types of evidence resulting in **exclusion of evidence that is otherwise relevant to further certain public policy values** (e.g., **exclusion of statements made during settlement negotiations**, exclusion of hearsay subject to specifically-defined exceptions, exclusion of character or prior bad act evidence subject to certain exceptions, exclusion of relevant evidence when its probative value is substantially outweighed by risk of prejudice, and other admissibility rules).

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30337

284



# THE LIVE HEARING REQUIREMENT

285



DEFT RESP_001064



Student Procedures
Faculty Procedures
Staff Procedures
Decision
Complainant Withdraws
Respondent No Longer Affiliated
Evidence Unavailable
Discretionary Dismissal
Not Education Program or Activity
Conduct Not Sexual Harassment
Conduct Occurred Outside the U.S.
Mandatory Dismissal
Appeal
Student Procedures
Faculty Procedures
Staff Procedures
Decision
Notice
Intake
Formal Complaint
Decision
Investigation
Hearing
Appeal
Actual Knowledge: TIX Coordinator
Actual Knowledge: Official with Authority
Responsible Employee Considerations
Jurisdiction & Scope
Supportive Measures & Documentation
Option to File a Formal Complaint
Written Notice of Rights and Resources (VAWA)
Document Signed by Complainant
Document Signed by TIX Coordinator
Informal Resolution
May Not Require Engagement
Written Notice
Not SH by Employee on Student
See § 106.45(b)(5)
Live Hearing (Can be Virtual)
Separate Decision Maker
Preponderance or Clear and Convincing
Must Allow Cross-Examination by Advisor
All Questions on Cross Subject to Relevancy Determination
Cannot Consider Statements not Subject to Cross
Must Provide Advisor
Procedural Irregularity
New Evidence
Conflict of Interest
Key Provisions of Title IX Regulations May 19, 2020
286
COZEN O'CONNOR

# **Live Hearing Required**



- For postsecondary institutions, the recipient's grievance process **must provide for a live hearing**.

Title IX Regulations, May 19, 2020; § 106.45(b)(6)

287



DEFT RESP_001066

# Live Hearing Required



- [A] live hearing gives both parties the most meaningful, transparent opportunity to present their views of the case to the decision-maker, **reducing the likelihood of biased decisions, improving the accuracy of outcomes, and increasing party and public confidence in the fairness and reliability** of outcomes of Title IX adjudications.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30359 .

288



DEFT RESP_001067

# Option to Use Technology



- Live hearings pursuant to this paragraph may be conducted with all parties physically present in the same geographic location or, at the recipient's direction, any or all parties, witnesses and other participants may appear at the live hearing **virtually, with technology** enabling participants simultaneously to see and hear each other.

Title IX Regulations, May 19, 2020; § 106.45(b)(6)

289



DEFT RESP_001068

# Virtual Hearing Considerations



- At the request of either party, the recipient must provide for the live hearing to occur with the parties located in separate rooms with **technology** enabling the decision-maker(s) and parties to **simultaneously see and hear** the party or the witness answering questions.

Title IX Regulations, May 19, 2020; § 106.45(b)(6)

290



# Virtual Hearing Considerations



- The Department agrees with commenters who asserted that cross-examination provides opportunity for a decision-maker to assess credibility based on a number of factors, **including evaluation of body language and demeanor**, specific details, inherent plausibility, internal consistency, and corroborative evidence.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30321;

291



DEFT RESP_001070

# **Virtual Hearing Considerations**



- The final regulations grant recipients discretion to allow participants, including witnesses, to appear at a live hearing virtually; however, **technology must enable all participants to see and hear other participants**, so a telephonic appearance would not be sufficient to comply with §106.45(b)(6)(i).

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30348

292



DEFT RESP_001071

# Flexibility to Adopt Rules



- Recipients may adopt rules that govern the **conduct and decorum** of participants at live hearings so long as such rules comply with these final regulations and apply equally to both parties.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30315.

293



DEFT RESP_001072

# **Flexibility to Adopt Rules**



- Within these evidentiary parameters recipients retain the **flexibility to adopt rules** that govern how the recipient's investigator and **decision-maker** evaluate evidence and conduct the grievance process (so long as such rules apply equally to both parties).

Title IX Regulations May 19, 2020: Preamble at 30248

294



# Relevance Limitation on Flexibility



- **Relevance is the standard that these final regulations require**, and any evidentiary rules that a recipient chooses must respect this standard of relevance.

- For example, a recipient **may not adopt a rule excluding relevant evidence** because such relevant evidence may be **unduly prejudicial, concern prior bad acts, or constitute character evidence.**

Title IX Regulations May 19, 2020: Preamble at 30248

295



# Participation by Parties and Witnesses



- The Department understands commenters concerns that **respondents, complainants, and witnesses may be absent from a hearing**, or may refuse to submit to cross-examination, for a variety of reasons, including a respondent's self-incrimination concerns regarding a related criminal proceeding, a complainant's reluctance to be cross-examined, or a witness studying abroad, among many other reasons.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30346

296



DEFT RESP_001075

# Participation by Parties and Witnesses



- In response to commenters' concerns, the Department has revised the proposed regulations as follows:

  – (1) We have revised § 106.45(b)(6)(i) to state that where a decision-maker must not rely on an absent or non-cross examined party or witness's statements, the decision-maker **cannot draw any inferences about the determination regarding responsibility based on such absence or refusal** to be cross-examined;

  – (2) We have revised § 106.45(b)(6)(i) to grant a recipient discretion to hold the entire hearing **virtually using technology** that enables any or all participants to appear remotely;

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30346

297



DEFT RESP_001076

# Participation by Parties and Witnesses



– (3) § 106.71 **expressly prohibits retaliation** against any party, witness, or other person exercising rights under Title IX, including the right to participate or refuse to participate in a grievance process;

– (4) § 106.45(b)(3)(ii) grants a recipient **discretion to dismiss a formal complaint**, or allegations therein, where the complainant notifies the Title IX Coordinator in writing that the **complainant wishes to withdraw** the allegations, or **the respondent is no longer enrolled or employed** by the recipient, or **specific circumstances prevent the recipient from gathering evidence** sufficient to reach a determination.

• These changes address many of the concerns raised by commenters stemming from reasons why parties or witnesses may not wish to participate and the consequences of non-participation.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30346



298

DEFT RESP_001077

# Participation by the Complainant



- Where a grievance process is initiated because the Title IX Coordinator, and not the complainant, signed the formal complaint, the complainant who did not wish to initiate a grievance process **remains under no obligation to then participate in the grievance process,** and the Department does not believe that exclusion of the complainant's statements in such a scenario is unfair to the complainant, who did not wish to file a formal complaint in the first place yet remains eligible to receive supportive measures protecting the complainant's equal access to education.

Title IX Regulations, May 19, 2020; Preamble 85 F.R.30346

299



DEFT RESP_001078

# Transcript or Recording



- Recipients must create an **audio or audiovisual recording, or transcript**, of any live hearing and make it available to the parties for inspection and review.

Title IX Regulations, May 19, 2020; § 106.45(b)(6)

300



DEFT RESP_001079

# **Practical Considerations & Effective Practices**

- Impact of requirement that parties and/or witnesses participate in the hearing
  - Party vs. witness
  - Student vs. employee
- Decisions re: technology
- Recording versus transcription
- Procedures for non-postsecondary institutions

301



DEFT RESP_001080

# STANDARD OF EVIDENCE

302



DEFT RESP_001081



Key Provisions of Title IX Regulations May 19, 2020

303

# **Standard of Evidence**



- [T]he recipient must apply the same standard of evidence to student and employee matters, using either the clear and convincing standard or the preponderance of the evidence standard.

- The recipient must apply the same standard of evidence to all formal complaints of sexual harassment.

Title IX Regulations, May 19, 2020; § 106.45(b)(6)

304



DEFT RESP_001083

# **Standard of Evidence**



- For reasons described above, the Department has determined that the approach to the standard of evidence contained in § 106.45(b)(1)(vii) and § 106.45(b)(7)(i) of the final regulations represents the **most effective way of legally obligating recipients to select a standard of evidence** for use in resolving formal complaints of sexual harassment under Title IX to ensure a fair, reliable grievance process **without unnecessarily mandating that a recipient select one standard over the other**.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30388.

305



# **Standard of Evidence**



- In short, under the final regulations the **same standard of evidence will apply to all formal complaints of sexual harassment** under Title IX responded to by a particular recipient, **whether the respondent is a student or employee**.

Title IX Regulations, May 19, 2020; Preamble 85 F.R. 30388.

306



# **Standard of Evidence**



- Beyond a Reasonable Doubt

- Clear and Convincing Evidence

- Preponderance of the Evidence

- Some Evidence

307



DEFT RESP_001086

# **Clear and Convincing***

- The evidence is highly and substantially more likely to be true than untrue

- The fact finder must be convinced that the contention is highly probable

- Proof which requires more than a preponderance of the evidence but less than proof beyond a reasonable doubt

- Clear and convincing proof will be shown where the truth of the facts asserted is highly probable

- Quality of the evidence, not quantity

- NOT beyond a reasonable doubt

\* Based on common usage.                    308



DEFT RESP_001087

# **Preponderance of the Evidence\***

- More likely to be true than not
- More probable than not
- The greater weight of the evidence
- Tipping the scale ever so slightly
- 51 %
- Based on the more convincing evidence and it's probable truth or accuracy, not on the amount
- Quality of the evidence, not quantity
- NOT beyond a reasonable doubt

\* Based on common usage.

309



DEFT RESP_001088

# SANCTIONING



DEFT RESP_001089

# **Sanctioning**



- An equitable response for a respondent means a grievance process that complies with § 106.45 before the imposition of any disciplinary sanctions or other actions that are not supportive measures, as defined in § 106.30.

- The grievance process must describe the range of possible disciplinary sanctions and remedies.

Title IX Regulations May 19, 2020 § 106.44 (a); § 106.45(b)(1)(vii) 85 F.R. 30575, 30395

311

DEFT RESP_001090

# Discretion in Sanctioning



- The Department does not wish to dictate to recipients the sanctions that should be imposed when a respondent is found responsible for sexual harassment as each formal complaint of sexual harassment presents unique facts and circumstances.

- As previously stated, the Department believes that teachers and local school leaders with unique knowledge of the school climate and student body, are best positioned to make disciplinary decisions.

Title IX Regulations May 19, 2020; Preamble 85 F.R. 30377, 30394

312



DEFT RESP_001091

# **Educational Purpose**



- Because the final regulations do not require particular disciplinary sanctions, the final regulations do not preclude a recipient from imposing student discipline as part of an "educational purpose" that may differ from the purpose for which a recipient imposes employee discipline.

Title IX Regulations May 19, 2020; Preamble 85 F.R. 30377, 30394

313



# **Appeal of Sanction**



- The Department notes that under the final regulations, whether the parties can appeal based solely on the severity of sanctions is left to the recipient's discretion, though if the recipient allows appeals on that basis, both parties must have equal opportunity to appeal on that basis.

Title IX Regulations May 19, 2020; Preamble 85 F.R. 30397

314



DEFT RESP_001093

# EVALUATING CREDIBILITY



DEFT RESP_001094

# Evaluating Credibility



316

DEFT RESP_001095

# **Credibility Factors**

- Assessing credibility factors:
  - Demeanor
  - Interest
  - Detail
  - Corroboration
  - Common sense
- Testing inherent plausibility in light of the known information, relationships, and circumstances of the disclosure

317



DEFT RESP_001096

# **Demeanor**

- Demeanor may be informative, not determinative

- Assessing demeanor requires individual assessment as to how demeanor supports or detracts from overall reliability of information

- Fact-finders should not place undue reliance on demeanor as an indicator of candor or evasion.

- Demeanor is one factor to observe in the context of the totality of the information



318

DEFT RESP_001097

# **Demeanor**

- Complainant/respondent may be affected by emotional component of sexual assault allegations

- Range of behaviors and emotional reactions vary

- Elicit and consider information from witnesses as to demeanor after the reported incident, during the disclosure, and in response to the report

- Note changes in demeanor and explanations for significant changes

- Consider demeanor during proceedings



319

# **Interest**

- If Respondent and Complainant know each other:
  - Understand the context and history of any prior relationships
  - Understand significant events or markers in relationship
- Explore effects of incident:
  - Emotional: fear, intimidation, worry, anxiety
  - Actual: financial, time, participation in the process
- Is there any particular animus/motive/ill will for/or against any party or witness?



320

# **Interest**

- How will the party/witness be impacted by their participation in the process?
  - Was information provided "against" interests?

- How will the party/witness be impacted by any particular outcome?
  - Will information shared impact current or future relationships?

321



# **Detail**

- Explore all details of event – before, during, and after

- Surrounding details – seemingly insignificant facts that may have greater import

- Sensory details – using the five senses to describe the physical reality of the crime

- Behavioral changes and responses

- Emotional cues and indicators

- Listen for "ring of truth" language on the periphery

- Evaluate panoramic view of events from all parties/witnesses



322

DEFT RESP_001101

# **Corroboration**

- Freeze frame and explore critical junctures

- Cross-reference Complainant and Respondent accounts with all other evidence and witnesses' statements

- Look to attendant details and behavior pre- and post-incident by both parties

- Focus on resolution of conflicts through believable evidence and common sense

- Outline case by issue and cross reference with all available evidence including timelines



DEFT RESP_001102

# **Corroboration**

- Consider other attendant details such as:
  - Size, age, power, authority and/or social status differential for Complainant and Respondent
  - Location of incident
    - Isolation of Claimant
    - Potential witnesses or reasons for lack of witnesses
  - Any change in either party's demeanor, personality, or routine after the incident
    - E.g., roommate noticed that Complainant began wearing baggy clothes, stopped attending class regularly, ceased eating
    - E.g., friends noticed Respondent became withdrawn and went home every weekend

324



# Evaluating Changes in Account

- Explore all circumstances of each account
- Understand the who, what, and where of the interview
- Ask the "why" (without asking why); questions to explore:
  - State of mind
  - Life circumstances at the time
  - Perception of interviewer/process
  - Changes in interest or motivation
- Inquire directly about inconsistencies
- Attempt to reconcile where possible

325



# **Disclosure**

- A process where an individual reveals abuse or assault
- On-going, not a one time event
- Stages of Disclosure:
  - Denial
  - Tentative
  - Active
  - Recantation
  - Reaffirmation
- Triggers for Disclosure
  - Accidental – person's secret is found out
  - Purposeful – person makes decision to tell

326



# **Synthesis**

- Testing inherent plausibility of the conflicting accounts in light of the known information

- How does it all fit together?

- Does it make sense in the context of:
  - These individuals?
  - The setting?
  - The community?
  - The activity?
  - The relationships?

327



# Integrated Analysis

| | |
|---|---|
| **Dynamics of Sexual Assault** | Informed understanding of dynamics of sexual and gender-based harassment and interpersonal violence. |
| **Demeanor** | Did the witness speak in a convincing manner? Was he/she uncertain, confused, self-contradictory or evasive?<br><br>How did he/she look, act and speak while testifying / reporting? |
| **Interest / Motive / Bias** | Did the witness have any interest in the outcome of the case, bias, prejudice, or other motive that might affect his/her testimony? |
| **Detail** | Use direct quotes from testimony or statements.<br><br>How well could the witness remember and describe the things about which he/she testified?<br><br>Was the ability of the witness to see, hear, know, remember, or describe those things affected by youth or old age or by any physical, mental or intellectual deficiency? |
| **Corroboration** | How well did the testimony of the witness square with the other evidence in the case, including the testimony of other witnesses?<br><br>Was it contradicted or supported by the other testimony and evidence? |
| **Common Sense** | Does it all add up?  (Gut check)<br><br>Is there something missing? |



DEFT RESP_001107

# Questions to Consider: Credibility Generally

- As judges of the facts, you are sole judges of the credibility of the witnesses and their testimony

- This means you must judge the truthfulness and accuracy of each witness's testimony and decide whether to believe all, or part, or none of that testimony

- The following are some factors that you may and should consider when judging credibility and deciding whether to believe or not to believe testimony



DEFT RESP_001108

# Questions to Consider: Detail

- Was the witness able to see, hear, or know the things about which they testified?

- How well could the witness remember and describe the things about which they testified?

- Was the ability of the witness to see, hear, know, remember, or describe those things affected by youth or old age or by any physical, mental, or intellectual deficiency?

- Were there inconsistencies or discrepancies in the witness's testimony?



330

DEFT RESP_001109

# Questions to Consider: Interest

- Did the witness have any interest in the outcome of the case, bias, prejudice, or other motive that might affect their testimony?

- Did the witness stand to receive any benefit from a particular outcome?



DEFT RESP_001110

# Questions to Consider: Demeanor

- Did the witness testify in a convincing manner?

- How did the witness look, act, and speak while testifying?

- How did the witness's nonverbal communications (posture, gestures, facial expressions, eye contact) match their verbal communications (voice, expression)?

- Was the testimony uncertain, confused, self-contradictory, or evasive?



DEFT RESP_001111

# Questions to Consider: Corroboration

- How well did the testimony of the witness square with the other evidence in the case, including the testimony of other witnesses?

- Was it contradicted or supported by the other testimony and evidence?

333



DEFT RESP_001112

# Questions to Consider: Common Sense

- Does it make sense?



DEFT RESP_001113

# Credibility Considerations from OCR

## 1997 Sexual Harassment Guidance

If there is a dispute about whether harassment occurred or whether it was welcome -- in a case in which it is appropriate to consider whether the conduct could be welcome -- determinations should be made based on the **totality of the circumstances**. The following types of information may be helpful in resolving the dispute:

- **Statements by any witnesses** to the alleged incident.

...
(continued on next slide)

335



DEFT RESP_001114

# Credibility Considerations from OCR

## (1997 Sexual Harassment Guidance continued)

- **Evidence about the relative credibility** of the allegedly harassed student and the alleged harasser. For example, the level of **detail and consistency** of each person's account **should be compared** in an attempt to determine who is telling the truth. Another way to assess credibility is to see if **corroborative evidence is lacking where it should logically exist.** However, the absence of witnesses may indicate only the unwillingness of others to step forward, perhaps due to fear of the harasser or a desire not to get involved.

...

336



# Credibility Considerations from OCR

## (1997 Sexual Harassment Guidance continued)

- **Evidence that the alleged harasser has been found to have harassed others** may support the credibility of the student claiming the harassment; conversely, the student's claim will be weakened if he or she has been found to have made **false allegations against other individuals.**

...



337

# Credibility Considerations from OCR

### (1997 Sexual Harassment Guidance continued)

- Evidence of the allegedly harassed student's **reaction or behavior after the alleged harassment.**

  - For example, were there **witnesses who saw the student immediately after** the alleged incident who say that the student appeared to be upset?
  - However, it is important to note that **some students may respond to harassment in ways that do not manifest themselves right away,** but may surface several days or weeks after the harassment.
  - For example, **a student may initially show no signs** of having been harassed, but several weeks after the harassment, there may be significant changes in the student's behavior, including **difficulty concentrating on academic work, symptoms of depression, and a desire to avoid certain individuals and places at school.**



338

DEFT RESP_001117

# Credibility Considerations from OCR

## (1997 Sexual Harassment Guidance continued)

- Evidence about whether the student claiming harassment filed a complaint or **took other action to protest the conduct** soon after the alleged incident occurred. However, failure to immediately complain may merely reflect a fear of retaliation or a fear that the Claimant may not be believed rather than that the alleged harassment did not occur.

...



339

# Credibility Considerations from OCR

## (1997 Sexual Harassment Guidance continued)

- Other **contemporaneous** evidence. For example, did the student claiming harassment write about the conduct, and his or her reaction to it, soon after it occurred (e.g., in a diary or letter)? Did the student tell others (friends, parents) about the conduct (and his or her reaction to it) soon after it occurred?

See 1997 Sexual Harassment Guidance



340

# APPEALS



DEFT RESP_001120

# Appeals



- A recipient must offer both parties an appeal from a determination regarding responsibility, and from a recipient's dismissal of a formal complaint or any allegations therein, on the following bases:
  - Procedural irregularity that affected the outcome of the matter
  - New evidence that was not reasonably available at the time the determination regarding responsibility or dismissal was made, that could affect the outcome of the matter; and
  - The Title IX Coordinator, investigator(s), or decision-maker(s) had a conflict of interest or bias for or against complainants or respondents generally or the individuals complainant or respondent that affected the outcome of the matter.

- A recipient may offer an appeal equally to both parties on additional bases.

Title IX Regulations May 19, 2020 §106.45 (b)(8)

342



# Appeals



- As to all appeals, the recipient must:
  - Notify the other party in writing when an appeal is filed and implement appeal procedures equally for both parties;
  - Ensure that the decision-maker(s) for the appeal is not the same person as the decision-maker(s) that reached the determination regarding responsibility or dismissal, the investigator(s), or the Title IX Coordinator;
  - Ensure that the decision-maker(s) for the appeal complies with the standards set forth in paragraph (b)(1)(iii) of this section [regarding no conflict of interest or bias, and properly trained];
  - Give both parties a reasonable, equal opportunity to submit a written statement in support of, or challenging the outcome;
  - Issue a written decision describing the result of the appeal and the rationale for the result; and
  - Provide written decision simultaneously.

Title IX Regulations May 19, 2020 §106.45 (b)(8)



DEFT RESP_001122

# **Use of Slides**

- This PowerPoint presentation is not intended to be used as a stand-alone teaching tool.

- These materials are meant to provide a framework for informed discussion, not to provide legal advice regarding specific institutions or contexts.

- All rights are reserved to Cozen O'Connor.



DEFT RESP_001123