UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01828-SEB-MG |
| | ) | |
| BUTLER UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TO PROCEED UNDER A PSEUDONYM

Prior to ruling on the pending motion for summary judgment, we must take up and resolve Plaintiff's Motion to Continue to Proceed Under a Pseudonym. Dkt. 98.[1] In response to our Order to Show Cause regarding the issue of pseudonymity, dkt. 97, Plaintiff requests that we allow his case to continue under a pseudonym. Defendant Butler University objects to Plaintiff's continued anonymity. For the following reasons, Plaintiff's Motion to Continue Under Pseudonym is **DENIED**.

As more fully developed in our summary judgment ruling to follow, Plaintiff, a former undergraduate student, sued Butler University, averring breach of contract and unjust enrichment claims based on Butler's alleged shortcomings during its investigation into allegations of unwanted misbehavior by Plaintiff as reported by another student.

---

[1] Due to the interconnectedness between the instant motion and the pending summary judgment motion, we formally withdraw our prior referral of Plaintiff's Motion to Continue to Proceed Under a Pseudonym to the Magistrate Judge.

1

The Seventh Circuit has recently issued two Title IX opinions that govern this Court's analysis regarding the use of pseudonyms: *Doe v. Trustees of Indiana University*, 101 F.4th 485 (7th Cir. 2024) (hereinafter "*Indiana University*") and *Doe v. Loyola University Chicago*, 100 F.4th 910 (7th Cir. 2024) (hereinafter "*Loyola University*"). In both decisions, the Seventh Circuit explained that, "although anonymity may be common in Title IX suits, it must be justified in each case," as "Title IX does not create an easement across the norm of using litigants' names." *Loyola University*, 100 F.4th at 913 (citing *Indiana University*, 101 F.4th at 492) (cleaned up). "The norm in federal litigation is that all parties' names are public." *Indiana University*, 101 F.4th at 491; *Loyola University*, 100 F.4th at 913 (party identification "is an important dimension of publicness" because "people have a right to know who is using their courts").

Because "[t]he use of fictitious names is disfavored," federal judges "ha[ve] an independent duty to determine whether *exceptional circumstances* justify such departure from the normal method" of conducting proceedings fully within the public view. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (emphasis added); *see also E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019) ("Only 'exceptional circumstances' justify the use of a fictitious name for an adult party."). Such "exceptional circumstances" might include a party's youth, *see* Fed. R. Civ. P. 5.2(a)(3), or "[a] substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court." *Indiana University*, 101 F.4th at 491.

Plaintiff argues that the disclosure of his name would expose him to a substantial risk of physical harm and retaliation, particularly by his former friends who allegedly harbor hostility towards his sexual orientation; would cause harm to innocent non-parties, including his former friends; would reveal details of the utmost intimacy, including his sexual relations and dating history; and would not serve the public interest. Dkt. 98 at 5–8.

Butler disputes each of Plaintiff's assertions, arguing that none are relevant to or otherwise have any bearing on the merits of his breach of contract and unjust enrichment claims. Dkt. 99 at 5–8. Butler also cites the existing Protective Order that conceals and protects the names of non-parties. Therefore, Butler contends, Plaintiff has failed to demonstrate exceptional circumstances that outweigh the public interest in transparency and public access to litigation details and history in judicial proceedings.

The Seventh Circuit authorizes litigants' use of pseudonyms when they articulate a *substantial* risk of harm—either physical harm or retaliation by third parties. *Indiana University*, 101 F.4th at 491. When considering whether a substantial risk of retaliatory harm exists, courts have considered (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fear; and (3) the anonymous party's vulnerability to such retaliation. *Doe v. Cook Cnty., Ill.*, 542 F.Supp.3d 779, 785 (N.D. Ill. 2021) (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)).

Here, we find no such substantial risk of harm from a disclosure of Plaintiff's identity. The purported risk of harm from the friend group—i.e., the same friend group that expelled Plaintiff from its ranks and allegedly concocted the false stalking accusation after he came out as gay—cannot be a real and substantial risk, given that those individuals are

3

(admittedly) already aware of Plaintiff's sexual orientation and have not subjected him to threats of harm on that basis. Plaintiff's identification in this lawsuit against Butler will not likely reveal to Plaintiff's former friends any new information about his sexual orientation. In any event, how and why these former friends would be motivated to inflict harm on him for that reason or for having filed a lawsuit against Butler is not explained by Plaintiff, only asserted.

Furthermore, the underlying University-based investigation of the stalking allegation resulted in a favorable outcome for Plaintiff: he was ruled not responsible. We therefore fail to see how disclosing facts related to Butler's investigation of a formal stalking complaint—which was ultimately found to be unsubstantiated—exposes Plaintiff to any risk of harm, never mind a substantial or serious risk of harm.

Plaintiff's request for anonymity based on his view that this case "pertains to [his] sexual relations," dkt. 98 at 7, is also unavailing. Indeed, the Seventh Circuit rejected a similar argument in *Indiana University*, when it overruled the district court's conclusion that the revelation of "information of the utmost intimacy" justified the plaintiff's proceeding under a pseudonym in his sex discrimination lawsuit. 101 F.4th at 492. We repeat for emphasis: The instant matter is a breach of contract case relating to an investigation and adjudication of a stalking complaint—not to claims relating to Plaintiff's sexual relations and/or preferences. Thus, any subsequent disclosures about his sexual relations and dating history would likely be excluded as irrelevant. Otherwise, in the words of our appellate court, Plaintiff's "desire to keep embarrassing information secret does not justify anonymity." *Loyola University*, 100 F.4th 913; *e.g.*, *Indiana University*, 101 F.4th at 492.

The Seventh Circuit directs that any asserted risk of harm cited as justification for a plaintiff's anonymity must be balanced against the strong public interest in open judicial proceedings. *Indiana University*, 101 F.4th at 491–92. "Judicial proceedings are open to the public, which has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system." *Id.* at 491. In balancing the factors presented here, we hold that any risk of harm to Plaintiff from the disclosure of his name as the party pursuing these claims against Butler is fully outweighed by the public interest in open judicial proceedings.

For the foregoing reasons, the Court finds that Plaintiff has failed to demonstrate "exceptional circumstances" that would justify his use of a pseudonym or otherwise proceeding anonymously in litigating his claims. His Motion to Continue to Proceed Under a Pseudonym, dkt. 98, is therefore **DENIED**.

Accordingly:

(1) Plaintiff John Doe shall file a notice with the Court no later than August 1, 2024, identifying his legal name and his stated intent to continue to proceed with this case in his legal name, whereupon the Court will update the caption in the matter accordingly as well as all court docket references; or

(2) No later than August 1, 2024, Plaintiff John Doe shall move to dismiss his case under Fed. R. Civ. P. 41(a)(2).

**IT IS SO ORDERED.**

Date: 07/23/2024

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

Stuart Bernstein
NESENOFF & MILTENBERG, LLP
sbernstein@nmllplaw.com

Regina M. Federico
NESENOFF & MILTENBERG, LLP
rfederico@nmllplaw.com

Cassie Nichole Heeke
Church, Church, Hittle and Antrim
cheeke@cchalaw.com

Jonathan Charles Little
SAEED & LITTLE LLP
jon@sllawfirm.com

Andrew T. Miltenberg
NESENOFF & MILTENBERG, LLP
amiltenberg@nmllplaw.com

Kristen Mohr
Nesenoff & Miltenberg LLP
kmohr@nmllplaw.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com